## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER, Individually;

     Plaintiffs,

v.                                                                    No. 1:22-cv-599

                                         Removed from the District Court of
                                         Santa Fe County, State of New
                                         Mexico, D-101-CV-2022-01147

AM TRANSPORT SERVICES, INC., LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.,
LISA VEGA; and JAN NICLAS,

     Defendants.

## JOINT NOTICE OF REMOVAL

Defendants Lange Logistics, Inc., Tom Lange Company, Inc., and Tom Lange Company

International, Inc., d/b/a Seven Seas (collectively the "Lange Defendants"), by and through their

attorneys, ATKINSON, BAKER & RODRIGUEZ, P.C., hereby file their Joint Notice of Removal

of the case *Lillian Hurtado, et al. v. AM Transport Services, Inc., et al.*, First Judicial District

Court, State of New Mexico, D-101-CV-2022-01147, pursuant to 28 U.S.C. §§ 1332, 1441, and

1446. By removing this case, the Lange Defendants do not waive, and expressly reserve, any and

all defenses available to them. The grounds for removal are further stated as follows.

I.    **THE LANGE DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

A.   **Removal of the Case**

1.    On June 29, 2022, Plaintiffs Lillian Hurtado, et al., commenced this personal injury and wrongful death action against Am Transport Services, Inc., Larie Aparicio, AMT Leasing, Inc., Mauricio Marquez, Lange Logistics, Inc., Tom Lange Company International, Inc. d/b/a Seven Seas, Tom Lange Company, Inc., FNF Construction Inc., Lisa Vega, and Jan Niclas, in the First Judicial District Court of Santa Fe County, New Mexico, Cause No. D-101-CV-2022-01147. Plaintiffs claim compensatory and punitive damages.

2.    All defendants have been served according to the returns of service.

3.    All defendants have consented to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A), and have indicated their consent, through their counsel, in Notices of Consent contained herein.

4.    The United States District Court for the District of New Mexico embraces the county and court in which the state court action is now pending. 28 U.S.C. § 111. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

5.    By removing this action to federal court, the Lange Defendants do not waive any defense that is otherwise available to them.

6.    The Lange Defendants reserve all rights to answer or present other defenses or objections pursuant to Fed.R.Civ.P. 12 or other provisions of law.

7.    In consideration of the requirement of 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the Lange Defendants are attached as **Exhibit 1** to this Notice of Removal.

B.  **The Notice of Removal Has Been Timely Filed**

8.      On or about July 13, 2022, less than thirty days before filing of this Notice of Removal, the Plaintiffs served each of the Lange Defendants with a Summons and Complaint that had been filed in *Hurtado, et al., vs. AM Transport Services, Inc., et al.,* which is filed as Case No. D-101-CV-2022-01147 on the docket of the State of New Mexico, County of Santa Fe, First Judicial District Court.

9.      No other process, pleadings, or orders concerning this action were received by any of the Lange Defendants before that time.

10.     Because service of process on each of the Lange Defendants was less than thirty days before the filing of this Notice, removal is timely pursuant to 28 U.S.C. § 1446(b).

C.  **Proper Notice to State Court**

11.     In accordance with 28 U.S.C. § 1446(d), the Lange Defendants will promptly file a copy of this Notice with the Clerk of the First Judicial District Court in Santa Fe County, New Mexico, and will give notice thereof to the Plaintiffs.

II.     **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action, there is complete diversity of citizenship between all Plaintiffs and all Defendants to this action, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.  The Complaint is therefore properly removable under 28 U.S.C. § 1441.

A.  **Complete Diversity of Citizenship Exists Amongst the Parties to this Action**

13.     There is complete diversity of citizenship between all Plaintiffs and all Defendants to this action.

14.     The citizenship of an individual is based on the individual's domicile.  *See Coury*

*v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).   The citizenship of a corporation is its state of incorporation and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

### i.    *Citizenship of each of the defendants*

15.    At the time this action was commenced, Defendant Lange Logistics, Inc., was a corporation organized under the laws of the State of Missouri; its principal place of business is also Missouri.  (*See* Compl. ¶ 20[1].)

16.    Defendant Tom Lange Company International, Inc., d/b/a Seven Seas, is a corporation organized under the laws of the State of Illinois; its principal place of business is in Missouri.  (*See* Compl. ¶ 21.)

