

**CT Corporation**
**Service of Process Notification**
07/13/2022
CT Log Number 541907140

## Service of Process Transmittal Summary

**TO:**  Heather Siddle, General Counsel/Director of HR
Tom Lange Company, Inc.
500 N BROADWAY STE 1360
SAINT LOUIS, MO 63102-2110

**RE:**  **Process Served in Missouri**

**FOR:**  Lange Logistics, Inc.  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LILLIAN HURTADO, Individually, HELEN LAURA LOPEZ, as Personal Representative of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased; DANIEL VAUGHT, Individually; TODD LOPEZ, as Personal Representative of the Wrongful Death Estate of MARIAH HURTADO, KRISTINA MARTINEZ as Personal Representative of the Wrongful Death Estate of TINA HURTADO; JASON HURTADO, Individually and as Next Friend of E.H. and K.L., minors; and SHIVAUN CARTER, Individually vs. AM TRANSPORT SERVICES, INC., |
| **CASE #:** | D101CV202201147 |
| **PROCESS SERVED ON:** | C T Corporation System, Clayton, MO |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 07/13/2022 |
| **JURISDICTION SERVED:** | Missouri |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Heather Siddle  HSiddle@tomlange.com |
| | Email Notification,  Legal Department  corplegal@tomlange.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
120 South Central Avenue
Clayton, MO 63105
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT**
**1**



ORIGIN ID:ONMA     (505) 200-9454
MARK POINDEXTER
JARAMILLO LAW FIRM PC
505 ROMA AVENUE NW

ALBUQUERQUE NM 87102
UNITED STATES US

TO LANGE LOGISTICS, INC.
C/O C T CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE

CLAYTON MO 63105
(314) 863-5545

REF: HJRT/A00

DEPT:

SHIP DATE: 11JUL22
ACTWGT: 0.50 LB
CAD: 2510197360/NET4490

BILL SENDER

TRK#  7773 5715 6920
0201

ST SUSA

THU - 14 JUL 4:30P
EXPRESS SAVER

MO-US    63105
DSR      STL

581 20A92/FE4A

J222022041201uu

**FedEx** Express

## After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# JARAMILLO LAW FIRM PC

## DAVID J. JARAMILLO
### Lawyer

505 ROMA AVENUE NW  |  ALBUQUERQUE, NM 87102
PHONE (505) 200-9454  |  FAX (505) 717-1502
WWW.DJNMLAW.COM

July 11, 2022

**<u>Via FedEx</u>**
LANGE LOGISTICS, INC.
c/o C T Corporation System I
120 South Central Avenue
Clayton, MO 63105

   Re: D-101-CV-2022-01147; Hurtado/Vaught v AM Transport, et al.

To whom it may concern:

Enclosed are the following:

- Summons;
- Plaintiffs' Original Complaint for Personal Injury and Wrongful Death;
- 12-Person Jury Demand;
- Unopposed Motion to Appoint Personal Representative to Pursue Wrongful Death Claim in Accordance with NMSA 1978 §41-2-1 et seq. (for Tina Hurtado);
- Order Appointing Personal Representative for Tina Hurtado, Deceased, in Accordance with NMSA 1978 §41-2-1 et seq.;
- Unopposed Motion to Appoint Personal Representative to Pursue Wrongful Death Claim in Accordance with NMSA 1978 §41-2-1 et seq. (for Mariah Hurtado);
- Order Appointing Personal Representative for Mariah Hurtado, Deceased, in Accordance with NMSA 1978 §41-2-1 et seq.;

Thank you

Mark Poindexter, Paralegal
mark@djnmlaw.com

/encls.

Copy to:  SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
     ODOM LAW FIRM, P.A.
     LILES WHITE PLLC

## SUMMONS

| | |
|---|---|
| First Judicial District Court<br>Santa Fe County, New Mexico<br>225 Montezuma Ave.<br>Santa Fe, NM 87501<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2022-01147<br><br>Judge: Francis J. Mathew |
| LILLIAN HURTADO, Individually, HELEN LAURA LOPEZ, as Personal Representative of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased; DANIEL VAUGHT, Individually; TODD LOPEZ, as Personal Representative of the Wrongful Death Estate of MARIAH HURTADO, KRISTINA MARTINEZ as Personal Representative of the Wrongful Death Estate of TINA HURTADO; JASON HURTADO, Individually and as Next Friend of E.H. and K.L., minors; and SHIVAUN CARTER, Individually; Plaintiffs,<br>v.<br>AM TRANSPORT SERVICES, INC., LARIE APARICIO, AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, INC., TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS, TOM LANGE COMPANY, INC., FNF CONSTRUCTION INC. LISA VEGA; and JAN NICLAS, Defendants. | Defendant Name:<br><br>LANGE LOGISTICS, INC. |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Page 1 of 5

Dated at Santa Fe, New Mexico, __30TH DAY OF JUNE__ 2022

KATHLEEN VIGIL

CLERK OF THE COURT

By: _____

 Deputy

Respectfully Submitted:

*/s/ John D. Sloan, Jr.*

JOHN D. SLOAN, JR.

SLOAN, HATCHER, PERRY, RUNGE,

ROBERTSON & SMITH

JSLOAN@SLOANFIRM.COM

509 ROMA AVE NW

ALBUQUERQUE, NEW MEXICO 87102

T: (903) 757-7000

F: (903) 757-7574

And

MATTHEW L. LINDSAY

ABA #04028

ODOM LAW FIRM, P.A.

161 W Van Asche Loop, Suite 1

Fayetteville, AR 72703

(479) 442-7575

(479) 442-9008 fax

mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY;

And

*/s/ Stuart R. White*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

And

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LÓPEZ, AS PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE OF
MARIAH HURTADO, AND KRISTINA MARTINEZ
AS PERSONAL   REPRESENTATIVE OF THE
WRONGFUL   DEATH   ESTATE   OF   TINA
HURTADO; JASON HURTADO, INDIVIDUALLY
AND AS NEXT FRIEND OF E.H. AND K.L.,
MINORS; SHIVAUN CARTER, INDIVIDUALLY

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF
CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO            )
                               )ss
COUNTY OF BERNALILLO           )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in ___St. Louis___ County on the ___11th___ day of ___July___, ___2022___, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box fill in appropriate blanks)**

[ ]  to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[X]  to the defendant by [mail] (courier service) as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]  to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ (*used when the defendant is not presently at place of abode* ) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of this summons and complaint.

[ ]  to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[X]  to ___CT Corporation System___, an agent authorized to receive service of process for defendant ___Long Logistics, Inc.___.

[ ]  to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____ (*used when defendant is a minor or an incompetent person*).

[ ]  to _____, (name of person), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of Person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _11th_ day of _July_ _2022_.[2]

_____
Judge, notary or other officer
Authorized to administer oaths

_____
Official title

**STATE OF NEW MEXICO**
**NOTARY PUBLIC**
**Kaedi Sanchez**
**Commission No. 1115128**
**May 27, 2024**

## USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

Case assigned to Mathew, Francis J.

D-101-CV-2022-01147

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER, Individually;

*Plaintiffs,*

v.                                        NO.

AM TRANSPORT SERVICES, INC., LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.,
LISA VEGA; and JAN NICLAS,

*Defendants.*

---

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR PERSONAL INJURY AND WRONGFUL DEATH

Plaintiffs, LILLIAN HURTADO, Individually, HELEN LAURA LOPEZ, as Personal

Representative of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased, by and

through the undersigned attorneys; and TODD LOPEZ, as Personal Representative of the

Estate of MARIAH HURTADO, and KRISTINA MARTINEZ, as Personal Representative of the Estates of TINA HURTADO; and JASON HURTADO, Individually, and as Next Friend of Minor Children, E. H. and K. L., and SHIVAUN CARTER, individually, and for their Complaint against the Defendants, LARIE APARICIO, AM TRANSPORT SERVICES, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, INC., TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS, and TOM LANGE COMPANY, INC., FNF CONSTRUCTION INC., LISA VEGA and JAN NICLAS states and alleges as follows:

## INTRODUCTION

1.     This action arises from a fatal motor vehicle collision between Plaintiffs and Defendants that occurred on Interstate 40 in Prewitt, McKinley County, New Mexico, on June 25, 2021.

## PARTIES

2.     This action arises from a fatal motor vehicle collision between Plaintiffs and Defendants that occurred on Interstate 40 in Prewitt, McKinley County, New Mexico, on June 25, 2021.

3.     Plaintiff, LILLIAN HURTADO, is an individual and was a resident and citizen of Fayetteville, Washington County, Arkansas, at all times relevant to this Complaint.

2

4.     This Court has appointed or upon motion will appoint HELEN LAURA LOPEZ, as

       Personal Representative of the Wrongful Death Estate of VICTORIA VAUGHT,

       Deceased, pursuant to NMSA (1978) Section 41-2-3.

5.     HELEN LAURA LOPEZ is a resident of Santa Fe, New Mexico.

6.     LILLIAN HURTADO and DANIEL VAUGHT are the parents of VICTORIA

       VAUGHT, who was a minor child at the time of her death, and have standing for

       loss of consortium claims.

7.     This Court has appointed or upon motion will appoint TODD LOPEZ as Personal

       Representatives of the Wrongful Death Estate of TINA HURTADO, deceased,

       pursuant to NMSA (1978) Section 41-2-3.

8.     TODD LOPEZ is a resident of Santa Fe, New Mexico.

9.     This Court has appointed or upon motion will appoint KRISTINA MARTINEZ as

       Personal Representatives of the Wrongful Death Estate of MARIAH HURTADO,

       deceased, pursuant to NMSA (1978) Section 41-2-3.

10.    KRISTINA MARTINEZ is a resident of Santa Fe, New Mexico.

11.    JASON HURTADO is the father of minor children, MARIAH HURTADO, deceased,

       E.H. AND K.L., and sues herein as Next Friend of E.H. AND K.L., minors.

12.    SHIVAUN CARTER is the mother of MARIAH HURTADO, deceased, E.H. AND

       K.L., minors.

3

13.  JASON HURTADO and SHIVAUN CARTER have standing to sue for loss of consortium as a result of the death of their minor child, MARIAH HURTADO.

14.  JASON HURTADO was the husband to TINA HURTADO and has standing to sue for loss of consortium as a result of the death of his wife.

15.  JASON HURTADO, E.H., a minor, AND K.L., a minor, have claims for personal injury and bystander mental anguish as a result of seeing their loved ones injured, maimed, and killed.

16.  Defendant LARIE APARICIO ("**APARICIO**") is an individual and a citizen of Arizona. He may be served at 5631 W. Onyx Ave. in Glendale, Maricopa County, Arizona 85302, or wherever he may be found.

17.  Defendant AM TRANSPORT SERVICES, INC., ("**AM TRANSPORT**") is a domestic For-Profit Corporation that is organized under the laws of the State of Arizona with its principal office in Chandler, Arizona. AM TRANSPORT may be served through its Registered Agent for service, MAURICIO MARQUEZ, located at 3722 E. Chipman Rd. Phoenix, Arizona 85040.

18.  Defendant AMT LEASING, INC., is a domestic For-Profit Corporation that is organized under the laws of the State of Arizona with its principal office in Phoenix, Arizona. AMT LEASING, INC. may be served through its Registered Agent for

4

service, MAURICIO MARQUEZ, located at 3722 E. Chipman Rd. Phoenix, Arizona 85040.

19.    Defendant MAURICIO MARQUEZ is an individual and a citizen of Arizona. He may be served with process at 3722 E. Chipman Rd. Phoenix, Arizona 85040, or wherever he may be found.

20.    Defendant LANGE LOGISTICS, INC. ("LANGE LOGISTICS") is a domestic For-Profit General Business organized under the laws of the State of Missouri with its principal office at 500 N. Broadway, Suite 1360, Saint Louis, MO, 63102.  LANGE LOGISTICS may be served through its Registered Agent for service at C T Corporation System located at 120 South Central Avenue, Clayton, Missouri 63105.

21.    Defendant TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS ("**SEVEN SEAS**") is a domestic corporation organized under the laws of the State of Illinois with its principal office at 500 N. Broadway, Suite 1360, Saint Louis, MO, 63102. SEVEN SEAS may be served through its Registered Agent for service at C T Corporation System located at 208 SO Lasalle St., Suite, 814, Chicago, IL 60604.

22.    Defendant TOM LANGE COMPANY, INC. is a domestic for-profit corporation organized under the laws of the State of Missouri with its principal office at 500 N. Broadway, Suite 1360, Saint Louis, MO, 63102. TOM LANGE COMPANY, INC. may

be served through its Registered Agent for service at The Corporation Company

located at 120 S. Central Avenue, Clayton, Missouri 63105.

23.     Defendant FNF CONSTRUCTION, INC. is a foreign for-profit corporation and may

be served through its registered agent – Corporation Service Company, 110 E.

Broadway St., Hobbs, NM 88240.

24.     Defendant Lisa Vega, P.E., New Mexico Department of Transportation District 6

Engineer can be served at 1919 Pinon Drive, Milan, NM 87021.

25.     Defendant Jan Niclas, New Mexico Department of Transportation District 6

Maintenance Engineer can be served at 1919 Pinon Drive, Milan, NM 87021.

26.     Whenever the term "Defendants" is utilized within this suit, such term collectively

refers to and includes all named Defendants in this lawsuit, unless otherwise

specified.

**JURISDICTION AND VENUE**

27.     Jurisdiction is proper as all defendants committed torts in New Mexico and directed

business in New Mexico, and Plaintiffs' claims arise out of said contact.

28.     Venue is proper in Santa Fe County under NMSA 1978 38-3-1(A), because Plaintiffs

Kristina Martinez, Helen Laura Lopez, and Todd Lopez reside there and because of

other venue provisions.

6

## FACTS

29. On June 25, 2021, at approximately 10:30 PM, Plaintiff LILLIAN HURTADO and her family were caravanning in two separate vehicles traveling westbound on Interstate 40 near mile-marker 63.5 in McKinley County, New Mexico. Lillian was in the passenger seat of her brother, Jason Hurtado's 2007 Honda Odyssey minivan, which Jason was driving ("**Vehicle #2**"). Other passengers in the vehicle were E.H. and K.L., minor children. Following Lillian's vehicle was a 2015 Chrysler 200 sedan driven by Tina Hurtado, Jason's wife. ("**Vehicle #3**"). Lillian's minor daughter, VICTORIA VAUGHT, who was 17 years old, was in the backseat of **Vehicle #3.** Also in the car was Mariah Hurtado, a minor child of Jason Hurtado and Shivaun Carter.

30. At the same time, Defendant APARICIO was operating a 2015 Peterbilt Commercial tractor-trailer, bearing New Mexico License Plate No. AH663554, in the course and scope of his employment with Defendants. The tractor was owned by AM TRANSPORT. Connected to the tractor was a refrigerated trailer unit bearing Texas License Plate No. 13144Y5. The trailer unit was owned by AMT LEASING, INC. APARICIO was traveling westbound on Interstate 40 behind another commercial tractor-trailer. With total disregard for the safety of others, APARICIO attempted to pass the other commercial tractor-trailer—a white Freightliner pulling a double trailer ("**Vehicle #5**")—without checking the traffic conditions on I-40 ahead, which

7

had come to almost a complete stop. As APARICIO changed lanes at a high rate of speed, he failed to slow his tractor-trailer and struck the rear of **Vehicle #2**.The impact caused **Vehicle #2** to rear end of **Vehicle #3**, and push **Vehicle #3** into a Cadillac sedan, which was labeled in the police report as **Vehicle #4**. **Vehicle #3** then continued forward, striking the front left wheel of the other commercial tractor-trailer, a Freightliner vehicle labeled **Vehicle #5. Vehicle #3** then went into an uncontrolled spin and came to a final rest on the shoulder of Interstate 40. In total, APARICIO caused a five-car pileup with multiple fatalities.

31.     All three individuals in **Vehicle #2**—VICTORIA VAUGHT, MARIAH HURTADO and TINA HURTADO were pronounced dead at the scene.

32.     LILLIAN HURTADO lost consciousness for a period of time after the wreck. When she regained consciousness, she had excruciating pain in her left leg which rendered her unable to walk. LILLIAN HURTADO was airlifted to University of New Mexico Hospital where she was evaluated for multiple fractures in her leg.

33.     JASON HURTADO, E.H., and K.L. suffered serious personal injuries.

34.     LILLIAN HURTADO, JASON HURTADO, E.H., and K.L. had a perception of their loved ones injured and dying and have suffered anguish.

35.     All vehicles were towed from the scene and the westbound lanes of Interstate 40 remained closed in the surrounding area until 7:45 AM the next morning.

8

36.    The crash took place at night in a construction zone operated by FNF Construction.

37.    FNF Construction negligently maintained and created the construction zone, including traffic control measures.

38.    By way of example, and not limitation, the signage at the crash location instructed the truck driver to do exactly what he did, which was change lanes in the event of a backup in the right lane—



39.    Despite it being designated a Safety Corridor, the speed limit was not reduced.

40.    FNF Construction's Failure contributed to the crash.

41.    Lisa Vega, P.E., and Jan Niclas are NMDOT Engineers for this area in charge of maintenance. The traffic control measures and signage was poorly maintained and contributed to cause the crash.

9

42.  The McKinley County Sherriff's department, along with the New Mexico State Police, determined that APARICIO caused the wreck due to his inattention to traffic conditions.

43.  As a result of Defendants negligent conduct, Plaintiff LILLIAN HURTADO and the Estate of VICTORIA VAUGHT suffered severe personal injuries and damages which will be described in further detail below.

44.  Defendant MAURICIO MARQUEZ is the owner of defendants AM TRANSPORT, INC., and AMT LEASING, INC.

45.  Upon information and belief, LANGE LOGISTICS, SEVEN SEAS, AND TOM LANGE COMPANY, INC. form the larger Tom Lange "Family of Companies." The three entities together "provide full circle service and complete the entire production, distribution and logistics circle when it comes to fresh produce."

46.  Upon information and belief, TOM LANGE COMPANY, INC. is the parent company of LANGE LOGISTICS and SEVEN SEAS.

47.  Upon information and belief, LANGE LOGISTICS is organized to provide transportation solutions for temperate-controlled and perishable products.

48.  Upon information and belief, SEVEN SEAS is organized to grow, pack, and ship fresh produce around the globe.

10

49.   Based on information and belief, Defendants were engaged in a contract for transportation and trucking services at the time of the collision. More specifically, AM TRANSPORT, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC., were engaged in a joint venture with an equal right to control the venture and an agreement among them to participate in a common enterprise for the purpose of commercially transporting freight in interstate commerce and were acting within the course and scope of this venture in furthering the business and duties of each other and are liable for the negligence of each other.

50.   Upon information and belief, APARICIO is, and was at all times relevant to this case, employed as a driver of a commercial motor vehicle by AM TRANSPORT and/or AMT LEASING, INC., MAURICIO MARQUEZ and was directed by AM TRANSPORT SERVICES, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC. to transport various loads in interstate commerce subject to separate contract carrier agreements, broker agreements, and lease agreements between AM TRANSPORT SERVICES, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC.

11

51.    On or about June 25, 2021, APARICIO was directed by AM TRANSPORT, AMT

       LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and

       TOM LANGE COMPANY, INC. to transport and deliver a haul of produce.

52.    Upon information and belief, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE

       COMPANY, INC. controlled, managed, and supervised the manner, method, and

       procedure for how this load would be transported, including the date and time the

       load was to be picked up and delivered, the route to be taken, payment restrictions,

       and extensive driving instructions.

53.    Upon information and belief, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE

       COMPANY, INC. directed AM TRANSPORT, AMT LEASING, INC., and

       APARICIO to diverge from the original route to include a previously unscheduled

       stop in Texas on or about June 25, 2021.