17.    Defendant Tom Lange Company, Inc. is a corporation organized under the laws of the State of Missouri; its principal place of business is also in Missouri.  (*See* Compl. ¶ 22.)

18.     AM Transport Services, Inc., is a corporation organized under the laws of the State of Arizona; its principal place of business is also located in Arizona.  (*See* Compl. ¶ 17.)

19.    Defendant Larie Aparicio is a citizen of the State of Arizona.  (*See* Compl. ¶ 16.)

20.    AMT Leasing, Inc. is a corporation organized under the laws of the State of Arizona; its principal place of business is also located in Arizona.  (*See* Compl. ¶ 18.)

21.    Defendant Mauricio Marquez is a citizen of the State of Arizona.  (*See* Compl. ¶ 19.)

22.    Defendant FNF Construction, Inc. is a "foreign" corporation organized under the laws of the State of Arizona; its principal place of business is also located in Arizona.  (*See* Compl. ¶ 23 and **Exhibit 3**.)

---

[1] Although the Complaint alleges Lange Logistics, Inc. is incorporated in the State of Missouri, it is actually incorporated in the State of Illinois.  *See* **Exhibit 2**, McKey affidavit.

23.     Defendant Lisa Vega is a citizen of New Mexico.  (*See* Compl. ¶ 24.)

24.     Defendant Jan Niclas is a citizen of New Mexico.  (*See* Compl. ¶ 25.)

25.     Thus, the citizenship of the Defendants are the States of Arizona, Illinois, Missouri and New Mexico.

### ii.     Citizenship of each of the plaintiffs is Arkansas

26.     Upon information and belief, at the time the action was commenced, and at all times subsequent, Plaintiff Lillian Hurtado was a citizen of the State of Arkansas.  (*See* Compl. ¶ 3).

27.     Pursuant to 28 U.S.C. § 1332(c)(2), Plaintiff Helen Laura Lopez, as Personal Representative of the Wrongful Death Estate of Victoria Vaught, Deceased,  "shall be deemed" to be a citizen of Arkansas, because Victoria Vaught was, upon information and belief, a citizen of Arkansas at the time of her death.  (*See* **Exhibit 4**, Arkansas Democrat Gazette article.)

28.     Plaintiff Daniel Vaught is, upon information and belief, a citizen of Arkansas.  (*See* **Exhibit 5**, White Pages information.)

29.     Pursuant to 28 U.S.C. § 1332(c)(2), Plaintiff Todd Lopez, as Personal Representative of the Wrongful Death Estate of Mariah Hurtado, Deceased, "shall be deemed" to be a citizen of Arkansas because Mariah Hurtado, Deceased, was a citizen of Arkansas at the time of her death.  (*See* **Exhibit 6**, Obituary for Mariah Azul Hurtado.)[2]

30.     Pursuant to 28 U.S.C. § 1332(c)(2), Plaintiff Kristina Martinez, as Personal Representative of the Wrongful Death Estate of Tina Hurtado, Deceased, "shall be deemed" to be a citizen of Arkansas because Tina Hurtado was a citizen of Arkansas at the time of her death. (*See* **Exhibit 7**, Obituary for Tina Mills Hurtado.)

---

[2] Although, Complaint paragraph 7 says Todd Lopez is the Personal Representative of the Estate of Tina Hurtado, the Order of Appointment indicates he is the Personal Representative of the Estate of Mariah Hurtado.  (*See* Order of Appointment.)

31.     Plaintiff Jason Hurtado, Individually and as Next Friend of E.H. and K.L., minors, is, upon information and belief, a citizen of the State of Arkansas.  (*See* **Exhibit 8**, Facebook Profile and White Pages information.)

32.     Plaintiff Shivaun Carter is, upon information and belief, a citizen of the state of Arkansas.  (*See* **Exhibit 9**, Facebook profile.)

33.     E.H. and K.L., as minors, are, upon information and belief, citizens of that State of Arkansas as their Mother and Father (Shivaun Carter and Jason Hurtado) are, upon information and belief, citizens of Arkansas.  (*See* Compl. ¶¶ 11-12.)

34.     Thus, the citizenship of all Plaintiffs is Arkansas.

### iii.     Complete diversity of citizenship exists

35.     Pursuant to 28 U.S.C. §§ 1332 and 1441, there is complete diversity of citizenship between all Plaintiffs (all Arkansas citizens) and all Defendants (citizens of Arizona, Illinois, Missouri and New Mexico).