54.    LANGE LOGISTICS is a broker of interstate motor carriers subject to Federal Motor

       Carrier Safety Act ("FMCSA") Regulations and is therefore responsible for the acts

       and omissions of APARICIO, AM TRANSPORT, AMT LEASING, INC., and

       MAURICIO MARQUEZ.

55.    In the alternative, LANGE LOGISTICS acted as a broker of the load being hauled by

       the tractor-trailer being driven by APARICIO and in that capacity selected, hired,

12

and contracted APARICIO, AM TRANSPORT, AMT LEASING, INC., and MAURICIO MARQUEZ to haul the load.

## COUNT I – NEGLIGENCE/ NEGLIGENCE *PER SE*

56.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

57.   The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

58.   Defendant APARICIO was an employee/statutory employee of Defendants and was, at all times relevant to the collision made the basis of this suit, acting in the course and scope of his employment. The negligence/negligence *per se* of APARICIO is therefore imputed to Defendants. The negligence/negligence *per se* of Defendants, directly and vicariously, was a cause of the collision in question, pursuant to the legal doctrine *respondent superior*.

59.   In the alternative, Defendants are responsible for the negligent acts and/or omissions of Separate Defendant APARICIO because at the time and place in question, Defendant APARICIO was operating a commercial vehicle under Defendants' US DOT authority and he, as well as Defendants, were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. §376.12(c)(1). Accordingly, at

13

all relevant times hereto, Defendant APARICIO was a statutory employee of Defendants, and LILLIAN HURTADO and the Estate of VICTORIA VAUGHT are members of the class of persons 49 C.F.R. §376.12 (c)(1) was designed to protect.

60. At all times relevant hereto, defendants had a duty to exercise ordinary care; that is, to exercise the degree of care that a reasonable and prudent person would use to prevent foreseeable risks of harm to others under the same or similar circumstances. This duty of care specifically included, but was not limited to, the duty to operate Defendants' commercial motor vehicle in a reasonable, prudent and safe manner; to obey the applicable traffic laws; and to exercise reasonable care for the safety of others, including Plaintiffs.

61. On the occasion in question, Defendants breached their duty and failed to exercise ordinary care. Defendants' negligent, careless, and/or reckless disregard of duty included, but was not limited to, the following acts and omissions:

A.     Failing to keep a proper lookout;

B.     Failing to pay adequate attention;

C.     Failing to use due caution;

D.     Failing to operate the vehicle in a safe manner;

E.     Failing to apply the brakes properly and timely;

F.     Driving while distracted;

14

G.     Careless driving;

H.     Reckless driving;

I.     Operating the vehicle without regard for the safety and welfare of other persons or property; and

J.     Operating the vehicle in a manner inconsistent with that in which a reasonably prudent person would have operated a vehicle under the same or similar circumstances.

62.     Each and all of the above-stated acts and/or omissions constitute negligence or, alternatively, conscious indifference to the rights of Plaintiffs and the New Mexico motoring public. Plaintiffs reserve the right to plead additional and/or more specific acts and omissions in the future as additional facts become known.

63.     Defendants' negligent, careless, and/or reckless disregard of his duty was a cause of the resulting collision and injuries suffered by Plaintiffs, for which Plaintiffs seek damages within the jurisdictional limits of this Court.

64.     Defendant's acts and/or omissions described herein were reckless and/or grossly negligent as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants.

65.     The trucking, broker and shipper defendants are jointly and vicariously liable for the damages under *respondeat superior*, joint enterprise, joint venture, unlawful brokerage and other theories.

## COUNT II – NEGLIGENT HIRING / NEGLIGENT SELECTION

66.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

67.     The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

68.     Plaintiffs allege herein that Defendants were negligent in the hiring of APARICIO, in that Defendants knew, or in the exercise of reasonable care should have known, that APARICIO was unfit or unqualified for a position that would require him to safely operate commercial motor vehicles.

69.     The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## COUNT III – NEGLIGENT TRAINING

70. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

71. The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

72. Plaintiffs allege herein that Defendants were negligent in the training of its employee, APARICIO, in the following particulars:

73. Defendants knew, or in the exercise of reasonable care should have known, that APARICIO was unfit or unqualified for a position in which he was required to safely operate and drive commercial motor vehicles particularly concerning the operation of a commercial motor vehicle;

74. Defendants failed to properly train and/or instruct its employee, APARICIO, for the job he was to perform and for the safe operation of a commercial motor vehicle, including, but not limited to, proper speed, keeping a safe distance, keeping a proper lookout, giving full attention to the road, yielding to the traffic in front of him, defensive driving; and

75. Defendants failed to instruct or train its employee, APARICIO, concerning the commercial motor vehicle he was given to operate by Defendants and allowed its

17

employee to drive a commercial motor vehicle when it knew or should have known

that the employee was not capable of or qualified in operating the vehicle safely and

prudently.

76.     Each and all of the foregoing act(s) and/or omission(s), alone or in combination with

others, constituted negligence and gross negligence, which caused the occurrence

made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve

the right to plead more specifically as facts become more fully known in discovery.

## COUNT IV – NEGLIGENT SUPERVISION

77.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein.

78.     The term "Defendants" as it is used in this section refers collectively to Defendants

APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO

MARQUEZ.

79.     Plaintiffs allege herein that Defendants were negligent in the supervision of its

employee, APARICIO, in the following particulars:

80.     Defendants knew, or in the exercise of reasonable care should have known, that

APARICIO was unfit or unqualified for a position which he was required to safely

operate a commercial motor vehicle;

81.     Defendants failed to supervise APARICIO for the job that he was to perform; and

82.   Defendants failed to supervise its employee, APARICIO, on the date of the incident in question, and allowed or failed to prevent APARICIO from operating a commercial motor vehicle in an unsafe manner on Defendants' behalf, for their benefit, and for their monetary profit.

83.   Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence which caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## COUNT V – NEGLIGENT RETENTION

84.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

85.   The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

86.   Plaintiffs alleges herein that Defendants were negligent in the retention of APARICIO as a commercial motor vehicle driver, in that Defendants knew, or in the exercise of reasonable care should have known, that APARICIO was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle. Further, Defendants knew, or in the exercise of reasonable care should

19

have known, that APARICIO had not been provided adequate, if any, training by Defendants concerning the safe operation of a commercial motor vehicle. Despite this actual or constructive knowledge, Defendants, negligently and gross negligently retained APARICIO from the date on which he was hired until and including the date of the incident in question. During that time, Defendants allowed APARICIO to operate, or failed to prevent APARICIO from operating, in an unsafe manner a commercial motor vehicle on Defendants' behalf, for Defendants' benefit, and for Defendants' monetary gain.

87.    Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and gross negligence, which caused the occurrence made the basis of this action and Plaintiffs' damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## COUNT VI – NEGLIGENCE OF FNF CONSTRUCTION

88.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

89.    FNF Construction, by and through its employees, were negligent in the development, maintenance, design of the traffic control plan.

90.    FNF Construction failed to reduce the speed limit, despite knowledge about the heavy truck traffic.

91.     FNF Construction failed to put proper signage, in fact, it also placed signage that encouraged the very negligent decision made by the truck driver.

92.     FNF Construction failed to put adequate signage in to control the heavy truck traffic that would be traveling at 75mph into the work zone.

93.     FNF Construction has knowledge that crash risk, especially involving tractor-trailers, increases in construction zones.

94.     FNF Construction committed other acts of negligence that contributed to cause the crash and the deaths and injuries to Plaintiffs.

## COUNT VII –NEGLIGENT MAINTENACE BY NMDOT DISTRICT ENGINEERS

95.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

96.     The section of the roadway where the wreck took place is under the control and supervision of the New Mexico Department of Transportation, including specifically the two district engineers, Jan Niclas and Lisa Vega.

97.     Niclas and Vega have a duty to act as an ordinary prudent person in the maintenance of the roadway.

98.     Their responsibilities include, management of the transportation activities such as maintenance and construction of highways.

21

99.     The section of the roadway where the wreck took place was poorly maintained in that there was improper signage, lack of signage, which contributed to the crash.

100.    Traffic control measures were not maintained at the location to prevent the crash.

101.    Such failures, among other maintenance issues, contributed to cause the crash.

102.    Defendants' acts and/or omissions described herein were reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants.

## COUNT VIII – DAMAGES

103.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

104.    Companies, and their agents, servants, employees, and contractors must never needlessly endanger anyone.

105.    Companies, and their agents, servants, employees, and contractors must be safe at all they do to prevent harm.

106.    Companies, and their agents, servants, employees, and contractors must comply with all regulatory and legal requirements to prevent harm.

107.   Companies, and their agents, servants, employees, and contractors must exercise ordinary and reasonable care for the protection and safety of all motorists on the highway.

108.   Companies, and their agents, servants, employees, and contractors must never put profits over safety.

109.   Defendants' acts and/or omissions described herein were reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants.

110.   Defendants breached the duties they owed to Plaintiffs when they failed to uphold the standard of care utilized by drivers and corporations and engineers in good standing who are engaged in the same type of service or specialty.

111.   Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the deaths of Mariah Hurtado, Tina Hurtado and Victoria Vaught.

112.   Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the injuries and

23

damages of Jason Hurtado, E.H., K.L., and Lillian Hurtado, including the bystander mental anguish of seeing loved ones maimed, killed and injured.

113.    Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the loss of consortium for Lillian Hurtado and Daniel Vaught as a result of losing their daughter.

114.    Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the loss of consortium for Jason Hurtado and Shivaun Carter as a result of losing their daughter.

115.    All damage caused was foreseeable to defendants.

116.    Plaintiffs seek all damages to which they are entitled by law.

117.    Plaintiffs requests that the jury consider what sum of money, if paid now in cash, would fairly and reasonably compensate their injuries and the damages sustained as a result of Defendants' wrongful conduct.

118.    As a result of Defendants' negligence, Plaintiffs LILLIAN HURTADO, JASON HURTADO, E.H., and K.L. suffered serious personal injuries and damages, including, but not limited to, the following:

A.    Medical expenses incurred in the past and in the future;

B.    Physical pain and suffering in the past and future;

24

C.   Mental anguish and emotional distress in the past and future, including

bystander mental anguish;

D.   Lost wages sustained in the past;

E.   Loss of earning capacity in the future and the value of the lost household

services of the deceased;

F.   Physical impairment in the past and future;

G.   Physical disfigurement in the past and future;

H.   Loss of enjoyment of life in the past and in the future;

I.   Any other actual or special damages in an amount to be proved at trial and as

allowed by law; and

J.   Punitive damages in the maximum amount allowed by law.

119.   As a direct and proximate result of Defendants' negligence, the Estates of VICTORIA

VAUGHT, MARIAH HURTADO and TINA HURTADO suffered fatal injuries and

damages, including, but not limited to, the following:

A.   Loss of life;

B.   Loss of enjoyment of life;

C.   Conscious pain, suffering, and mental anguish experienced prior to her death;

D.   Loss of earning capacity in the future; and

E.   Earnings reasonably certain to be lost in the future.

25

120. Plaintiffs' damages exceed the minimum jurisdictional limit of the court. Plaintiffs reserve the right to plead additional and/or more specific damages in the future as additional information becomes available.

121. Plaintiffs seek fair and reasonable compensation for their damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

### PUNTIVE/EXEMPLARY DAMAGES

122. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

123. Defendants' acts and/or omissions described herein demonstrate a total disregard for the laws, rules, and regulations of the State of New Mexico, and constitute sufficient evidence to justify an award of punitive damages to Plaintiffs.

124. Defendants' acts and/or omissions were malicious, willful, reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law, and Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants in the maximum amount allowed by law.

## DAMAGES CONSIDERED SEPARATELY

125.   Plaintiffs respectfully assert their request that they be allowed to have the elements

of damages considered separately and individually for the purpose of determining

the sum of money that will fairly and reasonably compensate their injuries, losses

and damages incurred, and to be incurred, and that each element of their damages

be considered separately and individually, segregating the past and future losses, so

that the amount of pre-judgment interest due to them may be computed.

## CONDITIONS PRECEDENT

126.   All conditions precedent to Plaintiffs' claim for relief have been performed or have

occurred.

## PRAYER

127.   Plaintiffs pray for judgment in their favor and against the Defendants each of them,

jointly and severally for the following:

A.      Special and actual damages as alleged herein and/or proven at trial;

B.      Punitive damages in the maximum amount allowed by law;

C.      Prejudgment interest from the date of injury through the date of judgment, at

the maximum rate allowed by law;

D.      Post-judgment interest at the maximum rate allowed by law;

E.      Costs incurred in the prosecution of this action; and

27

F.   Any and all such other and further relief, whether in law or in equity, to which

Plaintiff may be justly entitled.

### JURY DEMAND

128.   Plaintiffs demand a trial by jury.

Respectfully submitted,

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
 (479) 442-7575
 (479) 442-9008 *fax*
*mlindsay@odomfirm.com*

*ATTORNEYS FOR PLAINTIFFS LILLIAN*
*HURTADO, INDIVIDUALLY HELEN LAURA*
*LOPEZ, AS PERSONAL REPRESENTATIVE*
*OF THE WRONGFUL DEATH ESTATE OF*
*VICTORIA VAUGHT, DECEASED; DANIEL*
*VAUGHT, INDIVIDUALLY;*

28

By:    __*/s/ Stuart R. White*__
         Stuart R. White
         Kevin W. Liles
         **LILES WHITE PLLC**
         500 N. Water Street, Suite 800
         Corpus Christi, TX 78401
         Phone: 361.826.0100
         Fax: 361.826.0101
         NM Bar No. 148360
         NM Bar No. 148246
         Stuart@LilesWhite.com
         Kevin@LilesWhite.com

         AND

         David J. Jaramillo
         JARAMILLO LAW FIRM, PC
         505 Roma Ave. NW
         Albuquerque, NM 87102
         Phone: 505.200.9454
         Fax: 505.717.1502
         David@djnmlaw.com
         law@djnmlaw.com

         *TODD LOPEZ, AS PERSONAL*
         *REPRESENTATIVE OF THE WRONGFUL*
         *DEATH ESTATE OF MARIAH HURTADO,*
         *AND KRISTINA MARTINEZ AS PERSONAL*
         *REPRESENTATIVE OF THE WRONGFUL*
         *DEATH ESTATE OF TINA HURTADO;*
         *JASON HURTADO, INDIVIDUALLY AND AS*
         *NEXT FRIEND OF E.H. AND K.L., MINORS;*
         *SHIVAUN CARTER, INDIVIDUALLY*

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT,
Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER,
Individually;

Plaintiffs,                                    No. D-101-CV-2022-01147

v.

AM TRANSPORT SERVICES, INC., LARIE
APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC.
d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## JURY DEMAND

Plaintiffs, through their undersigned attorneys, demand trial by a twelve person jury of all

issues triable of right by jury and hereby tender the sum of $300.00 for jury fee.

1



Respectfully Submitted:


*/s/ Stuart R. White*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF MARIAH HURTADO, AND
KRISTINA MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF TINA HURTADO; JASON
HURTADO, INDIVIDUALLY AND AS NEXT
FRIEND OF E.H. AND K.L., MINORS;
SHIVAUN CARTER, INDIVIDUALLY

2

*/s/ John D. Sloan, JR*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN
HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF
THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL
VAUGHT, INDIVIDUALLY

June 29, 2022

3

*/s/ John D. Sloan, JR*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN
HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF
THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL
VAUGHT, INDIVIDUALLY

June 29, 2022

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER, Individually;

Plaintiffs,

v.                                                      No.     D-101-CV-2022-01147

AM TRANSPORT SERVICES, INC., LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a
SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## UNOPPOSED MOTION TO APPOINT PERSONAL REPRESENTATIVE TO PURSUE WRONGFUL DEATH CLAIM IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

In conformity with NMSA 1978 Section 41-2-3 et seq., Kristina Martinez, moves the Court

for an Order appointing her as Personal Representative of the Estate of Tina Hurtado for the

purpose of investigating and pursuing a wrongful-death action and as grounds for said Order states:

1.    Tina Hurtado died on June 25, 2021.

2.    The Undersigned represents all of the statutory beneficiaries of Tina Hurtado.

1

3.     All of the beneficiaries consent to the appointment Kristina Martinez as the Personal Representative of the Estate of Tina Hurtado.

4.     Appointment of a Personal Representative is necessary for the purpose of investigating, pursuing, and resolving a wrongful-death action.

5.     As set out by the New Mexico Court of Appeals in the *In the Matter of the Estate of Kirsten Sumler*, 2003- NMCA-30, this court should appoint the Wrongful Death Personal Representative.

> Cases interpreting our wrongful death act have made it clear that it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code ... We take this opportunity to re-emphasize that appointment as the personal representative of a decedent's *estate* is neither necessary nor sufficient authority for a person to serve as a Section 41-2-3 personal representative: the power to enter a judgment appointing a Section 41-2-3 personal representative "flows from the wrongful death statute itself and not from the probate, or estate, laws." *Henkel*, 49 N.M. at 47, 156 P.2d at 791 ... In view of the Supreme Court's holding that appointment as a Section 41-2-3 personal representative is not a jurisdictional prerequisite to bringing a wrongful death action, *Chavez v. Regents of the University of New Mexico*, 103 N.M. 606, 711 P.2d 883 (1985), **we see no reason why a petition for appointment of a Section 41-2-3 personal representative may not be brought with the wrongful death action itself,** *see* Rules 1-002 and 1-018(A) NMRA 2002; NMSA 1978 § 44-6-4 (1975), assuming that all necessary parties, NMSA 1978 § 44-6-12 (1975), are subject to joinder in the forum where the wrongful death action is brought.

*In the Matter of the Estate of Kirsten Sumler,* 2003-NMCA-30 {2}, {9} {10}, 62 P.3d 776 (emphasis supplied).

6.     Pursuant to New Mexico law, in particular § 41-2-3, NMSA 1978, a statutory wrongful death claim is to be pursued by a personal representative or representatives possessed of authority to pursue such a claim.  Our Supreme Court in *Mackey v. Burke*, 102 N.M. 294 (1984) has determined:

1) Plaintiff's powers as administrator of the estate were unrelated to his alleged authority as a personal representative since that power flows from the wrongful death statutes, not probate law.

2) A wrongful death action has no relation to the estate.

3) The Legislature assigned the right of action to the personal representative merely because someone had to be designated, not because such action would automatically have fallen within his duties.

4) "The term 'personal representative' is used simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action."

5) The personal representative is a "nominal party" in the sense that he acts as a trustee for the statutory beneficiaries, and not in any capacity for the estate, in pursuing the wrongful death action.

Cases after *Henkel* make clear that the importance of the personal representative in the statute is to distinguish a person from the statutory beneficiaries, to set someone apart from the beneficiaries, and enable that person to prosecute the wrongful death suit. * * * Status as a potential statutory beneficiary is not the test for authority to bring a wrongful death action. If each potential beneficiary was considered a personal representative, the suits could be unending and contradictory. The Legislature has given the personal representative power to sue as "the statutory trustee for the discoverable and identifiable beneficiaries named in the statute."

(Citations omitted).

7.      Movant is the appropriate person to act as Personal Representative in this wrongful death action. *See Chavez v. Regents of Univ. of N.M.*, 103 N.M. 606 (1985). *Chavez* instructs:

It is merely "incidental" that a "personal representative" is named to bring a wrongful death action...The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individual statutory beneficiaries.

[...]

3

> Although a wrongful death action in New Mexico must be prosecuted by a personal
> representative...the cases have generally broadly construed who qualifies as a
> personal representative under the Wrongful Death Act.