## B.  Lisa Vega and Jan Niclas Have Been Fraudulently Joined as Forum Defendants

36.     A defendant may remove a case to federal court based upon diversity jurisdiction, even if a forum defendant is sued, if the plaintiff joins the forum defendant fraudulently to defeat federal jurisdiction.  *Bank of Am., N.A. v. Lebreton*, No. CIV 14-0319 JB/KBM, 2015 WL 2226266, at *24 (D.N.M. Apr. 20, 2015) ("The Court, therefore, construes fraudulent joinder doctrine as permitting removal whenever a plaintiff fraudulently joins a party that defeats removal jurisdiction, whether the defeat comes by way of complete diversity or the forum defendant rule.")

37.     The forum defendant rule is procedural and not jurisdictional.  *Id*. at *25.

38.     In this case, there is no basis in fact or law for Plaintiffs to assert the putative claim against individuals Lisa Vega and Jan Niclas.  The New Mexico Department of Transportation

(NMDOT) is not joined or sued.  Instead, Plaintiffs attempt to sue two high-level professional engineers who, at the time of the accident, were NMDOT employees.  They are sued in their supervisory roles only and there is no allegation in the Complaint that either engaged in any specific act or omission that in any way caused or contributed to the accident in question.  (Compl. ¶¶ 95-102.)  As such, it appears these two supervisory employees were sued solely to circumvent the tort claims notice requirement, which is a prerequisite of bringing claims against the NMDOT.  There is no allegation that either Vega or Niclas had any direct or day to day maintenance responsibilities nor is there any allegation that either had any responsibility for road construction activities by outside contractors.

39.     The Complaint also alleges that the crash took place in a construction zone operated by FNF Construction. (Compl. ¶ 36.)  It is also alleged that FNF Construction negligently maintained and created the construction zone, including traffic and control measures.  (Compl. ¶ 37.)  Finally, the Complaint provides an example of alleged improper signage placed near the accident by FNF Construction.  (Compl. ¶ 38.)

40.     The NMDOT Standard Specifications for Highway and Bridge Construction provides that it is the contractor's responsibility to furnish control devices and/or take protective and safety measures.  (*See* **Exhibit 10**, § 104.5.)  The work the contractor agrees to perform includes "providing and installing traffic signs and sign structures."  (*See* **Exhibit 10**, § 701.1.) The contractor is responsible for all third-party claims and to defend the NMDOT.  (*See* **Exhibit 10**, § 107.19.)  The State identifies a Project Manager to oversee the contractors, such as FNF.  *Id*.

41.     The FNF Construction project at issue was NMDOT control 6100950.

42.     Neither Defendants Lisa Vega nor Jan Niclas were the Project Manager for the FNF Project and had no responsibility for this construction project.  Neither had any responsibilities for

road construction activities by outside contractors.   Neither had day-to-day inspection or maintenance activities in general.   Neither had responsibilities of inspecting or maintaining the signage or traffic control measures in construction zones, and specifically had no responsibility to inspect or maintain the signage or traffic control measures or for the identification and remediation of roadway hazards in the subject construction zone during the period surrounding and including the date of the accident as alleged in the Complaint.  (*See* **Exhibit 11**, Vega affidavit; **Exhibit 12**, Niclas affidavit.)

43.     The exclusive remedy against public employees in matters in which sovereign immunity has been waived is the New Mexico Tort Claims Act: "The Tort Claims Act shall be the exclusive remedy against a ... public employee for any tort for which immunity has been waived under the Tort Claims Act and no other claim, civil action or proceeding for damages, by reason of the same occurrence, may be brought against ...the public employee ... whose act or omission gave rise to the suit or claim."  NMSA 1978, § 41-4-17(A).  There is no tort alleged or that could have been alleged against Lisa Vega or Jan Niclas that could fall into this requirement based on the accident occurring in a construction site operated and controlled by FNF Construction.

44.     Factually, Plaintiffs cannot possibly recover against Vega and Niclas.

45.     Based upon the foregoing, the Plaintiffs cannot establish a cause of action against Lisa Vega and Jan Niclas, and the Lange Defendants have met the elements for fraudulent joinder.