Id. at 608-09 (citations omitted). The personal representative need only be "in some sense, a

personal representative of the deceased, [to] meet the requirement." *Id.* at 609. However, the

Personal Representative need not "have the full powers required by the Probate Code, since his

duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory

beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory

lawsuits." Id.

8.      Movant has been advised as to the requirements of the Wrongful Death Act, §41-

2-1 et seq., NMSA 1978, particularly as to the priorities regarding statutory beneficiaries of a

wrongful-death claim.

9.      Movant recognizes his duties under the Wrongful Death Act and agrees to comply

with them and to serve as statutory trustee for discoverable and identifiable beneficiaries as

required by law.

10.     To the best of Movant's knowledge and the knowledge of the undersigned

attorneys, no other person has been appointed as a personal representative for the purposes sought

herein either of defending or of pursuing or investigating a wrongful-death claim on behalf of the

estate, nor has any other wrongful-death action on behalf of Tina Hurtado been filed.

WHEREFORE, Movant prays that she be appointed personal representative for Tina

Hurtado, deceased, for the purpose of investigating and pursuing wrongful-death actions under the

Wrongful Death Act, and for such other and further relief as may be proper.

4

Respectfully submitted by,

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF
MARIAH HURTADO, AND KRISTINA
MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF TINA
HURTADO; JASON HURTADO,
INDIVIDUALLY AND AS NEXT FRIEND
OF E.H. AND K.L., MINORS; SHIVAUN
CARTER, INDIVIDUALLY

Approved by:

**/s/ *John D. Sloan, Jr.***
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via electronic
mail to all counsel of record on June 29, 2022.

**/s/ *David J. Jaramillo***
David J. Jaramillo

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
7/1/2022 10:37 AM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of
VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH
HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend
of
E.H. and K.L., minors; and SHIVAUN CARTER,
Individually;                                         No. D-101-CV-2022-01147

Plaintiffs,

v.

AM TRANSPORT SERVICES, INC.,
LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC.
d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## ORDER APPOINTING
## PERSONAL REPRESENTATIVE
## FOR TINA HURTADO, DECEASED,
## IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

This matter having come before the Court on Movant, Kristina Martinez's Unopposed

Motion to Appoint Personal Representative for the Estate of Tina Hurtado, deceased, under the

Wrongful Death Act, and the Court being fully advised,

1

FINDS:  That the Motion is well taken and should be granted.

IT IS therefore ORDERED that Kristina Martinez is appointed Personal Representative of the Estate of Tina Hurtado for the purpose of investigating and pursuing a wrongful death action.

THE HONORABLE FRANCIS J. MATHEW
DISTRICT COURT JUDGE

Respectfully submitted by:

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM  87102
Phone:  505.200.9454
Fax:  505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF MARIAH HURTADO, AND KRISTINA MARTINEZ AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF TINA HURTADO; JASON HURTADO, INDIVIDUALLY AND AS NEXT FRIEND OF E.H. AND K.L., MINORS; SHIVAUN CARTER, INDIVIDUALLY.

2

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY;

3

**Mark Poindexter**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Friday, July 01, 2022 11:23 AM |
| **To:** | Mark Poindexter |
| **Subject:** | Notification of Service for Case:  D-101-CV-2022-01147, Lillian Hurtado, et. al.,  v. AM Transport Services Inc, et. al. for filing ORD: OF APPOINTMENT, Envelope Number: 8353505 |



# Notification of Service

Case Number: D-101-CV-2022-01147
Case Style: Lillian Hurtado, et. al., v. AM
Transport Services Inc, et. al.
Envelope Number: 8353505

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-101-CV-2022-01147 |
| **Case Style** | Lillian Hurtado, et. al., v. AM Transport Services Inc, et. al. |
| **Date/Time Submitted** | 7/1/2022 10:37 AM MST |
| **Filing Type** | ORD: OF APPOINTMENT |
| **Filing Description** | Order Appointing Personal Representative for Tina Hurtado, Deceased, in Accordance with NMSA 1978,§ 41-2-1 et seq. |
| **Filed By** | Jamaica Gonzales |
| **Service Contacts** | Lillian Hurtado:<br><br>David Jaramillo (David@djnmlaw.com)<br><br>Mark Poindexter (mark@djnmlaw.com)<br><br>Liles White (efiling@lileswhite.com)<br><br><br>Daniel Vaught:<br><br>John Sloan (jsloan@sloanfirm.com)<br><br>Emma Roddy (eroddy@sloanfirm.com)<br><br>Matthew Lindsay (mlindsay@odomfirm.com) |

| Document Details | |
| --- | --- |
| Served Document | Download Document |
| This link is active for 90 days. | |

This email has been scanned for spam and viruses. Click here to report this email as spam.

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER, Individually;

Plaintiffs,

v.                                                    No.   D-101-CV-2022-01147

AM TRANSPORT SERVICES, INC., LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a
SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## UNOPPOSED MOTION TO APPOINT PERSONAL REPRESENTATIVE TO PURSUE WRONGFUL DEATH CLAIM IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

In conformity with NMSA 1978 Section 41-2-3 et seq., Todd Lopez, moves the Court for

an Order appointing him as Personal Representative of the Estate of Mariah Hurtado for the

purpose of investigating and pursuing a wrongful-death action and as grounds for said Order states:

1.      Mariah Hurtado died on June 25, 2021.

2.      The Undersigned represents all of the statutory beneficiaries of Mariah Hurtado.

1

3.    All of the beneficiaries consent to the appointment Todd Lopez as the Personal Representative of the Estate of Mariah Hurtado.

4.    Appointment of a Personal Representative is necessary for the purpose of investigating, pursuing, and resolving a wrongful-death action.

5.    As set out by the New Mexico Court of Appeals in the ***In the Matter of the Estate of Kirsten Sumler***, 2003- NMCA-30, this court should appoint the Wrongful Death Personal Representative.

> Cases interpreting our wrongful death act have made it clear that it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code ... We take this opportunity to re-emphasize that appointment as the personal representative of a decedent's *estate* is neither necessary nor sufficient authority for a person to serve as a Section 41-2-3 personal representative: the power to enter a judgment appointing a Section 41-2-3 personal representative "flows from the wrongful death statute itself and not from the probate, or estate, laws." ***Henkel***, 49 N.M. at 47, 156 P.2d at 791 ... In view of the Supreme Court's holding that appointment as a Section 41-2-3 personal representative is not a jurisdictional prerequisite to bringing a wrongful death action, ***Chavez v. Regents of the University of New Mexico***, 103 N.M. 606, 711 P.2d 883 (1985), **we see no reason why a petition for appointment of a Section 41-2-3 personal representative may not be brought with the wrongful death action itself,** *see* Rules 1-002 and 1-018(A) NMRA 2002; NMSA 1978 § 44-6-4 (1975), assuming that all necessary parties, NMSA 1978 § 44-6-12 (1975), are subject to joinder in the forum where the wrongful death action is brought.

***In the Matter of the Estate of Kirsten Sumler,*** 2003-NMCA-30 {2}, {9} {10}, 62 P.3d 776 (emphasis supplied).

6.    Pursuant to New Mexico law, in particular § 41-2-3, NMSA 1978, a statutory wrongful death claim is to be pursued by a personal representative or representatives possessed of authority to pursue such a claim. Our Supreme Court in ***Mackey v. Burke***, 102 N.M. 294 (1984) has determined:

1) Plaintiff's powers as administrator of the estate were unrelated to his alleged authority as a personal representative since that power flows from the wrongful death statutes, not probate law.

2) A wrongful death action has no relation to the estate.

3) The Legislature assigned the right of action to the personal representative merely because someone had to be designated, not because such action would automatically have fallen within his duties.

4) "The term 'personal representative' is used simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action."

5) The personal representative is a "nominal party" in the sense that he acts as a trustee for the statutory beneficiaries, and not in any capacity for the estate, in pursuing the wrongful death action.

Cases after *Henkel* make clear that the importance of the personal representative in the statute is to distinguish a person from the statutory beneficiaries, to set someone apart from the beneficiaries, and enable that person to prosecute the wrongful death suit. * * * Status as a potential statutory beneficiary is not the test for authority to bring a wrongful death action. If each potential beneficiary was considered a personal representative, the suits could be unending and contradictory. The Legislature has given the personal representative power to sue as "the statutory trustee for the discoverable and identifiable beneficiaries named in the statute."

(Citations omitted).

7.      Movant is the appropriate person to act as Personal Representative in this wrongful death action. *See Chavez v. Regents of Univ. of N.M.*, 103 N.M. 606 (1985). *Chavez* instructs:

It is merely "incidental" that a "personal representative" is named to bring a wrongful death action...The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individual statutory beneficiaries.

[...]

3

> Although a wrongful death action in New Mexico must be prosecuted by a personal
> representative…the cases have generally broadly construed who qualifies as a
> personal representative under the Wrongful Death Act.

Id. at 608-09 (citations omitted). The personal representative need only be "in some sense, a personal representative of the deceased, [to] meet the requirement." *Id.* at 609. However, the Personal Representative need not "have the full powers required by the Probate Code, since his duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits." Id.

8.    Movant has been advised as to the requirements of the Wrongful Death Act, §41-2-1 et seq., NMSA 1978, particularly as to the priorities regarding statutory beneficiaries of a wrongful-death claim.

9.    Movant recognizes his duties under the Wrongful Death Act and agrees to comply with them and to serve as statutory trustee for discoverable and identifiable beneficiaries as required by law.

10.   To the best of Movant's knowledge and the knowledge of the undersigned attorneys, no other person has been appointed as a personal representative for the purposes sought herein either of defending or of pursuing or investigating a wrongful-death claim on behalf of the estate, nor has any other wrongful-death action on behalf of Mariah Hurtado been filed.

WHEREFORE, Movant prays that he be appointed personal representative for Mariah Hurtado, deceased, for the purpose of investigating and pursuing wrongful-death actions under the Wrongful Death Act, and for such other and further relief as may be proper.

Respectfully submitted by,

4

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF
MARIAH HURTADO, AND KRISTINA
MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF TINA
HURTADO; JASON HURTADO,
INDIVIDUALLY AND AS NEXT FRIEND
OF E.H. AND K.L., MINORS; SHIVAUN
CARTER, INDIVIDUALLY

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via electronic
mail to all counsel of record on June 29, 2022.

*/s/ David J. Jaramillo*
David J. Jaramillo

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
7/1/2022 10:38 AM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of
VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER,
Individually;

Plaintiffs,                                    No. D-101-CV-2022-01147

v.

AM TRANSPORT SERVICES, INC.,
LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC.
d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## ORDER APPOINTING
## PERSONAL REPRESENTATIVE
## FOR MARIAH HURTADO, DECEASED,
## IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

This matter having come before the Court on Movant, Todd Lopez's Unopposed Motion

to Appoint Personal Representative for the Estate of Mariah Hurtado, deceased, under the

Wrongful Death Act, and the Court being fully advised,

FINDS: That the Motion is well taken and should be granted.

l

IT IS therefore ORDERED that Todd Lopez is appointed Personal Representative of the Estate of Mariah Hurtado for the purpose of investigating and pursuing a wrongful death action.

THE HONORABLE FRANCIS J. MATHEW
DISTRICT COURT JUDGE

Respectfully submitted by:

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM  87102
Phone:  505.200.9454
Fax:  505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH
ESTATE OF MARIAH HURTADO, AND KRISTINA MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF TINA HURTADO; JASON
HURTADO, INDIVIDUALLY AND AS NEXT FRIEND OF E.H. AND K.L., MINORS;
SHIVAUN CARTER, INDIVIDUALLY.

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY;

**Mark Poindexter**

---

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Friday, July 01, 2022 11:24 AM |
| **To:** | Mark Poindexter |
| **Subject:** | Notification of Service for Case:  D-101-CV-2022-01147, Lillian Hurtado, et. al.,  v. AM Transport Services Inc, et. al. for filing ORD: OF APPOINTMENT, Envelope Number: 8353528 |



# Notification of Service

Case Number: D-101-CV-2022-01147
Case Style: Lillian Hurtado, et. al., v. AM
Transport Services Inc, et. al.
Envelope Number: 8353528

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-101-CV-2022-01147 |
| **Case Style** | Lillian Hurtado, et. al., v. AM Transport Services Inc, et. al. |
| **Date/Time Submitted** | 7/1/2022 10:38 AM MST |
| **Filing Type** | ORD: OF APPOINTMENT |
| **Filing Description** | Order Appointing Personal Representative for Mariah Hurtado, Deceased, in Accordance with NMSA 1978,§ 41-2-1 et seq. |
| **Filed By** | Jamaica Gonzales |
| **Service Contacts** | Lillian Hurtado:<br><br>David Jaramillo (David@djnmlaw.com)<br><br>Mark Poindexter (mark@djnmlaw.com)<br><br>Liles White (efiling@lileswhite.com)<br><br><br>Daniel Vaught:<br><br>John Sloan (jsloan@sloanfirm.com)<br><br>Emma Roddy (eroddy@sloanfirm.com)<br><br>Matthew Lindsay (mlindsay@odomfirm.com) |

1

| **Document Details** | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. | |

This email has been scanned for spam and viruses. Click here to report this email as spam.



**CT Corporation**
**Service of Process Notification**
07/13/2022
CT Log Number 541912972

## Service of Process Transmittal Summary

**TO:**      Heather Siddle, General Counsel/Director of HR
           Tom Lange Company, Inc.
           500 N BROADWAY STE 1360
           SAINT LOUIS, MO 63102-2110

**RE:**      **Process Served in Illinois**

**FOR:**     Tom Lange Company International, Inc  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LILLIAN HURTADO, Individually, HELEN LAURA LOPEZ, as Personal Representative of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased; DANIEL VAUGHT, Individually; TODD LOPEZ, as Personal Representative of the Wrongful Death Estate of MARIAH HURTADO, KRISTINA MARTINEZ as Personal Representative of the Wrongful Death Estate of TINA HURTADO; JASON HURTADO, Individually and as Next Friend of E.H. and K.L., minors; and SHIVAUN CARTER, Individually vs. AM TRANSPORT SERVICES, INC. |
| **CASE #:** | D101CV202201147 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 07/13/2022 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Heather Siddle  HSiddle@tomlange.com |
| | Email Notification,  Legal Department  corplegal@tomlange.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 208 South LaSalle Street |
| | Suite 814 |
| | Chicago, IL 60604 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

ORIGIN ID:ONMA    (505) 200-9454
MARK POINDEXTER
JARAMILLO LAW FIRM PC
505 ROMA AVENUE NW

ALBUQUERQUE, NM 87102
UNITED STATES US

SHIP DATE: 11JUL22
ACTWGT: 0.50 LB
CAD: 251019736/INET4490

BILL SENDER

TO  **TLCI D/B/A SEVEN SEAS**
**C/O C T CORPORATION SYSTEM**
**208 SO LASALLE ST.**
**SUITE 814**
**CHICAGO IL 60604**
(312) 263-1414        REF: HURTADO
INV:
PO:                        DEPT:

581 J20A92/FE4A



FedEx
Express

**THU - 14 JUL 4:30P**

**EXPRESS SAVER**

TRK#
0201  **7773 5715 1939**

**DSR**

**60604**
**ORD**

**ST CHIA**    IL-US



After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# JARAMILLO LAW FIRM PC

## DAVID J. JARAMILLO
### Lawyer

505 ROMA AVENUE NW  |  ALBUQUERQUE, NM 87102
PHONE (505) 200-9454  |  FAX (505) 717-1502
WWW.DJNMLAW.COM

July 11, 2022

**Via FedEx**
TOM LANGE COMPANY INTERNATIONAL, INC.
d/b/a SEVEN SEAS
c/o C T Corporation System
208 SO Lasalle St.
Suite 814
Chicago, IL 60604

     Re: D-101-CV-2022-01147; Hurtado/Vaught v AM Transport, et al.

To whom it may concern:

Enclosed are the following:

- Summons;
- Plaintiffs' Original Complaint for Personal Injury and Wrongful Death;
- 12-Person Jury Demand;
- Unopposed Motion to Appoint Personal Representative to Pursue Wrongful Death Claim in Accordance with NMSA 1978 §41-2-1 et seq. (for Tina Hurtado);
- Order Appointing Personal Representative for Tina Hurtado, Deceased, in Accordance with NMSA 1978 §41-2-1 et seq.;
- Unopposed Motion to Appoint Personal Representative to Pursue Wrongful Death Claim in Accordance with NMSA 1978 §41-2-1 et seq. (for Mariah Hurtado);
- Order Appointing Personal Representative for Mariah Hurtado, Deceased, in Accordance with NMSA 1978 §41-2-1 et seq.;

Thank you

Mark Poindexter, Paralegal
mark@djnmlaw.com

/encls.

Copy to:    SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
               ODOM LAW FIRM, P.A.
               LILES WHITE PLLC

## SUMMONS

| First Judicial District Court<br>Santa Fe County, New Mexico<br>225 Montezuma Ave.<br>Santa Fe, NM 87501<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2022-01147<br><br>Judge: Francis J. Mathew |
|---|---|
| LILLIAN HURTADO, Individually,  HELEN LAURA LOPEZ, as Personal Representative  of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;  DANIEL VAUGHT, Individually; TODD LOPEZ, as Personal Representative  of the Wrongful Death Estate of MARIAH HURTADO, KRISTINA MARTINEZ as Personal Representative  of the Wrongful Death Estate of TINA HURTADO;  JASON HURTADO, Individually and as Next Friend  of  E.H. and K.L., minors;  and SHIVAUN CARTER, Individually; Plaintiffs,<br> v.<br> AM TRANSPORT SERVICES, INC., LARIE APARICIO,  AMT LEASING, INC., MAURICIO MARQUEZ,  LANGE LOGISTICS, INC.,  TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS, TOM LANGE COMPANY, INC., FNF CONSTRUCTION INC. LISA VEGA; and JAN NICLAS; Defendants. | Defendant Name:<br><br>TOM LANGE COMPANY<br>INTERNATIONAL, INC.<br>d/b/a SEVEN SEAS |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, 30TH DAY OF JUNE 2022 .

KATHLEEN VIGIL

CLERK OF THE COURT

By: _____

Deputy

Respectfully Submitted:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

And

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN
HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF
THE WRONGFUL DEATH ESTATE OF VICTORIA
VAUGHT, DECEASED; DANIEL VAUGHT,
INDIVIDUALLY;

And

*/s/ Stuart R. White*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

And

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE OF
MARIAH HURTADO, AND KRISTINA MARTINEZ
AS PERSONAL   REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF TINA
HURTADO; JASON HURTADO, INDIVIDUALLY
AND AS NEXT FRIEND OF E.H. AND K.L.,
MINORS; SHIVAUN CARTER, INDIVIDUALLY

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF
CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN** [1]

STATE OF NEW MEXICO       )
                                  )ss
COUNTY OF BERNALILLO       )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____Cook_____ County on the _11ᵗʰ_ day of _____July_____, _2022__, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[X]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____(*used when the defendant is not presently at place of abode* ) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of this summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[X]   to _CT Corporation System_____, an agent authorized to receive service of process for defendant _Tom Long Company International, LLC D/BA Seven Seas_

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____, (name of person), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of Person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _11th_ day of _July_____, _2022_ ²

_____
Judge, notary or other officer
Authorized to administer oaths

STATE OF NEW MEXICO
NOTARY PUBLIC
Kaedi Sanchez
Commission No. 1115128
May 27, 2024

_____
Official title

## USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO  
COUNTY OF SANTA FE  
FIRST JUDICIAL DISTRICT COURT

Case assigned to Mathew, Francis J.