46.     Because Lisa Vega and Jan Niclas have been fraudulently joined, this Court should disregard them as parties for the purposes of the forum defendant rule.

## C.  The Amount In Controversy Exceeds $75,000

47.     To confer subject matter jurisdiction on this Court based on diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C.

§ 1332(a).

48.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (citing 28 U.S.C. § 1446(a)).   Moreover, to establish a jurisdictional amount in connection with removing an action to federal court, a defendant is not required to concede liability for the amount of the plaintiff's claim. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012).   The movant's burden, should the moving party's assertion of the amount in controversy be contested, is "to merely show by a preponderance of the evidence that 'a fact finder *might* legally conclude that' the damages *are* greater than the requisite amount."   *Id*. (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009)).   "This standard applies regardless of whether the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum."   *Bell*, 557 F.3d at 956.

49.     Once the proponent of federal jurisdiction plausibly explains how the plaintiff's potentially recoverable damages might exceed $75,000, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013)).   Even if it is highly improbable that the plaintiff will recover $75,000 or less, this does not meet the legally impossible standard.   *Id*.   A plaintiff's allegations of serious and disabling injuries supports a finding that a jury might award more than $75,000.00. *See Kirkwood v. Tire Centers, LLC*, No. 06-0022-CV-W-DW, 2006 WL 8438280, at *1 (W.D. Mo. Feb. 28, 2006) (noting that "an extensive list of serious and disabling injuries suffered by the plaintiff" is evidence that the amount in controversy exceeds $75,000.00); *see also Brown v. Guscott*, No. CV 02-0858 JP/ WWD, 2002 WL 35649673, at **1,3 (D.N.M. Sept. 30, 2002)

(finding where the plaintiff alleged the decedent "suffered severe multiple injuries which resulted in great physical and mental pain, shock, and agony, which injuries resulted in Decedent's death, all to his damage in an amount to be established at trial" and that the "surviving daughter has been deprived of Decedent's support, comfort, protection and society, parental care, advice, care, counsel and services, all to her damage and pecuniary loss," that the defendant had shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 based on "[c]onsidering the severity of [the decedent's] injuries as described in the Complaint, the age of [the decedent's] minor child, the kind of damages the minor daughter seeks in the Complaint, and the good faith estimation by [the defendant] in the Notice of Removal that the amount in controversy exceeds $75,000" (citing *Hanna v. Miller*, 163 F.Supp.2d 1302, 1306-07 (D.N.M. 2001).

50.     This case meets the amount in controversy requirement of 28 U.S.C. § 1441(a) in that the alleged damages exceed $75,000.

51.     Specifically, the Lange Defendants have "a good faith belief that the amount in controversy exceeds $75,000." *See Brown*, 2002 WL 35649673, at *3 ("The Court may also consider if the notice of removal states a good faith belief that the amount in controversy exceeds $75,000." (citing *Hanna*, 163 F.Supp.2d at 1306)).

52.     Further, the Complaint alleges that three deaths occurred, including two minor children, and that six other individuals suffered damages, including minor children. (Compl., Count VIII, ¶¶ 103-121).  The damages alleged include pain and suffering of the three decedents prior to their deaths, loss of life, loss of enjoyment of life, past and future pain and suffering, past and future medical expenses, past and future physical and emotional pain and suffering, loss of consortium, loss of earnings, loss of earning capacity, loss of household services, past and future

physical impairment, past and future physical disfigurement, and punitive damages, for which there is no cap in New Mexico.  (*See* Compl. ¶¶ 118(A-J), 119(A-E), 124.)

53.     The Lange Defendants do not concede that Plaintiffs will recover more than $75,000 in this action. Indeed, they expressly deny that they are liable for any damages of any kind or nature claimed by the Plaintiffs. Although the Lange Defendants deny that they are liable to Plaintiffs, the Lange Defendants concede that the alleged damages, without regard to liability, equal or exceed the jurisdictional minimum of this Court.

### III.     OTHER PROCEDURAL MATTERS.

Pursuant to Fed.R.Civ.P. 81(c)(2)(C), the Lange Defendants, who did not answer before removal, will timely answer or present other defenses or objections under the Federal rules within 7 days after this notice of removal if filed.  However, Defendant FNF Construction filed an answer in State Court, prior to removal, and therefore, this removed Federal Court action cannot be voluntarily dismissed by Plaintiff upon notice of dismissal under Fed.R.Civ.P. 41(a)(1)(A)(i).  (*See* **Exhibit 13**, FNF Construction Answer filed in State Court.)