D-101-CV-2022-01147

LILLIAN HURTADO, Individually,  
HELEN LAURA LOPEZ, as Personal Representative  
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;  
DANIEL VAUGHT, Individually;  
TODD LOPEZ, as Personal Representative  
of the Wrongful Death Estate of MARIAH HURTADO,  
KRISTINA MARTINEZ as Personal Representative  
of the Wrongful Death Estate of TINA HURTADO;  
JASON HURTADO, Individually and as Next Friend of  
E.H. and K.L., minors; and SHIVAUN CARTER, Individually;

*Plaintiffs,*

v.                                                          NO.

AM TRANSPORT SERVICES, INC., LARIE APARICIO,  
AMT LEASING, INC., MAURICIO MARQUEZ,  
LANGE LOGISTICS, INC.,  
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS,  
TOM LANGE COMPANY, INC.,  
FNF CONSTRUCTION INC.,  
LISA VEGA; and JAN NICLAS,

*Defendants.*

---

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR PERSONAL INJURY AND WRONGFUL DEATH

Plaintiffs, LILLIAN HURTADO, Individually, HELEN LAURA LOPEZ, as Personal

Representative of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased, by and

through the undersigned attorneys; and TODD LOPEZ, as Personal Representative of the

Estate of MARIAH HURTADO, and KRISTINA MARTINEZ, as Personal Representative of the Estates of TINA HURTADO; and JASON HURTADO, Individually, and as Next Friend of Minor Children, E. H. and K. L., and SHIVAUN CARTER, individually, and for their Complaint against the Defendants, LARIE APARICIO, AM TRANSPORT SERVICES, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, INC., TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS, and TOM LANGE COMPANY, INC., FNF CONSTRUCTION INC., LISA VEGA and JAN NICLAS states and alleges as follows:

## INTRODUCTION

1.  This action arises from a fatal motor vehicle collision between Plaintiffs and Defendants that occurred on Interstate 40 in Prewitt, McKinley County, New Mexico, on June 25, 2021.

## PARTIES

2.  This action arises from a fatal motor vehicle collision between Plaintiffs and Defendants that occurred on Interstate 40 in Prewitt, McKinley County, New Mexico, on June 25, 2021.

3.  Plaintiff, LILLIAN HURTADO, is an individual and was a resident and citizen of Fayetteville, Washington County, Arkansas, at all times relevant to this Complaint.

2

4.      This Court has appointed or upon motion will appoint HELEN LAURA LOPEZ, as

        Personal Representative of the Wrongful Death Estate of VICTORIA VAUGHT,

        Deceased, pursuant to NMSA (1978) Section 41-2-3.

5.      HELEN LAURA LOPEZ is a resident of Santa Fe, New Mexico.

6.      LILLIAN HURTADO and DANIEL VAUGHT are the parents of VICTORIA

        VAUGHT, who was a minor child at the time of her death, and have standing for

        loss of consortium claims.

7.      This Court has appointed or upon motion will appoint TODD LOPEZ as Personal

        Representatives of the Wrongful Death Estate of TINA HURTADO, deceased,

        pursuant to NMSA (1978) Section 41-2-3.

8.      TODD LOPEZ is a resident of Santa Fe, New Mexico.

9.      This Court has appointed or upon motion will appoint KRISTINA MARTINEZ as

        Personal Representatives of the Wrongful Death Estate of MARIAH HURTADO,

        deceased, pursuant to NMSA (1978) Section 41-2-3.

10.     KRISTINA MARTINEZ is a resident of Santa Fe, New Mexico.

11.     JASON HURTADO is the father of minor children, MARIAH HURTADO, deceased,

        E.H. AND K.L., and sues herein as Next Friend of E.H. AND K.L., minors.

12.     SHIVAUN CARTER is the mother of MARIAH HURTADO, deceased, E.H. AND

        K.L., minors.

13.    JASON HURTADO and SHIVAUN CARTER have standing to sue for loss of consortium as a result of the death of their minor child, MARIAH HURTADO.

14.    JASON HURTADO was the husband to TINA HURTADO and has standing to sue for loss of consortium as a result of the death of his wife.

15.    JASON HURTADO, E.H., a minor, AND K.L., a minor, have claims for personal injury and bystander mental anguish as a result of seeing their loved ones injured, maimed, and killed.

16.    Defendant LARIE APARICIO ("**APARICIO**") is an individual and a citizen of Arizona. He may be served at 5631 W. Onyx Ave. in Glendale, Maricopa County, Arizona 85302, or wherever he may be found.

17.    Defendant AM TRANSPORT SERVICES, INC., ("**AM TRANSPORT**") is a domestic For-Profit Corporation that is organized under the laws of the State of Arizona with its principal office in Chandler, Arizona. AM TRANSPORT may be served through its Registered Agent for service, MAURICIO MARQUEZ, located at 3722 E. Chipman Rd. Phoenix, Arizona 85040.

18.    Defendant AMT LEASING, INC., is a domestic For-Profit Corporation that is organized under the laws of the State of Arizona with its principal office in Phoenix, Arizona. AMT LEASING, INC. may be served through its Registered Agent for

4

service, MAURICIO MARQUEZ, located at 3722 E. Chipman Rd. Phoenix, Arizona 85040.

19.     Defendant MAURICIO MARQUEZ is an individual and a citizen of Arizona. He may be served with process at 3722 E. Chipman Rd. Phoenix, Arizona 85040, or wherever he may be found.

20.     Defendant LANGE LOGISTICS, INC. ("LANGE LOGISTICS") is a domestic For-Profit General Business organized under the laws of the State of Missouri with its principal office at 500 N. Broadway, Suite 1360, Saint Louis, MO, 63102.  LANGE LOGISTICS may be served through its Registered Agent for service at C T Corporation System located at 120 South Central Avenue, Clayton, Missouri 63105.

21.     Defendant TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS ("**SEVEN SEAS**") is a domestic corporation organized under the laws of the State of Illinois with its principal office at 500 N. Broadway, Suite 1360, Saint Louis, MO, 63102. SEVEN SEAS may be served through its Registered Agent for service at C T Corporation System located at 208 SO Lasalle St., Suite, 814, Chicago, IL 60604.

22.     Defendant TOM LANGE COMPANY, INC. is a domestic for-profit corporation organized under the laws of the State of Missouri with its principal office at 500 N. Broadway, Suite 1360, Saint Louis, MO, 63102. TOM LANGE COMPANY, INC. may

be served through its Registered Agent for service at The Corporation Company located at 120 S. Central Avenue, Clayton, Missouri 63105.

23.     Defendant FNF CONSTRUCTION, INC. is a foreign for-profit corporation and may be served through its registered agent – Corporation Service Company, 110 E. Broadway St., Hobbs, NM 88240.

24.     Defendant Lisa Vega, P.E., New Mexico Department of Transportation District 6 Engineer can be served at 1919 Pinon Drive, Milan, NM 87021.

25.     Defendant Jan Niclas, New Mexico Department of Transportation District 6 Maintenance Engineer can be served at 1919 Pinon Drive, Milan, NM 87021.

26.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit, unless otherwise specified.

## JURISDICTION AND VENUE

27.     Jurisdiction is proper as all defendants committed torts in New Mexico and directed business in New Mexico, and Plaintiffs' claims arise out of said contact.

28.     Venue is proper in Santa Fe County under NMSA 1978 38-3-1(A), because Plaintiffs Kristina Martinez, Helen Laura Lopez, and Todd Lopez reside there and because of other venue provisions.

6

## FACTS

29.     On June 25, 2021, at approximately 10:30 PM, Plaintiff LILLIAN HURTADO and her

family were caravanning in two separate vehicles traveling westbound on Interstate

40 near mile-marker 63.5 in McKinley County, New Mexico. Lillian was in the

passenger seat of her brother, Jason Hurtado's 2007 Honda Odyssey minivan, which

Jason was driving ("**Vehicle #2**"). Other passengers in the vehicle were E.H. and K.L.,

minor children. Following Lillian's vehicle was a 2015 Chrysler 200 sedan driven by

Tina Hurtado, Jason's wife. ("**Vehicle #3**"). Lillian's minor daughter, VICTORIA

VAUGHT, who was 17 years old, was in the backseat of **Vehicle #3**. Also in the car

was Mariah Hurtado, a minor child of Jason Hurtado and Shivaun Carter.

30.     At the same time, Defendant APARICIO was operating a 2015 Peterbilt Commercial

tractor-trailer, bearing New Mexico License Plate No. AH663554, in the course and

scope of his employment with Defendants. The tractor was owned by AM

TRANSPORT. Connected to the tractor was a refrigerated trailer unit bearing Texas

License Plate No. 13144Y5. The trailer unit was owned by AMT LEASING, INC.

APARICIO was traveling westbound on Interstate 40 behind another commercial

tractor-trailer. With total disregard for the safety of others, APARICIO attempted to

pass the other commercial tractor-trailer—a white Freightliner pulling a double

trailer ("**Vehicle #5**")—without checking the traffic conditions on I-40 ahead, which

7

had come to almost a complete stop. As APARICIO changed lanes at a high rate of speed, he failed to slow his tractor-trailer and struck the rear of **Vehicle #2**.The impact caused **Vehicle #2** to rear end of **Vehicle #3**, and push **Vehicle #3** into a Cadillac sedan, which was labeled in the police report as **Vehicle #4**. **Vehicle #3** then continued forward, striking the front left wheel of the other commercial tractor-trailer, a Freightliner vehicle labeled **Vehicle #5. Vehicle #3** then went into an uncontrolled spin and came to a final rest on the shoulder of Interstate 40. In total, APARICIO caused a five-car pileup with multiple fatalities.

31.    All three individuals in **Vehicle #2**—VICTORIA VAUGHT, MARIAH HURTADO and TINA HURTADO were pronounced dead at the scene.

32.    LILLIAN HURTADO lost consciousness for a period of time after the wreck. When she regained consciousness, she had excruciating pain in her left leg which rendered her unable to walk. LILLIAN HURTADO was airlifted to University of New Mexico Hospital where she was evaluated for multiple fractures in her leg.

33.    JASON HURTADO, E.H., and K.L. suffered serious personal injuries.

34.    LILLIAN HURTADO, JASON HURTADO, E.H., and K.L. had a perception of their loved ones injured and dying and have suffered anguish.

35.    All vehicles were towed from the scene and the westbound lanes of Interstate 40 remained closed in the surrounding area until 7:45 AM the next morning.

8

36.     The crash took place at night in a construction zone operated by FNF Construction.

37.     FNF Construction negligently maintained and created the construction zone, including traffic control measures.

38.     By way of example, and not limitation, the signage at the crash location instructed the truck driver to do exactly what he did, which was change lanes in the event of a backup in the right lane—



39.     Despite it being designated a Safety Corridor, the speed limit was not reduced.

40.     FNF Construction's Failure contributed to the crash.

41.     Lisa Vega, P.E., and Jan Niclas are NMDOT Engineers for this area in charge of maintenance. The traffic control measures and signage was poorly maintained and contributed to cause the crash.

9

42.     The McKinley County Sherriff's department, along with the New Mexico State Police, determined that APARICIO caused the wreck due to his inattention to traffic conditions.

43.     As a result of Defendants negligent conduct, Plaintiff LILLIAN HURTADO and the Estate of VICTORIA VAUGHT suffered severe personal injuries and damages which will be described in further detail below.

44.     Defendant MAURICIO MARQUEZ is the owner of defendants AM TRANSPORT, INC., and AMT LEASING, INC.

45.     Upon information and belief, LANGE LOGISTICS, SEVEN SEAS, AND TOM LANGE COMPANY, INC. form the larger Tom Lange "Family of Companies." The three entities together "provide full circle service and complete the entire production, distribution and logistics circle when it comes to fresh produce."

46.     Upon information and belief, TOM LANGE COMPANY, INC. is the parent company of LANGE LOGISTICS and SEVEN SEAS.

47.     Upon information and belief, LANGE LOGISTICS is organized to provide transportation solutions for temperate-controlled and perishable products.

48.     Upon information and belief, SEVEN SEAS is organized to grow, pack, and ship fresh produce around the globe.

10

49.   Based on information and belief, Defendants were engaged in a contract for transportation and trucking services at the time of the collision. More specifically, AM TRANSPORT, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC., were engaged in a joint venture with an equal right to control the venture and an agreement among them to participate in a common enterprise for the purpose of commercially transporting freight in interstate commerce and were acting within the course and scope of this venture in furthering the business and duties of each other and are liable for the negligence of each other.

50.   Upon information and belief, APARICIO is, and was at all times relevant to this case, employed as a driver of a commercial motor vehicle by AM TRANSPORT and/or AMT LEASING, INC., MAURICIO MARQUEZ and was directed by AM TRANSPORT SERVICES, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC. to transport various loads in interstate commerce subject to separate contract carrier agreements, broker agreements, and lease agreements between AM TRANSPORT SERVICES, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC.

11

51.     On or about June 25, 2021, APARICIO was directed by AM TRANSPORT, AMT

        LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and

        TOM LANGE COMPANY, INC. to transport and deliver a haul of produce.

52.     Upon information and belief, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE

        COMPANY, INC. controlled, managed, and supervised the manner, method, and

        procedure for how this load would be transported, including the date and time the

        load was to be picked up and delivered, the route to be taken, payment restrictions,

        and extensive driving instructions.

53.     Upon information and belief, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE

        COMPANY, INC. directed AM TRANSPORT, AMT LEASING, INC., and

        APARICIO to diverge from the original route to include a previously unscheduled

        stop in Texas on or about June 25, 2021.

54.     LANGE LOGISTICS is a broker of interstate motor carriers subject to Federal Motor

        Carrier Safety Act ("FMCSA") Regulations and is therefore responsible for the acts

        and omissions of APARICIO, AM TRANSPORT, AMT LEASING, INC., and

        MAURICIO MARQUEZ.

55.     In the alternative, LANGE LOGISTICS acted as a broker of the load being hauled by

        the tractor-trailer being driven by APARICIO and in that capacity selected, hired,

12

and contracted APARICIO, AM TRANSPORT, AMT LEASING, INC., and MAURICIO MARQUEZ to haul the load.

## COUNT I – NEGLIGENCE/ NEGLIGENCE *PER SE*

56.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

57.    The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

58.    Defendant APARICIO was an employee/statutory employee of Defendants and was, at all times relevant to the collision made the basis of this suit, acting in the course and scope of his employment. The negligence/negligence *per se* of APARICIO is therefore imputed to Defendants. The negligence/negligence *per se* of Defendants, directly and vicariously, was a cause of the collision in question, pursuant to the legal doctrine *respondent superior*.

59.    In the alternative, Defendants are responsible for the negligent acts and/or omissions of Separate Defendant APARICIO because at the time and place in question, Defendant APARICIO was operating a commercial vehicle under Defendants' US DOT authority and he, as well as Defendants, were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. §376.12(c)(1). Accordingly, at

13

all relevant times hereto, Defendant APARICIO was a statutory employee of Defendants, and LILLIAN HURTADO and the Estate of VICTORIA VAUGHT are members of the class of persons 49 C.F.R. §376.12 (c)(1) was designed to protect.

60.    At all times relevant hereto, defendants had a duty to exercise ordinary care; that is, to exercise the degree of care that a reasonable and prudent person would use to prevent foreseeable risks of harm to others under the same or similar circumstances. This duty of care specifically included, but was not limited to, the duty to operate Defendants' commercial motor vehicle in a reasonable, prudent and safe manner; to obey the applicable traffic laws; and to exercise reasonable care for the safety of others, including Plaintiffs.

61.    On the occasion in question, Defendants breached their duty and failed to exercise ordinary care. Defendants' negligent, careless, and/or reckless disregard of duty included, but was not limited to, the following acts and omissions:

    A.    Failing to keep a proper lookout;

    B.    Failing to pay adequate attention;

    C.    Failing to use due caution;

    D.    Failing to operate the vehicle in a safe manner;

    E.    Failing to apply the brakes properly and timely;

    F.    Driving while distracted;

G.      Careless driving;

H.      Reckless driving;

I.      Operating the vehicle without regard for the safety and welfare of other persons or property; and

J.      Operating the vehicle in a manner inconsistent with that in which a reasonably prudent person would have operated a vehicle under the same or similar circumstances.

62.     Each and all of the above-stated acts and/or omissions constitute negligence or, alternatively, conscious indifference to the rights of Plaintiffs and the New Mexico motoring public. Plaintiffs reserve the right to plead additional and/or more specific acts and omissions in the future as additional facts become known.

63.     Defendants' negligent, careless, and/or reckless disregard of his duty was a cause of the resulting collision and injuries suffered by Plaintiffs, for which Plaintiffs seek damages within the jurisdictional limits of this Court.

64.     Defendant's acts and/or omissions described herein were reckless and/or grossly negligent as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants.

65.     The trucking, broker and shipper defendants are jointly and vicariously liable for the damages under *respondeat superior*, joint enterprise, joint venture, unlawful brokerage and other theories.

## COUNT II – NEGLIGENT HIRING / NEGLIGENT SELECTION

66.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

67.     The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

68.     Plaintiffs allege herein that Defendants were negligent in the hiring of APARICIO, in that Defendants knew, or in the exercise of reasonable care should have known, that APARICIO was unfit or unqualified for a position that would require him to safely operate commercial motor vehicles.

69.     The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## COUNT III – NEGLIGENT TRAINING

70.  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

71.  The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

72.  Plaintiffs allege herein that Defendants were negligent in the training of its employee, APARICIO, in the following particulars:

73.  Defendants knew, or in the exercise of reasonable care should have known, that APARICIO was unfit or unqualified for a position in which he was required to safely operate and drive commercial motor vehicles particularly concerning the operation of a commercial motor vehicle;

74.  Defendants failed to properly train and/or instruct its employee, APARICIO, for the job he was to perform and for the safe operation of a commercial motor vehicle, including, but not limited to, proper speed, keeping a safe distance, keeping a proper lookout, giving full attention to the road, yielding to the traffic in front of him, defensive driving; and

75.  Defendants failed to instruct or train its employee, APARICIO, concerning the commercial motor vehicle he was given to operate by Defendants and allowed its

17

employee to drive a commercial motor vehicle when it knew or should have known

that the employee was not capable of or qualified in operating the vehicle safely and

prudently.

76. Each and all of the foregoing act(s) and/or omission(s), alone or in combination with

others, constituted negligence and gross negligence, which caused the occurrence

made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve

the right to plead more specifically as facts become more fully known in discovery.

## COUNT IV – NEGLIGENT SUPERVISION

77. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein.

78. The term "Defendants" as it is used in this section refers collectively to Defendants

APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO

MARQUEZ.

79. Plaintiffs allege herein that Defendants were negligent in the supervision of its

employee, APARICIO, in the following particulars:

80. Defendants knew, or in the exercise of reasonable care should have known, that

APARICIO was unfit or unqualified for a position which he was required to safely

operate a commercial motor vehicle;

81. Defendants failed to supervise APARICIO for the job that he was to perform; and

18

82.     Defendants failed to supervise its employee, APARICIO, on the date of the incident in question, and allowed or failed to prevent APARICIO from operating a commercial motor vehicle in an unsafe manner on Defendants' behalf, for their benefit, and for their monetary profit.

83.     Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence which caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## COUNT V – NEGLIGENT RETENTION

84.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

85.     The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

86.     Plaintiffs alleges herein that Defendants were negligent in the retention of APARICIO as a commercial motor vehicle driver, in that Defendants knew, or in the exercise of reasonable care should have known, that APARICIO was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle. Further, Defendants knew, or in the exercise of reasonable care should

19

have known, that APARICIO had not been provided adequate, if any, training by Defendants concerning the safe operation of a commercial motor vehicle. Despite this actual or constructive knowledge, Defendants, negligently and gross negligently retained APARICIO from the date on which he was hired until and including the date of the incident in question. During that time, Defendants allowed APARICIO to operate, or failed to prevent APARICIO from operating, in an unsafe manner a commercial motor vehicle on Defendants' behalf, for Defendants' benefit, and for Defendants' monetary gain.