WHEREFORE, for the foregoing reasons, pursuant to and in conformity with the requirements set forth in § 1446, and with the written consent of all Defendants, the Lange Defendants hereby jointly remove this case from the First Judicial District Court, Santa Fe County, New Mexico, to the United States District Court for the District of New Mexico.

Respectfully submitted,

ATKINSON, BAKER & RODRIGUEZ, P.C.

*/s/ Douglas A. Baker*
Douglas A. Baker
Justin D. Rodriguez
Julia E. McFall
201 Third Street NW, Suite 1850
Albuquerque, NM 87102
(505) 764-8111
dbaker@abrfirm.com
jrodriguez@abrfirm.com
jmcfall@abrfirm.com

*Attorneys for Lange Defendants*

## <u>DEFENDANT FNF CONSTRUCTION, INC.'S CONSENT TO REMOVAL</u>

Defendant FNF Construction, Inc., by and through the undersigned counsel, hereby consents to Removal of the action entitled *Lillian Hurtado, et al. v. AM Transport Services, Inc., et al.*, D-101-CV-2022-01147, filed on June 29, 2022, in the First Judicial District Court in the State of New Mexico to the United States District Court, District of New Mexico on the basis of 28 U.S.C. § 1441, Subsection (a) (diversity jurisdiction).

FNF Construction, Inc.

By: *Gregory D. Steinman*
(*approved addition of electronic signature via email on 8-11-2022 at 8:44 a.m.*)
Gregory D. Steinman
Paul M. Cash
P.O. Box 25467
Albuquerque, NM 87125-5467
(505) 242-2177
gds@madisonlaw.com
pmc@madisonlaw.com

*Attorneys for Defendant FNF Construction, Inc.*

## **DEFENDANTS LISA VEGA'S AND JAN NICLAS' CONSENT TO REMOVAL**

Defendants Lisa Vega and Jan Niclas, by and through their undersigned counsel, hereby consent to Removal of the action entitled *Lillian Hurtado, et al. v. AM Transport Services, Inc., et al.*, D-101-CV-2022-01147, filed on June 29, 2022, in the First Judicial District Court in the State of New Mexico to the United States District Court, District of New Mexico on the basis of 28 U.S.C. § 1441, Subsection (a) (diversity jurisdiction).

By: *Patricia G. Williams*
*(approved addition of electronic signature via email on 8-10-2022 at 4:34 p.m.)*
Patricia G. Williams
Wiggins, Williams & Wiggins
1803 Rio Grande NW (87104)
P.O. Box 1308
Albuquerque, NM 87103-1308
(505) 764-8400
pwilliams@wwwlaw.us

*Attorneys for Defendants Jan Niclas and Lisa Vega*

## DEFENDANTS AM TRANSPORT SERVICES, INC.'S, LARIE APARICIO'S, AMT LEASING, INC.'S AND MAURICIO MARQUEZ'S CONSENT TO REMOVAL

Defendants AM Transport Services, Inc., Larie Aparicio, AMT Leasing, Inc., and Mauricio Marquez, by and through their undersigned counsel, hereby consent to Removal of the action entitled *Lillian Hurtado, et al. v. AM Transport Services, Inc., et al.*, D-101-CV-2022-01147, filed on June 29, 2022, in the First Judicial District Court in the State of New Mexico to the United States District Court, District of New Mexico on the basis of 28 U.S.C. § 1441, Subsection (a) (diversity jurisdiction).

By: *Daniel O'Brien, Esq.*
*(approved addition of electronic signature via email on 8-11-2022 at 11:19 a.m.)*
Daniel O'Brien, Esq.
O'Brien & Padilla, P.C.
6000 Indian School Road NE, Suite 200
Albuquerque, NM 87110
(505) 883-8181
dobrien@obrienlawoffice.com

*Attorneys for Defendants AM Transport Services, Inc., AMT Leasing, Inc., Larie Aparicio, and Mauricio Marquez*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of August, 2022, I filed the foregoing *Joint Notice of Removal* electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

ATKINSON, BAKER & RODRIGUEZ, P.C.

*/s/ Douglas A. Baker*
Douglas A. Baker