87.    Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and gross negligence, which caused the occurrence made the basis of this action and Plaintiffs' damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### COUNT VI – NEGLIGENCE OF FNF CONSTRUCTION

88.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

89.    FNF Construction, by and through its employees, were negligent in the development, maintenance, design of the traffic control plan.

90.    FNF Construction failed to reduce the speed limit, despite knowledge about the heavy truck traffic.

91.     FNF Construction failed to put proper signage, in fact, it also placed signage that

encouraged the very negligent decision made by the truck driver.

92.     FNF Construction failed to put adequate signage in to control the heavy truck traffic

that would be traveling at 75mph into the work zone.

93.     FNF Construction has knowledge that crash risk, especially involving tractor-

trailers, increases in construction zones.

94.     FNF Construction committed other acts of negligence that contributed to cause the

crash and the deaths and injuries to Plaintiffs.

## COUNT VII –NEGLIGENT MAINTENACE BY NMDOT DISTRICT ENGINEERS

95.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein.

96.     The section of the roadway where the wreck took place is under the control and

supervision of the New Mexico Department of Transportation, including specifically

the two district engineers, Jan Niclas and Lisa Vega.

97.     Niclas and Vega have a duty to act as an ordinary prudent person in the maintenance

of the roadway.

98.     Their responsibilities include, management of the transportation activities such as

maintenance and construction of highways.

99. The section of the roadway where the wreck took place was poorly maintained in that there was improper signage, lack of signage, which contributed to the crash.

100. Traffic control measures were not maintained at the location to prevent the crash.

101. Such failures, among other maintenance issues, contributed to cause the crash.

102. Defendants' acts and/or omissions described herein were reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants.

## COUNT VIII – DAMAGES

103. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

104. Companies, and their agents, servants, employees, and contractors must never needlessly endanger anyone.

105. Companies, and their agents, servants, employees, and contractors must be safe at all they do to prevent harm.

106. Companies, and their agents, servants, employees, and contractors must comply with all regulatory and legal requirements to prevent harm.

22

107.   Companies, and their agents, servants, employees, and contractors must exercise ordinary and reasonable care for the protection and safety of all motorists on the highway.

108.   Companies, and their agents, servants, employees, and contractors must never put profits over safety.

109.   Defendants' acts and/or omissions described herein were reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants.

110.   Defendants breached the duties they owed to Plaintiffs when they failed to uphold the standard of care utilized by drivers and corporations and engineers in good standing who are engaged in the same type of service or specialty.

111.   Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the deaths of Mariah Hurtado, Tina Hurtado and Victoria Vaught.

112.   Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the injuries and

damages of Jason Hurtado, E.H., K.L., and Lillian Hurtado, including the bystander mental anguish of seeing loved ones maimed, killed and injured.

113.   Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the loss of consortium for Lillian Hurtado and Daniel Vaught as a result of losing their daughter.

114.   Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the loss of consortium for Jason Hurtado and Shivaun Carter as a result of losing their daughter.

115.   All damage caused was foreseeable to defendants.

116.   Plaintiffs seek all damages to which they are entitled by law.

117.   Plaintiffs requests that the jury consider what sum of money, if paid now in cash, would fairly and reasonably compensate their injuries and the damages sustained as a result of Defendants' wrongful conduct.

118.   As a result of Defendants' negligence, Plaintiffs LILLIAN HURTADO, JASON HURTADO, E.H., and K.L. suffered serious personal injuries and damages, including, but not limited to, the following:

A.     Medical expenses incurred in the past and in the future;

B.     Physical pain and suffering in the past and future;

24

C.     Mental anguish and emotional distress in the past and future, including bystander mental anguish;

D.     Lost wages sustained in the past;

E.     Loss of earning capacity in the future and the value of the lost household services of the deceased;

F.     Physical impairment in the past and future;

G.     Physical disfigurement in the past and future;

H.     Loss of enjoyment of life in the past and in the future;

I.     Any other actual or special damages in an amount to be proved at trial and as allowed by law; and

J.     Punitive damages in the maximum amount allowed by law.

119.    As a direct and proximate result of Defendants' negligence, the Estates of VICTORIA VAUGHT, MARIAH HURTADO and TINA HURTADO suffered fatal injuries and damages, including, but not limited to, the following:

A.     Loss of life;

B.     Loss of enjoyment of life;

C.     Conscious pain, suffering, and mental anguish experienced prior to her death;

D.     Loss of earning capacity in the future; and

E.     Earnings reasonably certain to be lost in the future.

120. Plaintiffs' damages exceed the minimum jurisdictional limit of the court. Plaintiffs reserve the right to plead additional and/or more specific damages in the future as additional information becomes available.

121. Plaintiffs seek fair and reasonable compensation for their damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

### PUNITIVE/EXEMPLARY DAMAGES

122. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

123. Defendants' acts and/or omissions described herein demonstrate a total disregard for the laws, rules, and regulations of the State of New Mexico, and constitute sufficient evidence to justify an award of punitive damages to Plaintiffs.

124. Defendants' acts and/or omissions were malicious, willful, reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law, and Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants in the maximum amount allowed by law.

26

## DAMAGES CONSIDERED SEPARATELY

125.    Plaintiffs respectfully assert their request that they be allowed to have the elements

of damages considered separately and individually for the purpose of determining

the sum of money that will fairly and reasonably compensate their injuries, losses

and damages incurred, and to be incurred, and that each element of their damages

be considered separately and individually, segregating the past and future losses, so

that the amount of pre-judgment interest due to them may be computed.

## CONDITIONS PRECEDENT

126.    All conditions precedent to Plaintiffs' claim for relief have been performed or have

occurred.

## PRAYER

127.    Plaintiffs pray for judgment in their favor and against the Defendants each of them,

jointly and severally for the following:

A.      Special and actual damages as alleged herein and/or proven at trial;

B.      Punitive damages in the maximum amount allowed by law;

C.      Prejudgment interest from the date of injury through the date of judgment, at

the maximum rate allowed by law;

D.      Post-judgment interest at the maximum rate allowed by law;

E.      Costs incurred in the prosecution of this action; and

27

F.     Any and all such other and further relief, whether in law or in equity, to which

Plaintiff may be justly entitled.

### JURY DEMAND

128.   Plaintiffs demand a trial by jury.

Respectfully submitted,

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 *fax*
*mlindsay@odomfirm.com*

*ATTORNEYS FOR PLAINTIFFS LILLIAN
HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL
VAUGHT, INDIVIDUALLY;*

28

By:    **/s/ Stuart R. White**
         Stuart R. White
         Kevin W. Liles
         **LILES WHITE PLLC**
         500 N. Water Street, Suite 800
         Corpus Christi, TX 78401
         Phone: 361.826.0100
         Fax: 361.826.0101
         NM Bar No. 148360
         NM Bar No. 148246
         Stuart@LilesWhite.com
         Kevin@LilesWhite.com

         AND

         David J. Jaramillo
         JARAMILLO LAW FIRM, PC
         505 Roma Ave. NW
         Albuquerque, NM  87102
         Phone:  505.200.9454
         Fax:  505.717.1502
         David@djnmlaw.com
         law@djnmlaw.com

         *TODD LOPEZ, AS PERSONAL*
         *REPRESENTATIVE OF THE WRONGFUL*
         *DEATH ESTATE OF MARIAH HURTADO,*
         *AND KRISTINA MARTINEZ AS PERSONAL*
         *REPRESENTATIVE OF THE WRONGFUL*
         *DEATH ESTATE OF TINA HURTADO;*
         *JASON HURTADO, INDIVIDUALLY AND AS*
         *NEXT FRIEND OF E.H. AND K.L., MINORS;*
         *SHIVAUN CARTER, INDIVIDUALLY*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT,
Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER,
Individually;

Plaintiffs,                                    No. D-101-CV-2022-01147

v.

AM TRANSPORT SERVICES, INC., LARIE
APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC.
d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## JURY DEMAND

Plaintiffs, through their undersigned attorneys, demand trial by a twelve person jury of all

issues triable of right by jury and hereby tender the sum of $300.00 for jury fee.

1

Respectfully Submitted:

*/s/ Stuart R. White*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF MARIAH HURTADO, AND
KRISTINA MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF TINA HURTADO; JASON
HURTADO, INDIVIDUALLY AND AS NEXT
FRIEND OF E.H. AND K.L., MINORS;
SHIVAUN CARTER, INDIVIDUALLY

2

*/s/ John D. Sloan, JR*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN
HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF
THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL
VAUGHT, INDIVIDUALLY

June 29, 2022

3

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER, Individually;

Plaintiffs,

v.                                                    No.    D-101-CV-2022-01147

AM TRANSPORT SERVICES, INC., LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a
SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## UNOPPOSED MOTION TO APPOINT PERSONAL REPRESENTATIVE TO PURSUE WRONGFUL DEATH CLAIM IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

In conformity with NMSA 1978 Section 41-2-3 et seq., Kristina Martinez, moves the Court

for an Order appointing her as Personal Representative of the Estate of Tina Hurtado for the

purpose of investigating and pursuing a wrongful-death action and as grounds for said Order states:

1.      Tina Hurtado died on June 25, 2021.

2.      The Undersigned represents all of the statutory beneficiaries of Tina Hurtado.

1

3.    All of the beneficiaries consent to the appointment Kristina Martinez as the Personal Representative of the Estate of Tina Hurtado.

4.    Appointment of a Personal Representative is necessary for the purpose of investigating, pursuing, and resolving a wrongful-death action.

5.    As set out by the New Mexico Court of Appeals in the *In the Matter of the Estate of Kirsten Sumler*, 2003- NMCA-30, this court should appoint the Wrongful Death Personal Representative.

> Cases interpreting our wrongful death act have made it clear that it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code ... We take this opportunity to re-emphasize that appointment as the personal representative of a decedent's *estate* is neither necessary nor sufficient authority for a person to serve as a Section 41-2-3 personal representative: the power to enter a judgment appointing a Section 41-2-3 personal representative "flows from the wrongful death statute itself and not from the probate, or estate, laws." *Henkel*, 49 N.M. at 47, 156 P.2d at 791 ... In view of the Supreme Court's holding that appointment as a Section 41-2-3 personal representative is not a jurisdictional prerequisite to bringing a wrongful death action, *Chavez v. Regents of the University of New Mexico*, 103 N.M. 606, 711 P.2d 883 (1985), **we see no reason why a petition for appointment of a Section 41-2-3 personal representative may not be brought with the wrongful death action itself,** *see* Rules 1-002 and 1-018(A) NMRA 2002; NMSA 1978 § 44-6-4 (1975), assuming that all necessary parties, NMSA 1978 § 44-6-12 (1975), are subject to joinder in the forum where the wrongful death action is brought.

*In the Matter of the Estate of Kirsten Sumler,* 2003-NMCA-30 {2}, {9} {10}, 62 P.3d 776 (emphasis supplied).

6.    Pursuant to New Mexico law, in particular § 41-2-3, NMSA 1978, a statutory wrongful death claim is to be pursued by a personal representative or representatives possessed of authority to pursue such a claim. Our Supreme Court in *Mackey v. Burke*, 102 N.M. 294 (1984) has determined:

2

1) Plaintiff's powers as administrator of the estate were unrelated to his alleged authority as a personal representative since that power flows from the wrongful death statutes, not probate law.

2) A wrongful death action has no relation to the estate.

3) The Legislature assigned the right of action to the personal representative merely because someone had to be designated, not because such action would automatically have fallen within his duties.

4) "The term 'personal representative' is used simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action."

5) The personal representative is a "nominal party" in the sense that he acts as a trustee for the statutory beneficiaries, and not in any capacity for the estate, in pursuing the wrongful death action.

Cases after *Henkel* make clear that the importance of the personal representative in the statute is to distinguish a person from the statutory beneficiaries, to set someone apart from the beneficiaries, and enable that person to prosecute the wrongful death suit. * * * Status as a potential statutory beneficiary is not the test for authority to bring a wrongful death action. If each potential beneficiary was considered a personal representative, the suits could be unending and contradictory. The Legislature has given the personal representative power to sue as "the statutory trustee for the discoverable and identifiable beneficiaries named in the statute."

(Citations omitted).

7.      Movant is the appropriate person to act as Personal Representative in this wrongful death action. *See Chavez v. Regents of Univ. of N.M.*, 103 N.M. 606 (1985). *Chavez* instructs:

It is merely "incidental" that a "personal representative" is named to bring a wrongful death action…The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individual statutory beneficiaries.

[…]

3

> Although a wrongful death action in New Mexico must be prosecuted by a personal representative...the cases have generally broadly construed who qualifies as a personal representative under the Wrongful Death Act.

Id. at 608-09 (citations omitted). The personal representative need only be "in some sense, a personal representative of the deceased, [to] meet the requirement." *Id.* at 609. However, the Personal Representative need not "have the full powers required by the Probate Code, since his duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits." Id.

8.      Movant has been advised as to the requirements of the Wrongful Death Act, §41-2-1 et seq., NMSA 1978, particularly as to the priorities regarding statutory beneficiaries of a wrongful-death claim.

9.      Movant recognizes his duties under the Wrongful Death Act and agrees to comply with them and to serve as statutory trustee for discoverable and identifiable beneficiaries as required by law.

10.     To the best of Movant's knowledge and the knowledge of the undersigned attorneys, no other person has been appointed as a personal representative for the purposes sought herein either of defending or of pursuing or investigating a wrongful-death claim on behalf of the estate, nor has any other wrongful-death action on behalf of Tina Hurtado been filed.

WHEREFORE, Movant prays that she be appointed personal representative for Tina Hurtado, deceased, for the purpose of investigating and pursuing wrongful-death actions under the Wrongful Death Act, and for such other and further relief as may be proper.

4

Respectfully submitted by,

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM  87102
Phone:  505.200.9454
Fax:  505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF
MARIAH HURTADO, AND KRISTINA
MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF TINA
HURTADO; JASON HURTADO,
INDIVIDUALLY AND AS NEXT FRIEND
OF E.H. AND K.L., MINORS; SHIVAUN
CARTER, INDIVIDUALLY

5

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via electronic
mail to all counsel of record on June 29, 2022.

*/s/ David J. Jaramillo*
David J. Jaramillo

6

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
7/1/2022 10:37 AM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of
VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH
HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend
of
E.H. and K.L., minors; and SHIVAUN CARTER,
Individually;                                        No. D-101-CV-2022-01147

Plaintiffs,

v.

AM TRANSPORT SERVICES, INC.,
LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC.
d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## ORDER APPOINTING
## PERSONAL REPRESENTATIVE
## FOR TINA HURTADO, DECEASED,
## IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

This matter having come before the Court on Movant, Kristina Martinez's Unopposed

Motion to Appoint Personal Representative for the Estate of Tina Hurtado, deceased, under the

Wrongful Death Act, and the Court being fully advised,

1

FINDS:  That the Motion is well taken and should be granted.

IT IS therefore ORDERED that Kristina Martinez is appointed Personal Representative of the Estate of Tina Hurtado for the purpose of investigating and pursuing a wrongful death action.

THE HONORABLE FRANCIS J. MATHEW
DISTRICT COURT JUDGE

Respectfully submitted by:

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM  87102
Phone:  505.200.9454
Fax:  505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH
ESTATE OF MARIAH HURTADO, AND KRISTINA MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF TINA HURTADO; JASON
HURTADO, INDIVIDUALLY AND AS NEXT FRIEND OF E.H. AND K.L., MINORS;
SHIVAUN CARTER, INDIVIDUALLY.

2

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY;

**Mark Poindexter**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Friday, July 01, 2022 11:23 AM |
| **To:** | Mark Poindexter |
| **Subject:** | Notification of Service for Case:  D-101-CV-2022-01147, Lillian Hurtado, et. al.,  v. AM Transport Services Inc, et. al. for filing ORD: OF APPOINTMENT, Envelope Number: 8353505 |



# Notification of Service

Case Number: D-101-CV-2022-01147
Case Style: Lillian Hurtado, et. al., v. AM
Transport Services Inc, et. al.
Envelope Number: 8353505

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-101-CV-2022-01147 |
| **Case Style** | Lillian Hurtado, et. al., v. AM Transport Services Inc, et. al. |
| **Date/Time Submitted** | 7/1/2022 10:37 AM MST |
| **Filing Type** | ORD: OF APPOINTMENT |
| **Filing Description** | Order Appointing Personal Representative for Tina Hurtado, Deceased, in Accordance with NMSA 1978,§ 41-2-1 et seq. |
| **Filed By** | Jamaica Gonzales |
| **Service Contacts** | Lillian Hurtado:<br><br>David Jaramillo (David@djnmlaw.com)<br><br>Mark Poindexter (mark@djnmlaw.com)<br><br>Liles White (efiling@lileswhite.com)<br><br><br>Daniel Vaught:<br><br>John Sloan (jsloan@sloanfirm.com)<br><br>Emma Roddy (eroddy@sloanfirm.com)<br><br>Matthew Lindsay (mlindsay@odomfirm.com) |

| Document Details | |
|---|---|
| Served Document | Download Document |
| This link is active for 90 days. | |

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative·
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER, Individually;

Plaintiffs,

v.                                          No.    D-101-CV-2022-01147

AM TRANSPORT SERVICES, INC., LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a
SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## UNOPPOSED MOTION TO APPOINT PERSONAL REPRESENTATIVE
## TO PURSUE WRONGFUL DEATH CLAIM IN ACCORDANCE
## WITH NMSA 1978 § 41-2-1 et seq.

In conformity with NMSA 1978 Section 41-2-3 et seq., Todd Lopez, moves the Court for

an Order appointing him as Personal Representative of the Estate of Mariah Hurtado for the

purpose of investigating and pursuing a wrongful-death action and as grounds for said Order states:

  1.    Mariah Hurtado died on June 25, 2021.

  2.    The Undersigned represents all of the statutory beneficiaries of Mariah Hurtado.

1

3.     All of the beneficiaries consent to the appointment Todd Lopez as the Personal Representative of the Estate of Mariah Hurtado.

4.     Appointment of a Personal Representative is necessary for the purpose of investigating, pursuing, and resolving a wrongful-death action.

5.     As set out by the New Mexico Court of Appeals in the ***In the Matter of the Estate of Kirsten Sumler***, 2003- NMCA-30, this court should appoint the Wrongful Death Personal Representative.

> Cases interpreting our wrongful death act have made it clear that it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code ... We take this opportunity to re-emphasize that appointment as the personal representative of a decedent's *estate* is neither necessary nor sufficient authority for a person to serve as a Section 41-2-3 personal representative: the power to enter a judgment appointing a Section 41-2-3 personal representative "flows from the wrongful death statute itself and not from the probate, or estate, laws." ***Henkel***, 49 N.M. at 47, 156 P.2d at 791 ... In view of the Supreme Court's holding that appointment as a Section 41-2-3 personal representative is not a jurisdictional prerequisite to bringing a wrongful death action, ***Chavez v. Regents of the University of New Mexico***, 103 N.M. 606, 711 P.2d 883 (1985), **we see no reason why a petition for appointment of a Section 41-2-3 personal representative may not be brought with the wrongful death action itself,** *see* Rules 1-002 and 1-018(A) NMRA 2002; NMSA 1978 § 44-6-4 (1975), assuming that all necessary parties, NMSA 1978 § 44-6-12 (1975), are subject to joinder in the forum where the wrongful death action is brought.

***In the Matter of the Estate of Kirsten Sumler,*** 2003-NMCA-30 {2}, {9} {10}, 62 P.3d 776 (emphasis supplied).

6.     Pursuant to New Mexico law, in particular § 41-2-3, NMSA 1978, a statutory wrongful death claim is to be pursued by a personal representative or representatives possessed of authority to pursue such a claim. Our Supreme Court in ***Mackey v. Burke***, 102 N.M. 294 (1984) has determined:

1) Plaintiff's powers as administrator of the estate were unrelated to his alleged authority as a personal representative since that power flows from the wrongful death statutes, not probate law.

2) A wrongful death action has no relation to the estate.

3) The Legislature assigned the right of action to the personal representative merely because someone had to be designated, not because such action would automatically have fallen within his duties.

4) "The term 'personal representative' is used simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action."

5) The personal representative is a "nominal party" in the sense that he acts as a trustee for the statutory beneficiaries, and not in any capacity for the estate, in pursuing the wrongful death action.

Cases after *Henkel* make clear that the importance of the personal representative in the statute is to distinguish a person from the statutory beneficiaries, to set someone apart from the beneficiaries, and enable that person to prosecute the wrongful death suit. * * * Status as a potential statutory beneficiary is not the test for authority to bring a wrongful death action. If each potential beneficiary was considered a personal representative, the suits could be unending and contradictory. The Legislature has given the personal representative power to sue as "the statutory trustee for the discoverable and identifiable beneficiaries named in the statute."

(Citations omitted).

7.      Movant is the appropriate person to act as Personal Representative in this wrongful death action. *See Chavez v. Regents of Univ. of N.M.*, 103 N.M. 606 (1985). *Chavez* instructs:

It is merely "incidental" that a "personal representative" is named to bring a wrongful death action...The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individual statutory beneficiaries.

[...]

3

> Although a wrongful death action in New Mexico must be prosecuted by a personal representative…the cases have generally broadly construed who qualifies as a personal representative under the Wrongful Death Act.

Id. at 608-09 (citations omitted). The personal representative need only be "in some sense, a personal representative of the deceased, [to] meet the requirement." *Id.* at 609. However, the Personal Representative need not "have the full powers required by the Probate Code, since his duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits." Id.

8.     Movant has been advised as to the requirements of the Wrongful Death Act, §41-2-1 et seq., NMSA 1978, particularly as to the priorities regarding statutory beneficiaries of a wrongful-death claim.

9.     Movant recognizes his duties under the Wrongful Death Act and agrees to comply with them and to serve as statutory trustee for discoverable and identifiable beneficiaries as required by law.

10.     To the best of Movant's knowledge and the knowledge of the undersigned attorneys, no other person has been appointed as a personal representative for the purposes sought herein either of defending or of pursuing or investigating a wrongful-death claim on behalf of the estate, nor has any other wrongful-death action on behalf of Mariah Hurtado been filed.

WHEREFORE, Movant prays that he be appointed personal representative for Mariah Hurtado, deceased, for the purpose of investigating and pursuing wrongful-death actions under the Wrongful Death Act, and for such other and further relief as may be proper.

Respectfully submitted by,

4

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF
MARIAH HURTADO, AND KRISTINA
MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF TINA
HURTADO; JASON HURTADO,
INDIVIDUALLY AND AS NEXT FRIEND
OF E.H. AND K.L., MINORS; SHIVAUN
CARTER, INDIVIDUALLY

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via electronic
mail to all counsel of record on June 29, 2022.

*/s/ David J. Jaramillo*
David J. Jaramillo

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
7/1/2022 10:38 AM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of
VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER,
Individually;

Plaintiffs,                               No. D-101-CV-2022-01147

v.

AM TRANSPORT SERVICES, INC.,
LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC.
d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

**ORDER APPOINTING
PERSONAL REPRESENTATIVE
FOR MARIAH HURTADO, DECEASED,
IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.**

This matter having come before the Court on Movant, Todd Lopez's Unopposed Motion

to Appoint Personal Representative for the Estate of Mariah Hurtado, deceased, under the

Wrongful Death Act, and the Court being fully advised,

FINDS: That the Motion is well taken and should be granted.

1

IT IS therefore ORDERED that Todd Lopez is appointed Personal Representative of the

Estate of Mariah Hurtado for the purpose of investigating and pursuing a wrongful death action.

_____
THE HONORABLE FRANCIS J. MATHEW
DISTRICT COURT JUDGE

Respectfully submitted by:

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH
ESTATE OF MARIAH HURTADO, AND KRISTINA MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF TINA HURTADO; JASON
HURTADO, INDIVIDUALLY AND AS NEXT FRIEND OF E.H. AND K.L., MINORS;
SHIVAUN CARTER, INDIVIDUALLY.

2

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY;

3

**Mark Poindexter**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Friday, July 01, 2022 11:24 AM |
| **To:** | Mark Poindexter |
| **Subject:** | Notification of Service for Case:  D-101-CV-2022-01147, Lillian Hurtado, et. al.,  v. AM Transport Services Inc, et. al. for filing ORD: OF APPOINTMENT, Envelope Number: 8353528 |



# Notification of Service

Case Number: D-101-CV-2022-01147
Case Style: Lillian Hurtado, et. al., v. AM
Transport Services Inc, et. al.
Envelope Number: 8353528

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-101-CV-2022-01147 |
| **Case Style** | Lillian Hurtado, et. al., v. AM Transport Services Inc, et. al. |
| **Date/Time Submitted** | 7/1/2022 10:38 AM MST |
| **Filing Type** | ORD: OF APPOINTMENT |
| **Filing Description** | Order Appointing Personal Representative for Mariah Hurtado, Deceased, in Accordance with NMSA 1978,§ 41-2-1 et seq. |
| **Filed By** | Jamaica Gonzales |
| **Service Contacts** | Lillian Hurtado:<br><br>David Jaramillo (David@djnmlaw.com)<br><br>Mark Poindexter (mark@djnmlaw.com)<br><br>Liles White (efiling@lileswhite.com)<br><br><br>Daniel Vaught:<br><br>John Sloan (jsloan@sloanfirm.com)<br><br>Emma Roddy (eroddy@sloanfirm.com)<br><br>Matthew Lindsay (mlindsay@odomfirm.com) |

1

| Document Details |  |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. |  |

This email has been scanned for spam and viruses. Click here to report this email as spam.



## Service of Process Transmittal Summary

**TO:**　　Heather Siddle, General Counsel/Director of HR
　　　　　Tom Lange Company, Inc.
　　　　　500 N BROADWAY STE 1360
　　　　　SAINT LOUIS, MO 63102-2110

**RE:**　　**Process Served in Missouri**

**FOR:**　　TOM LANGE COMPANY, INC.  (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LILLIAN HURTADO, Individually, HELEN LAURA LOPEZ, as Personal Representative of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased; DANIEL VAUGHT, Individually; TODD LOPEZ, as Personal Representative of the Wrongful Death Estate of MARIAH HURTADO, KRISTINA MARTINEZ as Personal Representative of the Wrongful Death Estate of TINA HURTADO; JASON HURTADO, Individually and as Next Friend of E.H. and K.L., minors; and SHIVAUN CARTER, Individually // To: TOM LANGE COMPANY, INC. |
| **CASE #:** | D101CV202201147 |
| **NATURE OF ACTION:** | Wrongful Death - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, Clayton, MO |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 07/13/2022 |
| **JURISDICTION SERVED:** | Missouri |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Heather Siddle  HSiddle@tomlange.com |
| | Email Notification,  Legal Department  corplegal@tomlange.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Company |
| | 120 South Central Avenue |
| | Clayton, MO 63105 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

7/11/2022, 5:03 PM

ORIGIN ID:ONMA      (505) 200-9454
MARK POINDEXTER
JARAMILLO LAW FIRM PC
505 ROMA AVENUE NW

ALBUQUERQUE, NM 87102
UNITED STATES US

SHIP DATE: 11JUL22
ACTWGT: 0.50 LB
CAD: 251019736/INET4490

BILL SENDER

TO **TOM LANGE COMPANY, INC.**
**C/O THE CORPORATION COMPANY**
**120 S. CENTRAL AVENUE**

**CLAYTON MO 63105**
(314) 863-5545                    REF: HURTADO
INV:
PO:                                DEPT:

581J20A92FE4A



FedEx
Express

THU - 14 JUL 4:30P

**EXPRESS SAVER**

DSR

**63105**
STL

TRK# 0201  **7773 5714 4168**

# ST SUSA

MO-US



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# JARAMILLO LAW FIRM PC

### DAVID J. JARAMILLO
### Lawyer

505 ROMA AVENUE NW | ALBUQUERQUE, NM 87102
PHONE (505) 200-9454 | FAX (505) 717-1502
WWW.DJNMLAW.COM

July 11, 2022

**<u>Via FedEx</u>**
TOM LANGE COMPANY, INC.
c/o The Corporation Company
120 S. Central Avenue
Clayton, MO 63105

      Re: D-101-CV-2022-01147; Hurtado/Vaught v AM Transport, et al.

To whom it may concern:

Enclosed are the following:

- Summons;
- Plaintiffs' Original Complaint for Personal Injury and Wrongful Death;
- 12-Person Jury Demand;
- Unopposed Motion to Appoint Personal Representative to Pursue Wrongful Death Claim in Accordance with NMSA 1978 §41-2-1 et seq. (for Tina Hurtado);
- Order Appointing Personal Representative for Tina Hurtado, Deceased, in Accordance with NMSA 1978 §41-2-1 et seq.;
- Unopposed Motion to Appoint Personal Representative to Pursue Wrongful Death Claim in Accordance with NMSA 1978 §41-2-1 et seq. (for Mariah Hurtado);
- Order Appointing Personal Representative for Mariah Hurtado, Deceased, in Accordance with NMSA 1978 §41-2-1 et seq.;

Thank you

Mark Poindexter, Paralegal
mark@djnmlaw.com

/encls.

Copy to:     SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
              ODOM LAW FIRM, P.A.
              LILES WHITE PLLC

## SUMMONS

| | |
|---|---|
| First Judicial District Court<br>Santa Fe County,  New Mexico<br>225 Montezuma Ave.<br>Santa Fe, NM 87501<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2022-01147<br><br>Judge: Francis J. Mathew |
| LILLIAN HURTADO, Individually,  HELEN LAURA LOPEZ, as Personal Representative  of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased; DANIEL VAUGHT, Individually; TODD LOPEZ, as Personal Representative  of the Wrongful Death Estate of MARIAH HURTADO, KRISTINA MARTINEZ as Personal Representative  of the Wrongful Death Estate of TINA HURTADO; JASON HURTADO, Individually and as Next Friend of  E.H. and K.L., minors; and SHIVAUN CARTER, Individually; Plaintiffs,<br> v.<br> AM TRANSPORT SERVICES, INC., LARIE APARICIO,  AMT LEASING, INC., MAURICIO MARQUEZ,  LANGE LOGISTICS, INC.,  TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS, TOM LANGE COMPANY, INC., FNF CONSTRUCTION INC. LISA VEGA; and JAN NICLAS, Defendants. | Defendant Name:<br><br>TOM LANGE COMPANY, INC. |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.     You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, 30TH DAY OF JUNE 2022

KATHLEEN VIGIL

CLERK OF THE COURT

By _____

Dep____

Respectfully Submitted:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

And

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN
HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF
THE WRONGFUL DEATH ESTATE OF VICTORIA
VAUGHT, DECEASED; DANIEL VAUGHT,
INDIVIDUALLY;

And

Page **2** of 5

_/s/ Stuart R. White_
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

And

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF MARIAH HURTADO, AND KRISTINA MARTINEZ AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF TINA HURTADO; JASON HURTADO, INDIVIDUALLY AND AS NEXT FRIEND OF E.H. AND K.L., MINORS; SHIVAUN CARTER, INDIVIDUALLY

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN** [1]

STATE OF NEW MEXICO              )
                                )ss
COUNTY OF BERNALILLO            )


I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in ___St. Louis___ County on the __11th__ day of __July__, __2022__, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[X]    to the defendant by [mail] (courier service) as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ (*used when the defendant is not presently at place of abode* ) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of this summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing  by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[X]    to __The Corporation Company__, an agent authorized to receive service of process for defendant __Tom Lange Company, Inc.__.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____, (name of person), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Page 4 of 5

Fees: _____

_____

Signature of Person making service

_____

Title *(if any)*

Subscribed and sworn to before me this 11th day of July _____, 2022. [2]

_____

Judge, notary or other officer
Authorized to administer oaths

STATE OF NEW MEXICO
NOTARY PUBLIC
Kaedi Sanchez
Commission No. 1115128
May 27, 2024

_____

Official title

## USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

Case assigned to Mathew, Francis J.

D-101-CV-2022-01147

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER, Individually;

*Plaintiffs,*

v.                                                          NO.

AM TRANSPORT SERVICES, INC., LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.,
LISA VEGA; and JAN NICLAS,

*Defendants.*

---

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR PERSONAL INJURY AND WRONGFUL DEATH

Plaintiffs, LILLIAN HURTADO, Individually, HELEN LAURA LOPEZ, as Personal

Representative of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased, by and

through the undersigned attorneys; and TODD LOPEZ, as Personal Representative of the

Estate of MARIAH HURTADO, and KRISTINA MARTINEZ, as Personal Representative of the Estates of TINA HURTADO; and JASON HURTADO, Individually, and as Next Friend of Minor Children, E. H. and K. L., and SHIVAUN CARTER, individually, and for their Complaint against the Defendants, LARIE APARICIO, AM TRANSPORT SERVICES, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, INC., TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS, and TOM LANGE COMPANY, INC., FNF CONSTRUCTION INC., LISA VEGA and JAN NICLAS states and alleges as follows:

## INTRODUCTION

1.  This action arises from a fatal motor vehicle collision between Plaintiffs and Defendants that occurred on Interstate 40 in Prewitt, McKinley County, New Mexico, on June 25, 2021.

## PARTIES

2.  This action arises from a fatal motor vehicle collision between Plaintiffs and Defendants that occurred on Interstate 40 in Prewitt, McKinley County, New Mexico, on June 25, 2021.

3.  Plaintiff, LILLIAN HURTADO, is an individual and was a resident and citizen of Fayetteville, Washington County, Arkansas, at all times relevant to this Complaint.

2

4.      This Court has appointed or upon motion will appoint HELEN LAURA LOPEZ, as Personal Representative of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased, pursuant to NMSA (1978) Section 41-2-3.

5.      HELEN LAURA LOPEZ is a resident of Santa Fe, New Mexico.

6.      LILLIAN HURTADO and DANIEL VAUGHT are the parents of VICTORIA VAUGHT, who was a minor child at the time of her death, and have standing for loss of consortium claims.

7.      This Court has appointed or upon motion will appoint TODD LOPEZ as Personal Representatives of the Wrongful Death Estate of TINA HURTADO, deceased, pursuant to NMSA (1978) Section 41-2-3.

8.      TODD LOPEZ is a resident of Santa Fe, New Mexico.

9.      This Court has appointed or upon motion will appoint KRISTINA MARTINEZ as Personal Representatives of the Wrongful Death Estate of MARIAH HURTADO, deceased, pursuant to NMSA (1978) Section 41-2-3.

10.      KRISTINA MARTINEZ is a resident of Santa Fe, New Mexico.

11.      JASON HURTADO is the father of minor children, MARIAH HURTADO, deceased, E.H. AND K.L., and sues herein as Next Friend of E.H. AND K.L., minors.

12.      SHIVAUN CARTER is the mother of MARIAH HURTADO, deceased, E.H. AND K.L., minors.

3

13.     JASON HURTADO and SHIVAUN CARTER have standing to sue for loss of consortium as a result of the death of their minor child, MARIAH HURTADO.

14.     JASON HURTADO was the husband to TINA HURTADO and has standing to sue for loss of consortium as a result of the death of his wife.

15.     JASON HURTADO, E.H., a minor, AND K.L., a minor, have claims for personal injury and bystander mental anguish as a result of seeing their loved ones injured, maimed, and killed.

16.     Defendant LARIE APARICIO ("**APARICIO**") is an individual and a citizen of Arizona. He may be served at 5631 W. Onyx Ave. in Glendale, Maricopa County, Arizona 85302, or wherever he may be found.

17.     Defendant AM TRANSPORT SERVICES, INC., ("**AM TRANSPORT**") is a domestic For-Profit Corporation that is organized under the laws of the State of Arizona with its principal office in Chandler, Arizona. AM TRANSPORT may be served through its Registered Agent for service, MAURICIO MARQUEZ, located at 3722 E. Chipman Rd. Phoenix, Arizona 85040.

18.     Defendant AMT LEASING, INC., is a domestic For-Profit Corporation that is organized under the laws of the State of Arizona with its principal office in Phoenix, Arizona. AMT LEASING, INC. may be served through its Registered Agent for

4

service, MAURICIO MARQUEZ, located at 3722 E. Chipman Rd. Phoenix, Arizona 85040.

19.    Defendant MAURICIO MARQUEZ is an individual and a citizen of Arizona. He may be served with process at 3722 E. Chipman Rd. Phoenix, Arizona 85040, or wherever he may be found.

20.    Defendant LANGE LOGISTICS, INC. ("LANGE LOGISTICS") is a domestic For-Profit General Business organized under the laws of the State of Missouri with its principal office at 500 N. Broadway, Suite 1360, Saint Louis, MO, 63102.  LANGE LOGISTICS may be served through its Registered Agent for service at C T Corporation System located at 120 South Central Avenue, Clayton, Missouri 63105.

21.    Defendant TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS ("**SEVEN SEAS**") is a domestic corporation organized under the laws of the State of Illinois with its principal office at 500 N. Broadway, Suite 1360, Saint Louis, MO, 63102. SEVEN SEAS may be served through its Registered Agent for service at C T Corporation System located at 208 SO Lasalle St., Suite, 814, Chicago, IL 60604.

22.    Defendant TOM LANGE COMPANY, INC. is a domestic for-profit corporation organized under the laws of the State of Missouri with its principal office at 500 N. Broadway, Suite 1360, Saint Louis, MO, 63102. TOM LANGE COMPANY, INC. may

be served through its Registered Agent for service at The Corporation Company located at 120 S. Central Avenue, Clayton, Missouri 63105.

23.     Defendant FNF CONSTRUCTION, INC. is a foreign for-profit corporation and may be served through its registered agent – Corporation Service Company, 110 E. Broadway St., Hobbs, NM 88240.

24.     Defendant Lisa Vega, P.E., New Mexico Department of Transportation District 6 Engineer can be served at 1919 Pinon Drive, Milan, NM 87021.

25.     Defendant Jan Niclas, New Mexico Department of Transportation District 6 Maintenance Engineer can be served at 1919 Pinon Drive, Milan, NM 87021.

26.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit, unless otherwise specified.

## JURISDICTION AND VENUE

27.     Jurisdiction is proper as all defendants committed torts in New Mexico and directed business in New Mexico, and Plaintiffs' claims arise out of said contact.

28.     Venue is proper in Santa Fe County under NMSA 1978 38-3-1(A), because Plaintiffs Kristina Martinez, Helen Laura Lopez, and Todd Lopez reside there and because of other venue provisions.

## FACTS

29.     On June 25, 2021, at approximately 10:30 PM, Plaintiff LILLIAN HURTADO and her

family were caravanning in two separate vehicles traveling westbound on Interstate

40 near mile-marker 63.5 in McKinley County, New Mexico. Lillian was in the

passenger seat of her brother, Jason Hurtado's 2007 Honda Odyssey minivan, which

Jason was driving ("**Vehicle #2**"). Other passengers in the vehicle were E.H. and K.L.,

minor children. Following Lillian's vehicle was a 2015 Chrysler 200 sedan driven by

Tina Hurtado, Jason's wife. ("**Vehicle #3**"). Lillian's minor daughter, VICTORIA

VAUGHT, who was 17 years old, was in the backseat of **Vehicle #3.** Also in the car

was Mariah Hurtado, a minor child of Jason Hurtado and Shivaun Carter.

30.     At the same time, Defendant APARICIO was operating a 2015 Peterbilt Commercial

tractor-trailer, bearing New Mexico License Plate No. AH663554, in the course and

scope of his employment with Defendants. The tractor was owned by AM

TRANSPORT. Connected to the tractor was a refrigerated trailer unit bearing Texas

License Plate No. 13144Y5. The trailer unit was owned by AMT LEASING, INC.

APARICIO was traveling westbound on Interstate 40 behind another commercial

tractor-trailer. With total disregard for the safety of others, APARICIO attempted to

pass the other commercial tractor-trailer—a white Freightliner pulling a double

trailer ("**Vehicle #5**")—without checking the traffic conditions on I-40 ahead, which

7

had come to almost a complete stop. As APARICIO changed lanes at a high rate of speed, he failed to slow his tractor-trailer and struck the rear of **Vehicle #2**.The impact caused **Vehicle #2** to rear end of **Vehicle #3**, and push **Vehicle #3** into a Cadillac sedan, which was labeled in the police report as **Vehicle #4**. **Vehicle #3** then continued forward, striking the front left wheel of the other commercial tractor-trailer, a Freightliner vehicle labeled **Vehicle #5**. **Vehicle #3** then went into an uncontrolled spin and came to a final rest on the shoulder of Interstate 40. In total, APARICIO caused a five-car pileup with multiple fatalities.

31.    All three individuals in **Vehicle #2**—VICTORIA VAUGHT, MARIAH HURTADO and TINA HURTADO were pronounced dead at the scene.

32.    LILLIAN HURTADO lost consciousness for a period of time after the wreck. When she regained consciousness, she had excruciating pain in her left leg which rendered her unable to walk. LILLIAN HURTADO was airlifted to University of New Mexico Hospital where she was evaluated for multiple fractures in her leg.

33.    JASON HURTADO, E.H., and K.L. suffered serious personal injuries.

34.    LILLIAN HURTADO, JASON HURTADO, E.H., and K.L. had a perception of their loved ones injured and dying and have suffered anguish.

35.    All vehicles were towed from the scene and the westbound lanes of Interstate 40 remained closed in the surrounding area until 7:45 AM the next morning.

36.     The crash took place at night in a construction zone operated by FNF Construction.

37.     FNF Construction negligently maintained and created the construction zone, including traffic control measures.

38.     By way of example, and not limitation, the signage at the crash location instructed the truck driver to do exactly what he did, which was change lanes in the event of a backup in the right lane—



39.     Despite it being designated a Safety Corridor, the speed limit was not reduced.

40.     FNF Construction's Failure contributed to the crash.

41.     Lisa Vega, P.E., and Jan Niclas are NMDOT Engineers for this area in charge of maintenance. The traffic control measures and signage was poorly maintained and contributed to cause the crash.

9

42.   The McKinley County Sherriff's department, along with the New Mexico State Police, determined that APARICIO caused the wreck due to his inattention to traffic conditions.

43.   As a result of Defendants negligent conduct, Plaintiff LILLIAN HURTADO and the Estate of VICTORIA VAUGHT suffered severe personal injuries and damages which will be described in further detail below.

44.   Defendant MAURICIO MARQUEZ is the owner of defendants AM TRANSPORT, INC., and AMT LEASING, INC.

45.   Upon information and belief, LANGE LOGISTICS, SEVEN SEAS, AND TOM LANGE COMPANY, INC. form the larger Tom Lange "Family of Companies." The three entities together "provide full circle service and complete the entire production, distribution and logistics circle when it comes to fresh produce."

46.   Upon information and belief, TOM LANGE COMPANY, INC. is the parent company of LANGE LOGISTICS and SEVEN SEAS.

47.   Upon information and belief, LANGE LOGISTICS is organized to provide transportation solutions for temperate-controlled and perishable products.

48.   Upon information and belief, SEVEN SEAS is organized to grow, pack, and ship fresh produce around the globe.

10

49.  Based on information and belief, Defendants were engaged in a contract for transportation and trucking services at the time of the collision. More specifically, AM TRANSPORT, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC., were engaged in a joint venture with an equal right to control the venture and an agreement among them to participate in a common enterprise for the purpose of commercially transporting freight in interstate commerce and were acting within the course and scope of this venture in furthering the business and duties of each other and are liable for the negligence of each other.

50.  Upon information and belief, APARICIO is, and was at all times relevant to this case, employed as a driver of a commercial motor vehicle by AM TRANSPORT and/or AMT LEASING, INC., MAURICIO MARQUEZ and was directed by AM TRANSPORT SERVICES, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC. to transport various loads in interstate commerce subject to separate contract carrier agreements, broker agreements, and lease agreements between AM TRANSPORT SERVICES, INC., AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC.

51. On or about June 25, 2021, APARICIO was directed by AM TRANSPORT, AMT LEASING, INC., MAURICIO MARQUEZ, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC. to transport and deliver a haul of produce.

52. Upon information and belief, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC. controlled, managed, and supervised the manner, method, and procedure for how this load would be transported, including the date and time the load was to be picked up and delivered, the route to be taken, payment restrictions, and extensive driving instructions.

53. Upon information and belief, LANGE LOGISTICS, SEVEN SEAS, and TOM LANGE COMPANY, INC. directed AM TRANSPORT, AMT LEASING, INC., and APARICIO to diverge from the original route to include a previously unscheduled stop in Texas on or about June 25, 2021.

54. LANGE LOGISTICS is a broker of interstate motor carriers subject to Federal Motor Carrier Safety Act ("FMCSA") Regulations and is therefore responsible for the acts and omissions of APARICIO, AM TRANSPORT, AMT LEASING, INC., and MAURICIO MARQUEZ.

55. In the alternative, LANGE LOGISTICS acted as a broker of the load being hauled by the tractor-trailer being driven by APARICIO and in that capacity selected, hired,

12

and contracted APARICIO, AM TRANSPORT, AMT LEASING, INC., and MAURICIO MARQUEZ to haul the load.

## COUNT I – NEGLIGENCE/ NEGLIGENCE *PER SE*

56.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

57.   The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

58.   Defendant APARICIO was an employee/statutory employee of Defendants and was, at all times relevant to the collision made the basis of this suit, acting in the course and scope of his employment. The negligence/negligence *per se* of APARICIO is therefore imputed to Defendants. The negligence/negligence *per se* of Defendants, directly and vicariously, was a cause of the collision in question, pursuant to the legal doctrine *respondent superior*.

59.   In the alternative, Defendants are responsible for the negligent acts and/or omissions of Separate Defendant APARICIO because at the time and place in question, Defendant APARICIO was operating a commercial vehicle under Defendants' US DOT authority and he, as well as Defendants, were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. §376.12(c)(1). Accordingly, at

13

all relevant times hereto, Defendant APARICIO was a statutory employee of Defendants, and LILLIAN HURTADO and the Estate of VICTORIA VAUGHT are members of the class of persons 49 C.F.R. §376.12 (c)(1) was designed to protect.

60.    At all times relevant hereto, defendants had a duty to exercise ordinary care; that is, to exercise the degree of care that a reasonable and prudent person would use to prevent foreseeable risks of harm to others under the same or similar circumstances. This duty of care specifically included, but was not limited to, the duty to operate Defendants' commercial motor vehicle in a reasonable, prudent and safe manner; to obey the applicable traffic laws; and to exercise reasonable care for the safety of others, including Plaintiffs.

61.    On the occasion in question, Defendants breached their duty and failed to exercise ordinary care. Defendants' negligent, careless, and/or reckless disregard of duty included, but was not limited to, the following acts and omissions:

A.    Failing to keep a proper lookout;

B.    Failing to pay adequate attention;

C.    Failing to use due caution;

D.    Failing to operate the vehicle in a safe manner;

E.    Failing to apply the brakes properly and timely;

F.    Driving while distracted;

14

G.      Careless driving;

H.      Reckless driving;

I.      Operating the vehicle without regard for the safety and welfare of other persons or property; and

J.      Operating the vehicle in a manner inconsistent with that in which a reasonably prudent person would have operated a vehicle under the same or similar circumstances.

62.     Each and all of the above-stated acts and/or omissions constitute negligence or, alternatively, conscious indifference to the rights of Plaintiffs and the New Mexico motoring public. Plaintiffs reserve the right to plead additional and/or more specific acts and omissions in the future as additional facts become known.

63.     Defendants' negligent, careless, and/or reckless disregard of his duty was a cause of the resulting collision and injuries suffered by Plaintiffs, for which Plaintiffs seek damages within the jurisdictional limits of this Court.

64.     Defendant's acts and/or omissions described herein were reckless and/or grossly negligent as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants.

65.   The trucking, broker and shipper defendants are jointly and vicariously liable for the damages under *respondeat superior*, joint enterprise, joint venture, unlawful brokerage and other theories.

### COUNT II – NEGLIGENT HIRING / NEGLIGENT SELECTION

66.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

67.   The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

68.   Plaintiffs allege herein that Defendants were negligent in the hiring of APARICIO, in that Defendants knew, or in the exercise of reasonable care should have known, that APARICIO was unfit or unqualified for a position that would require him to safely operate commercial motor vehicles.

69.   The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## COUNT III – NEGLIGENT TRAINING

70.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

71.     The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

72.     Plaintiffs allege herein that Defendants were negligent in the training of its employee, APARICIO, in the following particulars:

73.     Defendants knew, or in the exercise of reasonable care should have known, that APARICIO was unfit or unqualified for a position in which he was required to safely operate and drive commercial motor vehicles particularly concerning the operation of a commercial motor vehicle;

74.     Defendants failed to properly train and/or instruct its employee, APARICIO, for the job he was to perform and for the safe operation of a commercial motor vehicle, including, but not limited to, proper speed, keeping a safe distance, keeping a proper lookout, giving full attention to the road, yielding to the traffic in front of him, defensive driving; and

75.     Defendants failed to instruct or train its employee, APARICIO, concerning the commercial motor vehicle he was given to operate by Defendants and allowed its

17

employee to drive a commercial motor vehicle when it knew or should have known that the employee was not capable of or qualified in operating the vehicle safely and prudently.

76.     Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## COUNT IV – NEGLIGENT SUPERVISION

77.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

78.     The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

79.     Plaintiffs allege herein that Defendants were negligent in the supervision of its employee, APARICIO, in the following particulars:

80.     Defendants knew, or in the exercise of reasonable care should have known, that APARICIO was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle;

81.     Defendants failed to supervise APARICIO for the job that he was to perform; and

82.     Defendants failed to supervise its employee, APARICIO, on the date of the incident in question, and allowed or failed to prevent APARICIO from operating a commercial motor vehicle in an unsafe manner on Defendants' behalf, for their benefit, and for their monetary profit.

83.     Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence which caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## COUNT V – NEGLIGENT RETENTION

84.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

85.     The term "Defendants" as it is used in this section refers collectively to Defendants APARICIO, AM TRANSPORT, INC., AMT LEASING, INC., and MAURICIO MARQUEZ.

86.     Plaintiffs alleges herein that Defendants were negligent in the retention of APARICIO as a commercial motor vehicle driver, in that Defendants knew, or in the exercise of reasonable care should have known, that APARICIO was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle. Further, Defendants knew, or in the exercise of reasonable care should

have known, that APARICIO had not been provided adequate, if any, training by Defendants concerning the safe operation of a commercial motor vehicle. Despite this actual or constructive knowledge, Defendants, negligently and gross negligently retained APARICIO from the date on which he was hired until and including the date of the incident in question. During that time, Defendants allowed APARICIO to operate, or failed to prevent APARICIO from operating, in an unsafe manner a commercial motor vehicle on Defendants' behalf, for Defendants' benefit, and for Defendants' monetary gain.

87.     Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and gross negligence, which caused the occurrence made the basis of this action and Plaintiffs' damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### COUNT VI – NEGLIGENCE OF FNF CONSTRUCTION

88.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

89.     FNF Construction, by and through its employees, were negligent in the development, maintenance, design of the traffic control plan.

90.     FNF Construction failed to reduce the speed limit, despite knowledge about the heavy truck traffic.

20

91.     FNF Construction failed to put proper signage, in fact, it also placed signage that encouraged the very negligent decision made by the truck driver.

92.     FNF Construction failed to put adequate signage in to control the heavy truck traffic that would be traveling at 75mph into the work zone.

93.     FNF Construction has knowledge that crash risk, especially involving tractor-trailers, increases in construction zones.

94.     FNF Construction committed other acts of negligence that contributed to cause the crash and the deaths and injuries to Plaintiffs.

## COUNT VII –NEGLIGENT MAINTENACE BY NMDOT DISTRICT ENGINEERS

95.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

96.     The section of the roadway where the wreck took place is under the control and supervision of the New Mexico Department of Transportation, including specifically the two district engineers, Jan Niclas and Lisa Vega.

97.     Niclas and Vega have a duty to act as an ordinary prudent person in the maintenance of the roadway.

98.     Their responsibilities include, management of the transportation activities such as maintenance and construction of highways.

21

99.  The section of the roadway where the wreck took place was poorly maintained in that there was improper signage, lack of signage, which contributed to the crash.

100.  Traffic control measures were not maintained at the location to prevent the crash.

101.  Such failures, among other maintenance issues, contributed to cause the crash.

102.  Defendants' acts and/or omissions described herein were reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants.

### COUNT VIII – DAMAGES

103.  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

104.  Companies, and their agents, servants, employees, and contractors must never needlessly endanger anyone.

105.  Companies, and their agents, servants, employees, and contractors must be safe at all they do to prevent harm.

106.  Companies, and their agents, servants, employees, and contractors must comply with all regulatory and legal requirements to prevent harm.

107. Companies, and their agents, servants, employees, and contractors must exercise ordinary and reasonable care for the protection and safety of all motorists on the highway.

108. Companies, and their agents, servants, employees, and contractors must never put profits over safety.

109. Defendants' acts and/or omissions described herein were reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants.

110. Defendants breached the duties they owed to Plaintiffs when they failed to uphold the standard of care utilized by drivers and corporations and engineers in good standing who are engaged in the same type of service or specialty.

111. Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the deaths of Mariah Hurtado, Tina Hurtado and Victoria Vaught.

112. Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the injuries and

damages of Jason Hurtado, E.H., K.L., and Lillian Hurtado, including the bystander mental anguish of seeing loved ones maimed, killed and injured.

113. Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the loss of consortium for Lillian Hurtado and Daniel Vaught as a result of losing their daughter.

114. Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the loss of consortium for Jason Hurtado and Shivaun Carter as a result of losing their daughter.

115. All damage caused was foreseeable to defendants.

116. Plaintiffs seek all damages to which they are entitled by law.

117. Plaintiffs requests that the jury consider what sum of money, if paid now in cash, would fairly and reasonably compensate their injuries and the damages sustained as a result of Defendants' wrongful conduct.

118. As a result of Defendants' negligence, Plaintiffs LILLIAN HURTADO, JASON HURTADO, E.H., and K.L. suffered serious personal injuries and damages, including, but not limited to, the following:

A. Medical expenses incurred in the past and in the future;

B. Physical pain and suffering in the past and future;

24

C.     Mental anguish and emotional distress in the past and future, including bystander mental anguish;

D.     Lost wages sustained in the past;

E.     Loss of earning capacity in the future and the value of the lost household services of the deceased;

F.     Physical impairment in the past and future;

G.     Physical disfigurement in the past and future;

H.     Loss of enjoyment of life in the past and in the future;

I.     Any other actual or special damages in an amount to be proved at trial and as allowed by law; and

J.     Punitive damages in the maximum amount allowed by law.

119.   As a direct and proximate result of Defendants' negligence, the Estates of VICTORIA VAUGHT, MARIAH HURTADO and TINA HURTADO suffered fatal injuries and damages, including, but not limited to, the following:

A.     Loss of life;

B.     Loss of enjoyment of life;

C.     Conscious pain, suffering, and mental anguish experienced prior to her death;

D.     Loss of earning capacity in the future; and

E.     Earnings reasonably certain to be lost in the future.

25

120.   Plaintiffs' damages exceed the minimum jurisdictional limit of the court. Plaintiffs reserve the right to plead additional and/or more specific damages in the future as additional information becomes available.

121.   Plaintiffs seek fair and reasonable compensation for their damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## PUNTIVE/EXEMPLARY DAMAGES

122.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

123.   Defendants' acts and/or omissions described herein demonstrate a total disregard for the laws, rules, and regulations of the State of New Mexico, and constitute sufficient evidence to justify an award of punitive damages to Plaintiffs.

124.   Defendants' acts and/or omissions were malicious, willful, reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law, and Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including Plaintiffs. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants in the maximum amount allowed by law.

## DAMAGES CONSIDERED SEPARATELY

125.    Plaintiffs respectfully assert their request that they be allowed to have the elements

of damages considered separately and individually for the purpose of determining

the sum of money that will fairly and reasonably compensate their injuries, losses

and damages incurred, and to be incurred, and that each element of their damages

be considered separately and individually, segregating the past and future losses, so

that the amount of pre-judgment interest due to them may be computed.

## CONDITIONS PRECEDENT

126.    All conditions precedent to Plaintiffs' claim for relief have been performed or have

occurred.

## PRAYER

127.    Plaintiffs pray for judgment in their favor and against the Defendants each of them,

jointly and severally for the following:

A.    Special and actual damages as alleged herein and/or proven at trial;

B.    Punitive damages in the maximum amount allowed by law;

C.    Prejudgment interest from the date of injury through the date of judgment, at

the maximum rate allowed by law;

D.    Post-judgment interest at the maximum rate allowed by law;

E.    Costs incurred in the prosecution of this action; and

27

F.   Any and all such other and further relief, whether in law or in equity, to which

Plaintiff may be justly entitled.

## JURY DEMAND

128.   Plaintiffs demand a trial by jury.

Respectfully submitted,

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 *fax*
*mlindsay@odomfirm.com*

*ATTORNEYS FOR PLAINTIFFS LILLIAN
HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL
VAUGHT, INDIVIDUALLY;*

28

By:    **/s/ Stuart R. White**
       Stuart R. White
       Kevin W. Liles
       **LILES WHITE PLLC**
       500 N. Water Street, Suite 800
       Corpus Christi, TX 78401
       Phone: 361.826.0100
       Fax: 361.826.0101
       NM Bar No. 148360
       NM Bar No. 148246
       Stuart@LilesWhite.com
       Kevin@LilesWhite.com

       AND

       David J. Jaramillo
       JARAMILLO LAW FIRM, PC
       505 Roma Ave. NW
       Albuquerque, NM  87102
       Phone:  505.200.9454
       Fax:  505.717.1502
       David@djnmlaw.com
       law@djnmlaw.com

       *TODD LOPEZ, AS PERSONAL*
       *REPRESENTATIVE OF THE WRONGFUL*
       *DEATH ESTATE OF MARIAH HURTADO,*
       *AND KRISTINA MARTINEZ AS PERSONAL*
       *REPRESENTATIVE OF THE WRONGFUL*
       *DEATH ESTATE OF TINA HURTADO;*
       *JASON HURTADO, INDIVIDUALLY AND AS*
       *NEXT FRIEND OF E.H. AND K.L., MINORS;*
       *SHIVAUN CARTER, INDIVIDUALLY*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT,
Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER,
Individually;

Plaintiffs,

No. D-101-CV-2022-01147

v.

AM TRANSPORT SERVICES, INC., LARIE
APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC.
d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## JURY DEMAND

Plaintiffs, through their undersigned attorneys, demand trial by a twelve person jury of all

issues triable of right by jury and hereby tender the sum of $300.00 for jury fee.

1

Respectfully Submitted:

*/s/ Stuart R. White*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM  87102
Phone:  505.200.9454
Fax:  505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF MARIAH HURTADO, AND
KRISTINA MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF TINA HURTADO; JASON
HURTADO, INDIVIDUALLY AND AS NEXT
FRIEND OF E.H. AND K.L., MINORS;
SHIVAUN CARTER, INDIVIDUALLY

2

*/s/ John D. Sloan, JR*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN
HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF
THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL
VAUGHT, INDIVIDUALLY

June 29, 2022

3

*/s/ John D. Sloan, JR*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN
HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF
THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL
VAUGHT, INDIVIDUALLY

June 29, 2022

3

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER, Individually;

Plaintiffs,

v.                                                          No.    D-101-CV-2022-01147

AM TRANSPORT SERVICES, INC., LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a
SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

## UNOPPOSED MOTION TO APPOINT PERSONAL REPRESENTATIVE TO PURSUE WRONGFUL DEATH CLAIM IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

In conformity with NMSA 1978 Section 41-2-3 et seq., Kristina Martinez, moves the Court

for an Order appointing her as Personal Representative of the Estate of Tina Hurtado for the

purpose of investigating and pursuing a wrongful-death action and as grounds for said Order states:

1.    Tina Hurtado died on June 25, 2021.

2.    The Undersigned represents all of the statutory beneficiaries of Tina Hurtado.

1

3.    All of the beneficiaries consent to the appointment Kristina Martinez as the Personal Representative of the Estate of Tina Hurtado.

4.    Appointment of a Personal Representative is necessary for the purpose of investigating, pursuing, and resolving a wrongful-death action.

5.    As set out by the New Mexico Court of Appeals in the *In the Matter of the Estate of Kirsten Sumler*, 2003- NMCA-30, this court should appoint the Wrongful Death Personal Representative.

> Cases interpreting our wrongful death act have made it clear that it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code ... We take this opportunity to re-emphasize that appointment as the personal representative of a decedent's *estate* is neither necessary nor sufficient authority for a person to serve as a Section 41-2-3 personal representative: the power to enter a judgment appointing a Section 41-2-3 personal representative "flows from the wrongful death statute itself and not from the probate, or estate, laws." *Henkel*, 49 N.M. at 47, 156 P.2d at 791 ... In view of the Supreme Court's holding that appointment as a Section 41-2-3 personal representative is not a jurisdictional prerequisite to bringing a wrongful death action, *Chavez v. Regents of the University of New Mexico*, 103 N.M. 606, 711 P.2d 883 (1985), **we see no reason why a petition for appointment of a Section 41-2-3 personal representative may not be brought with the wrongful death action itself,** *see* Rules 1-002 and 1-018(A) NMRA 2002; NMSA 1978 § 44-6-4 (1975), assuming that all necessary parties, NMSA 1978 § 44-6-12 (1975), are subject to joinder in the forum where the wrongful death action is brought.

*In the Matter of the Estate of Kirsten Sumler,* 2003-NMCA-30 {2}, {9} {10}, 62 P.3d 776 (emphasis supplied).

6.    Pursuant to New Mexico law, in particular § 41-2-3, NMSA 1978, a statutory wrongful death claim is to be pursued by a personal representative or representatives possessed of authority to pursue such a claim.  Our Supreme Court in *Mackey v. Burke*, 102 N.M. 294 (1984) has determined:

2

1) Plaintiff's powers as administrator of the estate were unrelated to his alleged authority as a personal representative since that power flows from the wrongful death statutes, not probate law.

2) A wrongful death action has no relation to the estate.

3) The Legislature assigned the right of action to the personal representative merely because someone had to be designated, not because such action would automatically have fallen within his duties.

4) "The term 'personal representative' is used simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action."

5) The personal representative is a "nominal party" in the sense that he acts as a trustee for the statutory beneficiaries, and not in any capacity for the estate, in pursuing the wrongful death action.

Cases after *Henkel* make clear that the importance of the personal representative in the statute is to distinguish a person from the statutory beneficiaries, to set someone apart from the beneficiaries, and enable that person to prosecute the wrongful death suit. * * * Status as a potential statutory beneficiary is not the test for authority to bring a wrongful death action. If each potential beneficiary was considered a personal representative, the suits could be unending and contradictory. The Legislature has given the personal representative power to sue as "the statutory trustee for the discoverable and identifiable beneficiaries named in the statute."

(Citations omitted).

7.      Movant is the appropriate person to act as Personal Representative in this wrongful death action. *See Chavez v. Regents of Univ. of N.M.*, 103 N.M. 606 (1985). *Chavez* instructs:

It is merely "incidental" that a "personal representative" is named to bring a wrongful death action...The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individual statutory beneficiaries.

[...]

3

> Although a wrongful death action in New Mexico must be prosecuted by a personal representative…the cases have generally broadly construed who qualifies as a personal representative under the Wrongful Death Act.

Id. at 608-09 (citations omitted). The personal representative need only be "in some sense, a personal representative of the deceased, [to] meet the requirement." *Id.* at 609. However, the Personal Representative need not "have the full powers required by the Probate Code, since his duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits." Id.

8.      Movant has been advised as to the requirements of the Wrongful Death Act, §41-2-1 et seq., NMSA 1978, particularly as to the priorities regarding statutory beneficiaries of a wrongful-death claim.

9.      Movant recognizes his duties under the Wrongful Death Act and agrees to comply with them and to serve as statutory trustee for discoverable and identifiable beneficiaries as required by law.

10.     To the best of Movant's knowledge and the knowledge of the undersigned attorneys, no other person has been appointed as a personal representative for the purposes sought herein either of defending or of pursuing or investigating a wrongful-death claim on behalf of the estate, nor has any other wrongful-death action on behalf of Tina Hurtado been filed.

WHEREFORE, Movant prays that she be appointed personal representative for Tina Hurtado, deceased, for the purpose of investigating and pursuing wrongful-death actions under the Wrongful Death Act, and for such other and further relief as may be proper.

Respectfully submitted by,

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF
MARIAH HURTADO, AND KRISTINA
MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF TINA
HURTADO; JASON HURTADO,
INDIVIDUALLY AND AS NEXT FRIEND
OF E.H. AND K.L., MINORS; SHIVAUN
CARTER, INDIVIDUALLY

5

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via electronic
mail to all counsel of record on June 29, 2022.

*/s/ David J. Jaramillo*
David J. Jaramillo

6

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
7/1/2022 10:37 AM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of
VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH
HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend
of
E.H. and K.L., minors; and SHIVAUN CARTER,
Individually;                                        No. D-101-CV-2022-01147

Plaintiffs,

v.

AM TRANSPORT SERVICES, INC.,
LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC.
d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

### ORDER APPOINTING
### PERSONAL REPRESENTATIVE
### FOR TINA HURTADO, DECEASED,
### IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

This matter having come before the Court on Movant, Kristina Martinez's Unopposed

Motion to Appoint Personal Representative for the Estate of Tina Hurtado, deceased, under the

Wrongful Death Act, and the Court being fully advised,

1

FINDS:  That the Motion is well taken and should be granted.

IT IS therefore ORDERED that Kristina Martinez is appointed Personal Representative of the Estate of Tina Hurtado for the purpose of investigating and pursuing a wrongful death action.

_____
THE HONORABLE FRANCIS J. MATHEW
DISTRICT COURT JUDGE

Respectfully submitted by:

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM  87102
Phone:  505.200.9454
Fax:  505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF MARIAH HURTADO, AND KRISTINA MARTINEZ AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF TINA HURTADO; JASON HURTADO, INDIVIDUALLY AND AS NEXT FRIEND OF E.H. AND K.L., MINORS; SHIVAUN CARTER, INDIVIDUALLY.

2

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY;

3

**Mark Poindexter**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Friday, July 01, 2022 11:23 AM |
| **To:** | Mark Poindexter |
| **Subject:** | Notification of Service for Case:  D-101-CV-2022-01147, Lillian Hurtado, et. al.,  v. AM Transport Services Inc, et. al. for filing ORD: OF APPOINTMENT, Envelope Number: 8353505 |



# Notification of Service

Case Number: D-101-CV-2022-01147
Case Style: Lillian Hurtado, et. al., v. AM
Transport Services Inc, et. al.
Envelope Number: 8353505

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-101-CV-2022-01147 |
| **Case Style** | Lillian Hurtado, et. al., v. AM Transport Services Inc, et. al. |
| **Date/Time Submitted** | 7/1/2022 10:37 AM MST |
| **Filing Type** | ORD: OF APPOINTMENT |
| **Filing Description** | Order Appointing Personal Representative for Tina Hurtado, Deceased, in Accordance with NMSA 1978,§ 41-2-1 et seq. |
| **Filed By** | Jamaica Gonzales |
| **Service Contacts** | Lillian Hurtado: <br><br> David Jaramillo (David@djnmlaw.com) <br><br> Mark Poindexter (mark@djnmlaw.com) <br><br> Liles White (efiling@lileswhite.com) <br><br><br> Daniel Vaught: <br><br> John Sloan (jsloan@sloanfirm.com) <br><br> Emma Roddy (eroddy@sloanfirm.com) <br><br> Matthew Lindsay (mlindsay@odomfirm.com) |

| Document Details | |
|---|---|
| Served Document | Download Document |
| This link is active for 90 days. | |

This email has been scanned for spam and viruses. Click <u>here</u> to report this email as spam.

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/29/2022 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER, Individually;

Plaintiffs,

v.                                                                        No.   D-101-CV-2022-01147

AM TRANSPORT SERVICES, INC., LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a
SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

### UNOPPOSED MOTION TO APPOINT PERSONAL REPRESENTATIVE TO PURSUE WRONGFUL DEATH CLAIM IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

In conformity with NMSA 1978 Section 41-2-3 et seq., Todd Lopez, moves the Court for

an Order appointing him as Personal Representative of the Estate of Mariah Hurtado for the

purpose of investigating and pursuing a wrongful-death action and as grounds for said Order states:

1.      Mariah Hurtado died on June 25, 2021.

2.      The Undersigned represents all of the statutory beneficiaries of Mariah Hurtado.

1

3.      All of the beneficiaries consent to the appointment Todd Lopez as the Personal

Representative of the Estate of Mariah Hurtado.

4.      Appointment of a Personal Representative is necessary for the purpose of

investigating, pursuing, and resolving a wrongful-death action.

5.      As set out by the New Mexico Court of Appeals in the ***In the Matter of the Estate***

***of Kirsten Sumler***, 2003- NMCA-30, this court should appoint the Wrongful Death Personal

Representative.

> Cases interpreting our wrongful death act have made it clear that it is improper
> to equate a personal representative under the Wrongful Death Act with a
> personal representative as defined by the Probate Code ... We take this
> opportunity to re-emphasize that appointment as the personal representative of a
> decedent's *estate* is neither necessary nor sufficient authority for a person to
> serve as a Section 41-2-3 personal representative: the power to enter a judgment
> appointing a Section 41-2-3 personal representative "flows from the wrongful
> death statute itself and not from the probate, or estate, laws." ***Henkel***, 49 N.M.
> at 47, 156 P.2d at 791 ... In view of the Supreme Court's holding that
> appointment as a Section 41-2-3 personal representative is not a jurisdictional
> prerequisite to bringing a wrongful death action, ***Chavez v. Regents of the***
> ***University of New Mexico***, 103 N.M. 606, 711 P.2d 883 (1985), **we see no**
> **reason why a petition for appointment of a Section 41-2-3 personal**
> **representative may not be brought with the wrongful death action itself,** *see*
> Rules 1-002 and 1-018(A) NMRA 2002; NMSA 1978 § 44-6-4 (1975), assuming
> that all necessary parties, NMSA 1978 § 44-6-12 (1975), are subject to joinder
> in the forum where the wrongful death action is brought.

***In the Matter of the Estate of Kirsten Sumler,*** 2003-NMCA-30 {2}, {9} {10}, 62 P.3d

776 (emphasis supplied).

6.      Pursuant to New Mexico law, in particular § 41-2-3, NMSA 1978, a statutory

wrongful death claim is to be pursued by a personal representative or representatives possessed of

authority to pursue such a claim.  Our Supreme Court in ***Mackey v. Burke***, 102 N.M. 294 (1984)

has determined:

2

1) Plaintiff's powers as administrator of the estate were unrelated to his alleged authority as a personal representative since that power flows from the wrongful death statutes, not probate law.

2) A wrongful death action has no relation to the estate.

3) The Legislature assigned the right of action to the personal representative merely because someone had to be designated, not because such action would automatically have fallen within his duties.

4) "The term 'personal representative' is used simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action."

5) The personal representative is a "nominal party" in the sense that he acts as a trustee for the statutory beneficiaries, and not in any capacity for the estate, in pursuing the wrongful death action.

Cases after *Henkel* make clear that the importance of the personal representative in the statute is to distinguish a person from the statutory beneficiaries, to set someone apart from the beneficiaries, and enable that person to prosecute the wrongful death suit. * * * Status as a potential statutory beneficiary is not the test for authority to bring a wrongful death action. If each potential beneficiary was considered a personal representative, the suits could be unending and contradictory. The Legislature has given the personal representative power to sue as "the statutory trustee for the discoverable and identifiable beneficiaries named in the statute."

(Citations omitted).

7.      Movant is the appropriate person to act as Personal Representative in this wrongful death action. *See Chavez v. Regents of Univ. of N.M.*, 103 N.M. 606 (1985). *Chavez* instructs:

It is merely "incidental" that a "personal representative" is named to bring a wrongful death action...The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individual statutory beneficiaries.

[...]

3

> Although a wrongful death action in New Mexico must be prosecuted by a personal representative…the cases have generally broadly construed who qualifies as a personal representative under the Wrongful Death Act.

Id. at 608-09 (citations omitted). The personal representative need only be "in some sense, a personal representative of the deceased, [to] meet the requirement." *Id.* at 609. However, the Personal Representative need not "have the full powers required by the Probate Code, since his duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits." Id.

8.    Movant has been advised as to the requirements of the Wrongful Death Act, §41-2-1 et seq., NMSA 1978, particularly as to the priorities regarding statutory beneficiaries of a wrongful-death claim.

9.    Movant recognizes his duties under the Wrongful Death Act and agrees to comply with them and to serve as statutory trustee for discoverable and identifiable beneficiaries as required by law.

10.   To the best of Movant's knowledge and the knowledge of the undersigned attorneys, no other person has been appointed as a personal representative for the purposes sought herein either of defending or of pursuing or investigating a wrongful-death claim on behalf of the estate, nor has any other wrongful-death action on behalf of Mariah Hurtado been filed.

WHEREFORE, Movant prays that he be appointed personal representative for Mariah Hurtado, deceased, for the purpose of investigating and pursuing wrongful-death actions under the Wrongful Death Act, and for such other and further relief as may be proper.

Respectfully submitted by,

4

*/s/ David J. Jaramillo*
Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Phone: 361.826.0100
Fax: 361.826.0101
NM Bar No. 148360
NM Bar No. 148246
Stuart@LilesWhite.com
Kevin@LilesWhite.com

AND

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM 87102
Phone: 505.200.9454
Fax: 505.717.1502
David@djnmlaw.com
law@djnmlaw.com

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF
MARIAH HURTADO, AND KRISTINA
MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF TINA
HURTADO; JASON HURTADO,
INDIVIDUALLY AND AS NEXT FRIEND
OF E.H. AND K.L., MINORS; SHIVAUN
CARTER, INDIVIDUALLY

5

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via electronic mail to all counsel of record on June 29, 2022.

*/s/ David J. Jaramillo*
David J. Jaramillo

6

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
7/1/2022 10:38 AM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of
VICTORIA VAUGHT, Deceased;
DANIEL VAUGHT, Individually;
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO;
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors; and SHIVAUN CARTER,
Individually;

Plaintiffs,                                        No. D-101-CV-2022-01147

v.

AM TRANSPORT SERVICES, INC.,
LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC.
d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.
LISA VEGA; and JAN NICLAS,

Defendants.

### ORDER APPOINTING
### PERSONAL REPRESENTATIVE
### FOR MARIAH HURTADO, DECEASED,
### IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

This matter having come before the Court on Movant, Todd Lopez's Unopposed Motion

to Appoint Personal Representative for the Estate of Mariah Hurtado, deceased, under the

Wrongful Death Act, and the Court being fully advised,

FINDS:  That the Motion is well taken and should be granted.

1

IT IS therefore ORDERED that Todd Lopez is appointed Personal Representative of the

Estate of Mariah Hurtado for the purpose of investigating and pursuing a wrongful death action.

_____

THE HONORABLE FRANCIS J. MATHEW

DISTRICT COURT JUDGE

Respectfully submitted by:

*/s/ David J. Jaramillo*

Stuart R. White

Kevin W. Liles

LILES WHITE PLLC

500 N. Water Street, Suite 800

Corpus Christi, TX 78401

Phone: 361.826.0100

Fax: 361.826.0101

NM Bar No. 148360

NM Bar No. 148246

Stuart@LilesWhite.com

Kevin@LilesWhite.com

AND

David J. Jaramillo

JARAMILLO LAW FIRM, PC

505 Roma Ave. NW

Albuquerque, NM  87102

Phone:  505.200.9454

Fax:  505.717.1502

David@djnmlaw.com

law@djnmlaw.com

TODD LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH
ESTATE OF MARIAH HURTADO, AND KRISTINA MARTINEZ AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF TINA HURTADO; JASON
HURTADO, INDIVIDUALLY AND AS NEXT FRIEND OF E.H. AND K.L., MINORS;
SHIVAUN CARTER, INDIVIDUALLY.

2

Approved by:

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
JSLOAN@SLOANFIRM.COM
509 ROMA AVE NW
ALBUQUERQUE, NEW MEXICO 87102
T: (903) 757-7000
F: (903) 757-7574

AND

MATTHEW L. LINDSAY
ABA #04028
ODOM LAW FIRM, P.A.
161 W Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 fax
mlindsay@odomfirm.com

ATTORNEYS FOR PLAINTIFFS LILLIAN HURTADO, INDIVIDUALLY HELEN LAURA
LOPEZ, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF
VICTORIA VAUGHT, DECEASED; DANIEL VAUGHT, INDIVIDUALLY;

**Mark Poindexter**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Friday, July 01, 2022 11:24 AM |
| **To:** | Mark Poindexter |
| **Subject:** | Notification of Service for Case:  D-101-CV-2022-01147, Lillian Hurtado, et. al.,  v. AM Transport Services Inc, et. al. for filing ORD: OF APPOINTMENT, Envelope Number: 8353528 |



# Notification of Service

Case Number: D-101-CV-2022-01147
Case Style: Lillian Hurtado, et. al., v. AM
Transport Services Inc, et. al.
Envelope Number: 8353528

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-101-CV-2022-01147 |
| **Case Style** | Lillian Hurtado, et. al., v. AM Transport Services Inc, et. al. |
| **Date/Time Submitted** | 7/1/2022 10:38 AM MST |
| **Filing Type** | ORD: OF APPOINTMENT |
| **Filing Description** | Order Appointing Personal Representative for Mariah Hurtado, Deceased, in Accordance with NMSA 1978,§ 41-2-1 et seq. |
| **Filed By** | Jamaica Gonzales |
| **Service Contacts** | Lillian Hurtado:<br><br>David Jaramillo (David@djnmlaw.com)<br><br>Mark Poindexter (mark@djnmlaw.com)<br><br>Liles White (efiling@lileswhite.com)<br><br><br>Daniel Vaught:<br><br>John Sloan (jsloan@sloanfirm.com)<br><br>Emma Roddy (eroddy@sloanfirm.com)<br><br>Matthew Lindsay (mlindsay@odomfirm.com) |

1

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. | |

This email has been scanned for spam and viruses. Click here to report this email as spam.

2