IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILLIAN HURTADO, Individually,
HELEN LAURA LOPEZ, as Personal Representative
of the Wrongful Death Estate of VICTORIA VAUGHT, Deceased,
DANIEL VAUGHT, Individually,
TODD LOPEZ, as Personal Representative
of the Wrongful Death Estate of MARIAH HURTADO,
KRISTINA MARTINEZ as Personal Representative
of the Wrongful Death Estate of TINA HURTADO,
JASON HURTADO, Individually and as Next Friend of
E.H. and K.L., minors, and SHIVAUN CARTER, Individually,

      Plaintiffs,

vs.                                                                  Civ. No. 22-cv-0599 KG/JFR

                                                        Removed from the District
                                                         Court of Santa Fe County,
                                                        State of New Mexico, D-101-
                                                        CV-2022-01147

AM TRANSPORT SERVICES, INC., LARIE APARICIO,
AMT LEASING, INC., MAURICIO MARQUEZ,
LANGE LOGISTICS, INC.,
TOM LANGE COMPANY INTERNATIONAL, INC. d/b/a SEVEN SEAS,
TOM LANGE COMPANY, INC.,
FNF CONSTRUCTION INC.,
LISA VEGA; and JAN NICLAS,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      THIS MATTER comes before this Court on plaintiffs' Motion for Remand (Doc. 29, "the

Motion") following the Notice of Removal (Doc. 1) filed by Lange Logistics, Inc.; Tom Lang

Company, Inc.; and Tom Lang Company International, Inc. d/b/a SEVEN SEAS, (collectively

"Lange defendants"). The Motion is fully and timely briefed. *See* (Docs. 29, 39, 46).

Also before the Court is plaintiffs' Motion to Dismiss under Rule 41(a)(2), also fully and timely briefed. *See* (Docs. 16, 22, 34).

In this case, the Court is presented with a tragic traffic accident resulting in multiple injuries and deaths. Assuming the allegations are true, poor signage and maintenance contributed to the accident. The relevant roadway was under construction at the time.

All the injuries and deaths resulting from the traffic accident are extremely unfortunate. However, this Court concludes that the two state engineers had only supervisory duties at the time, and state sovereign immunity has not been waived for supervisory negligence. In addition, defendant engineers submitted affidavits specifically indicating no responsibility for the actions and/or omissions complained of in plaintiffs' complaint and plaintiffs offer no evidence to rebut the affidavits. Therefore, this Court must deny plaintiffs' Motion as plaintiffs do not have any possibility of recovery against the state engineers. This Court concludes that they were fraudulently joined.

In addition, Lange defendants would suffer legal prejudice if plaintiffs were allowed to voluntarily dismiss under Rule 41(a)(2) due to the circumstances of this case, including the insufficient explanation for the dismissal, and the time, effort and expense incurred by Lange defendants. Hence, plaintiffs' Rule 41(a)(2) Motion to Dismiss (Doc. 16) is denied.

I.      *Background*

    A.  *Factual Background*

This Court will assume all allegations in the complaint are true for purposes of this Motion, unless stated otherwise. On June 25, 2021, an unfortunate traffic accident resulted in multiple injuries and deaths in New Mexico on Interstate 40. (Doc. 1, Exhibit 1, complaint) at ¶

1. One of the defendants was driving a truck owned by another defendant when he attempted to change lanes and crashed into a vehicle, resulting in the deaths of everyone in that vehicle, as well as resulting in a five-car pileup. *Id*. at ¶¶ 29-31. The relevant roadway was under construction at the time, operated by defendant FNF Construction. *Id*. at ¶ 36. Assuming the allegations are true, poor signage, traffic control, and maintenance contributed to the accident. *Id*. at ¶ 37.

### B. Procedural History

Plaintiffs filed a complaint in the District Court of Santa Fe County on June 29, 2022, that was removed based on diversity jurisdiction and fraudulent joinder to this Court on August 12, 2022. (Doc. 1). On August 12, 2022, Lange defendants filed the Notice of Removal. *Id*. On August 17, 2022, plaintiffs filed another complaint in the District Court of Santa Fe County against a defendant state engineer in this case and an additional NMDOT employee, which they amended two days later to include "all of the remaining defendants who were named in this case and who are currently before this Court." (Doc. 22) at 5 (citing (Doc. 16-1)). Lange defendants contend that in filing this second case in state court, "plaintiffs are thus attempting, in effect, to amend their complaint in the removed first filed case to add claims and parties." (Doc. 22) at 5.

On August 19, 2022, Lange defendants each filed motions to dismiss for lack of jurisdiction and failure to state a claim. (Docs. 6-8). On August 23, 2022, plaintiffs filed the opposed motion to dismiss without prejudice under Rule 41(a)(2) at bar ("plaintiffs' motion to dismiss"). (Doc. 16). On September 9, 2022, plaintiffs filed an amended complaint. (Doc. 28).

On September 12, 2022, plaintiffs filed the Motion for Remand at bar ("the Motion"). (Doc. 29). Despite Lange defendants' contention, plaintiffs did not waive this Motion and

consistently indicated their intention to so move this Court.  (Doc. 39) at pp. 8-10; (Doc. 46) at

pp. 3-5.  The Motion is fully and timely briefed.  *See* (Docs. 29, 39, 46).

On September 23, 2022, Lange defendants each again filed motions to dismiss for lack of

jurisdiction and failure to state a claim.  (Docs. 35-37).  The motions are fully briefed and shall

be addressed in a separate order.

II.      *Standards of Law*

A.  *Diversity Jurisdiction*

Subject-matter jurisdiction "requires (i) complete diversity among the parties; and (ii)

that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs.'"  *Schmidt v. Int'l Playthings*, 503 F.3d 1060, 1082 (2020) (quoting 28 U.S.C. Section

1332 (a)(1)).  The Supreme Court has explained that the diversity requirement is met only when

"no party on one side of the dispute shares citizenship with any party on the other side of the

dispute," that is, when diversity is "complete."  *Id*.  (quoting *McIntyre v. Kmart Corp.,* No. CIV

09-0567 JB/LAM, 2010 WL 553443, at * 3 (D.N.M. 2010)) (other citations omitted).  In this

matter, diversity is complete.

Lange defendants argue that plaintiffs joined the defendant NMDOT engineers solely in

order "to try to invoke the 'forum defendant rule' that a case cannot be removed if, even though

there is complete diversity, one of the defendants lives in the forum."  (Doc. 39) at 5 (citing 28

U.S.C. Section 1441 (b)(2)) (other citation omitted).  The state engineers, defendants Lisa Vega

and Jan Niclas, are New Mexico residents.

B.  *Removal and remand*

If a civil action is filed in state court, like this case was, and it satisfies the requirement

for original federal jurisdiction if there is complete diversity, as relevant here, the defendant may

"remove the action to the federal district court 'embracing the place where such action is

pending.'" *Schmidt*, 503 F.3d at 1084 (quoting 28 U.S.C. Section 1441 (a) (other citation

omitted)).  If plaintiffs object, they can move the court and request the case be remanded back to

state court.  *Id*. (citations omitted).  Such is the procedural posture at bar.

C.  *Fraudulent Joinder*

Because federal courts have limited jurisdiction, "there is a presumption against removal

jurisdiction, which the defendant seeking removal must overcome." *Id*. at 1085 (citations

omitted).  A "defendant may remove the case to federal court based upon diversity jurisdiction in

the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat

federal jurisdiction." *Id*. at 1089 (citations omitted).  Because this is a jurisdictional inquiry, "the

Tenth Circuit instructs that the district court should 'pierce the pleadings, consider the entire

record, and determine the basis of joinder by any means available.'" *Id*. (quoting *Dodd v.*

*Fawcett Pubs Inc.,* 329 F.2d 82, 85 (10th Cir. 1964)).  It is the "party asserting fraudulent joinder

[who] bears the burden of proof." *Id*. (citation and footnote omitted).

Although complete diversity exists in this matter, the state engineers are forum

defendants, a situation defeating removal to federal court unless the forum defendants are

fraudulently joined.  28 U.S.C. Section 1441(b)(2) ("A civil action otherwise removable solely

on the basis of jurisdiction under Section 1332(a) of this title may not be removed if any of the

parties in interest properly joined and served as defendants is a citizen of the State in which such

action is brought").

The standard applied by this Court for fraudulent joinder is "whether the defendant has

demonstrated that there is no possibility that the plaintiff will obtain a judgment against an in-

state defendant." *Schmidt*, 503 F.3d at 1093 (citing *Zufelt v. Isuzu Motors Am, LLC*, 727 F. 2d

1117, 1124-25 (D.N.M. 2009)).   According to the Tenth Circuit, this "standard is more exacting

than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); [] the latter entails the kind of

merits determination that, absent fraudulent joinder, should be left to the state court where the

action was commenced." *Montano v. Allstate*, 211 F.3d 1278, [published in full-text format at

2000 U.S. App. LEXIS 6852, at *5-*6], 2000 WL 525592, at *4-*5 (10th Cir. 2000) (quoting

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992) ("A claim which can be

dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous

that it may be disregarded for purposes of diversity jurisdiction")).

   Plaintiffs contend that Lange defendants failed to meet their burden under the fraudulent

joinder standard to demonstrate that there is no possibility that plaintiffs will obtain a judgment

against an in-state defendant, that is, one of the state engineers.  (Doc. 46) at 5 (citations

omitted).  Put another way, plaintiffs contend that the removing defendant failed to establish the

"claim's impossibility for fraudulent joinder purposes with *complete certainty upon undisputed

evidence*." *Id.* (quoting *Bellman v. NXP Semiconductors USA Inc.*, 248 F. Supp 3d 1081

(D.N.M. 2017)) (other citations omitted).

   D.  *New Mexico Tort Claims Act*

   To recover based on negligence, there must be "a duty on the part of the defendant."

*Schear v. Board of County Commissioners*, 1984-NMSC-079, ¶ 4, 687 P. 2d at 729 (citation

omitted).  This "is a question of law for the courts to decide." *Id.* (citation omitted).  In

plaintiffs' reply, they argue that "sovereign immunity is waived for damages resulting from

bodily injury, wrongful death or property damage caused by the negligence of public employees

while acting within the scope of their duties during the construction, and in subsequent

maintenance, of any… highway, roadway, street… or parking area." (Doc. 46) at 6 (citing NMSA § 41-4-11).

Plaintiffs correctly reference the New Mexico Tort Claims Act ("NMTCA"), which waives immunity "for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties during the construction, and in subsequent maintenance, of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area." N.M. Stat. Ann. § 41-4-11(A). This statute further indicates that the "state agency or governmental entity operating and maintaining the road available for use by the general public…shall be subject to liability as provided in the Tort Claims Act." N.M. Stat. Ann. § 41-4-11(D). There is no mention of any waiver of sovereign immunity for damages resulting from negligent supervision.

E.     *Rule 41(a)(2) Motion to Dismiss*

Generally, the Court will allow a plaintiff to voluntarily dismiss their complaint unless it would cause "legal prejudice" to the defendant. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (citations omitted). According to the Tenth Circuit, "relevant factors the district court should consider include [but are not limited to]: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996). "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.* (citing *Phillips*, 77 F.3d at 358).

*III.    Supervisory claims*

Because this Court is analyzing these claims in the context of fraudulent joinder, this Court must determine if there is any reasonable basis to predict that plaintiffs might be able to recover against one of the state engineers. *Schmidt*, 503 F.3d at 1103 (quoting *Cuevas v. BAC Home Loans Servicing, L.P.*, 648 F.3d at 249 (other citation omitted)).  In doing so, this Court will resolve all factual and legal issues in favor of plaintiffs. *Id.* (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2018) (other citation omitted)).

*A.   Allegations*

In their Motion, plaintiffs note the following allegations from their state court complaint at the time of removal:

> 38. [T]he signage at the crash location instructed the truckdriver to do exactly what he did, which was change lanes in the event of a backup in the right lane – [image of a screenshot of a traffic sign with the following words: "USE BOTH LANES DURING BACKUPS"].

> 39. Despite it being designated a Safety Corridor, the speed limit was not reduced.

> 41. Lisa Vega, P. E., and Jan Niclas are NMDOT engineers for this area in charge of maintenance. The traffic control measures and signage was poorly maintained and contributed to cause the crash.

> 43. As a result of Defendants' negligent conduct, Plaintiff LILLIAN HURTADO and the Estate of VICTORIA VAUGHT suffered severe personal injuries and damages….

> **COUNT VII – NEGLIGENT MAINTENANCE BY NMDOT DISTRICT ENGINEERS**

> 95. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

> 96. The section of the roadway where the wreck took place is under the control and supervision of the New Mexico Department of Transportation, including specifically the two district engineers, Jan Niclas and Lisa Vega.

97. Niclas and Vega have a duty to act as an ordinary prudent person in the maintenance of the roadway.

98. Their responsibilities include management of the transportation activities such as maintenance and construction of highways.

99. Section of the roadway where the wreck took place was poorly maintained in that there was improper signage, lack of signage, which contributed to the crash.

100. Traffic control measures were not maintained at the location to prevent the crash.

101. Such failures, among other maintenance issues, contributed to cause the crash.

102. Defendants' acts and/or omissions described herein were reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and well-being of the New Mexico public, including Plaintiffs.  Accordingly, Plaintiffs are entitled to an award of punitive damages against defendants.

110. Defendants breached the duties they owed to Plaintiffs when they failed to uphold the standard of care utilized by drivers and corporations and engineers in good standing or engaged in the same type of services or specialty.

111. Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the deaths of Mariah Hurtado, Tina Hurtado and Victoria Vaught.

112. Such negligence, including without limitation the acts and omissions denoted in detail each paragraph of this Complaint, contributed to cause the injuries and damages of Jason Hurtado, E.H., K.L., and Lillian Hurtado, including the bystander mental anguish of seeing loved ones maimed, killed and injured.

113. Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the loss of consortium for Lillian Hurtado and Daniel Vaught as a result of losing their daughter.

114. Such negligence, including without limitation the acts and omissions denoted in detail in each paragraph of this Complaint, contributed to cause the loss of consortium for Jason Hurtado and Shivaun Carter as a result of losing their daughter.

115. All damage caused was foreseeable to defendants.

(Doc. 29) at 5-7 (quoting (Doc. 1, Exhibit 1, complaint) at ¶¶ 38, 39, 41, 43, 95-102, 110-15).

In the Motion to Remand, plaintiffs acknowledge that "Lange Defendants argue that FNF Construction was in charge of placing signage and of maintenance in general [and] that a different NMDOT engineer was the project manager under the particular contract in place." *Id.* at 8 (citations omitted).  Plaintiffs argue that the fact that "FNF Construction incurred the duty to physically erect signage and was the company performing the work, and that another NMDOT employee was the project manager, in no way eliminate Vega and Niclas's supervisory responsibilities over District 6, where the work was being done." *Id.* at 8.

   *B.   Analysis*

Lange defendants argue that plaintiffs have failed to provide any allegations with any specificity regarding specific acts over which defendants Vega and Niclas had supervisory authority, and that the affidavits executed by Niclas and Vega demonstrate that they had no responsibility for the specific actions complained of in plaintiffs' complaint.  (Doc. 39) at 15-19. In addition, Lange defendants argue that plaintiffs' attempt to make a claim for negligent supervision must fail as "there has been no waiver of sovereign immunity for it." *Id.* at 20.

Plaintiffs do not respond directly to this last argument and so they appear to concede this point.  In their reply, however, they state their allegations "rely on, among other things, Vega and Niclas's negligent maintenance or operation, and not merely supervision, a distinction recognized in *Leithead v. City of Santa Fe*, 1997-NMCA-041, ¶ 12, 123 N.M. 353. (Doc. 46) at 7.

In a case where a child died due to lack of adequate lifeguard supervision at a city pool, the New Mexico Court of Appeals agreed with the defendant city "that a claim of negligent supervision, standing alone, is not sufficient to bring a cause of action within the waiver of

immunity created by Section 41-4-6." *Leithead v. City of Santa Fe*, 123 N.M. 353, 355-56; 1997-NMCA -041 ¶ 8 (N.M. App. 1997).  However, this conclusion was not dispositive as the "complaint was not restricted to a claim of negligent supervision," but also included allegations regarding the operation and maintenance of the pool by the city.  *Id.*  We have a similar situation here, albeit under a different section.

IV.     *Negligent Management and Operation*

In plaintiffs' reply, they argue that "sovereign immunity is waived for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties during the construction, and in subsequent maintenance, of any… highway, roadway, street… or parking area." (Doc. 46) at 6 (citing NMSA § 41-4-11).  Lange defendants make two main arguments in their response to the Motion: they argue that that plaintiffs' allegations are insufficiently specific such that "plaintiffs did not allege *any* act or omission related to the accident that was a breach of any duty by Niclas or Vega." (Doc. 39) at 3, 15 (citing *Two Old Hippies, LLC, v. Catch the Bus, LLC*, 784 F.Supp.2d 1200, 1218-20 (D.N.M. 2011) (purportedly holding "where defendants are referred to collectively allegations are insufficient to make out a claim"), 18 (citing *Schmidt*, 503 F.Supp.3d at 1116 (purportedly holding in negligence context that "employees can be held personally liable where they directed, controlled, approved, or ratified the activity that led to the injury")).

Lange defendants also argue that "Niclas and Vega submitted sworn affidavits stating that neither of them had any responsibility for or involvement in any of the events described in the Original Complaint." *Id.* at 4 (citing (Docs. 1-12, 1-13)).  Lange defendants note that plaintiffs' amended complaint "does not change any of the allegations about Niclas and Vega." *Id.* Lange defendants contend that none of plaintiff's allegations overcomes or controverts the

specific affidavits by the state engineers that regarding this particular project, "they had no responsibility at all." *Id.* at 13.

A.  *Allegations*

The specific allegations noted by plaintiffs in their Motion regarding the negligent maintenance and operation claim were combined with the allegations for the supervisory claims noted above, *see supra*, section III. A.  Some of the allegations relevant for the negligent maintenance and operation claim include the following:

> 97. Niclas and Vega have a duty to act as an ordinary prudent person in the maintenance of the roadway.
>
> 98. Their responsibilities include management of the transportation activities such as maintenance and construction of highways.
>
> 99. Section of the roadway where the wreck took place was poorly maintained in that there was improper signage, lack of signage, which contributed to the crash.
>
> 100. Traffic control measures were not maintained at the location to prevent the crash.
>
> 101. Such failures, among other maintenance issues, contributed to cause crash.

(Doc. 29) at 5-7 (quoting (Doc. 1, Exhibit 1, complaint) at ¶¶ 38, 39, 41, 43, 95-102, 110-15).

B.  *Affidavits*

Attached to the notice of removal are two affidavits of the state engineers.  (Docs. 1-12, 1-13).  Defendant Vega swore under oath as follows:

> I am employed by the NMDOT, and currently since October 2, 2021, the District 6 Engineer of the NMDOT.  Before this, I was the Assistant District Engineer - Construction for District 6.  These are both supervisory roles.  I do not perform direct maintenance, repair or inspection activities.  I have no responsibility for road construction activities by outside contractors.  …  I was not the Project Manager for this project and did not have the responsibilities of inspecting or maintaining the signage or traffic control measures in the construction zone during the time period surrounding and including the date of this accident as

alleged in the Complaint.  As of June 25, 2021, I had no responsibility for the
identification and remediation of roadway hazards in this construction zone.

(Doc. 1-12) at ¶¶ 2, 6-7.  Similarly, defendant Niclas stated under oath:

> I was employed by the NMDOT in its District 6 from December 2013 to April
> 2022 as the Assistant District Engineer-Maintenance for District 6.  This is a
> supervisory role only and I do not have day-to-day inspection or maintenance
> responsibilities.  The maintenance section is comprised of three sections, each
> supervised by an Area Maintenance Superintendent. I have no responsibility for
> inspection or maintenance during road construction activities by outside
> contractors. … I was not the Project Manager for this project and did not have the
> responsibilities of inspecting or maintaining signage or traffic control measures in
> the construction zone during the time period surrounding and including the date of
> this accident as alleged in the Complaint.  As of June 25, 2021, I had no
> responsibility for the identification and remediation of roadway hazards in the
> construction zone.

(Doc. 1-13) at ¶¶ 2, 7-8.

   *C.  Analysis*

   Lange defendants contend that the "Niclas and Vega affidavits establish that as to the

events alleged in the Original Complaint, Niclas and Vega had no involvement, responsibilities,

or duties at the location at issue and on the date of the alleged injuries."  (Doc. 39) at 20.  Lange

defendants further contend that plaintiffs "have not rebutted the affidavits; in fact, they have

sought to add a Project Manager who they allege had some actual connection to the case, without

adding a word to the allegations against Vega and Niclas – an implicit admission that Vega and

Niclas were arbitrarily selected bodies used to try to access the forum defendant rule."  *Id.*

Specifically, Lange defendants contend that despite the allegation in the Complaint that the

roadway where the accident occurred was under the control and supervision of Niclas and Vega,

the affidavits definitively establish "that they, as public employees, actually did not have any

control or supervision over the subject roadway section because it was under construction."  *Id.*

at 14.  Similarly, Lange defendants contend that despite the allegation in the Complaint that the

state engineers each had "a duty to act as an ordinary prudent person in the maintenance of the

roadway," and although the allegation may be true as to other discrete parts of New Mexico

highways "to which Niclas and Vega are assigned, [] given the affidavits, it is now

uncontroverted that Niclas and Vega had no duties whatsoever related to the subject roadway."

*Id.* (citing Original Complaint (Doc. 1-2) at ¶ 97).

Plaintiffs reply that the "fact that Vega and Niclas may not have had their boots daily on

the ground in no way proves with complete certainty on undisputed evidence that there is no

possibility plaintiffs could recover against them." (Doc. 46) at 6. Plaintiffs assert that their

allegations standing alone sufficiently support their claim, noting that they "specifically alleged

that Vega and Niclas were the NMDOT engineers in charge of maintenance where the incident

occurred and that the crash occurred because of the poor traffic control measures and signage;"

and "alleged that Niclas and Vega's negligence arose from failures in their duties as the

employees in charge of maintenance." *Id.* at 7, 8.

Lange defendants have tendered affidavits from the state engineers in which they both

swear under oath that they had only supervisory duties and had "no responsibility for road

construction activities by outside contractors … and did not have the responsibilities of

inspecting or maintaining the signage or traffic control measures in the construction zone during

the time period surrounding and including the date of this accident as alleged in the Complaint."

(Doc. 1-13) at ¶¶ 2, 7; (Doc. 1-12) at ¶¶ 2, 6. Plaintiffs have offered no evidence to rebut these

affidavits. In addition, this Courts' review of plaintiffs' Complaint and the allegations relating

to the state engineers Niclas and Vega lead to the unequivocal conclusion "that there is no

possibility that [] plaintiff[s] will obtain a judgment against an in-state defendant." *Schmidt v.*

*Int'l Playthings*, 503 F.3d 1060, 1082, 1093 (2020) (citing *Zufelt v. Isuzu Motors Am, LLC*, 727

F. 2d 1117, 1124-25 (D.N.M. 2009)).  As a result, this Court must conclude that the state

engineers Niclas and Vega were fraudulently joined; and plaintiffs' Motion to Remand this case

back to state court must be denied.  *See id.*

V.      *Plaintiffs' Rule 41(a)(2) Motion to Dismiss*

According to the Tenth Circuit, before allowing plaintiffs to voluntarily dismiss their

complaint, relevant factors this Court should consider in order to determine if it would cause

"legal prejudice" to Lange defendants include but are not limited to: "the opposing party's effort

and expense in preparing for trial; excessive delay and lack of diligence on the part of the

movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."

*Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (citing *Phillips U.S.A., Inc. v. Allflex*

*U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996); *see also* (*Brown v. Baeke*, 413 F.3d 1121, 1124

(10th Cir. 2005)) (same).  However, "these 'factors are neither exhaustive nor conclusive' and

courts 'should be sensitive to other considerations unique to the circumstances of each case' in

determining legal prejudice, including the equities facing both parties."  *Baca v. Berry*, 806 F.3d

1261, 1270 (2015) (citing *Brown*, 413 F.3d at 1124).

A.  *The opposing party's effort and expense in preparing for trial*

Lange defendants concede that the present stage of litigation is early.  (Doc. 22) at 15.

Lange defendants nevertheless contend that they will suffer "the legal prejudice of incurring

significant expense, time, and effort in preparing the removal petition, meeting the obstacles of

fraudulent joinder, filing motions to dismiss and engaging in appropriate mitigation and

preparation in federal court."  *Id.* at 13 (citing *Ramirez v. Avalon Bay Communities, Inc.*, 2015

WL 4396380, at *2 (N.D. Cal. July 17, 2015) (unpublished decision)).  Plaintiffs reply that they

disagree with Lange defendants' assertions with respect to fraudulent joinder and personal

jurisdiction, also arguing that the "fact that the Lange defendants chose to file motions to dismiss immediately upon removal and without any discovery having taken place is not plaintiffs' fault and does not create legal prejudice." (Doc. 34) at 4.

This Court has reviewed the pending motions noted by the parties herein. Additionally, the Court already has concluded herein that Lange defendants' arguments regarding fraudulent joinder are persuasive and that the state engineers were fraudulently joined. *See supra*, Sections III and IV. In addition, in a separate Order, this Court is granting the Lange defendants' three motions to dismiss. In brief, the Lange defendants lack sufficient contacts with New Mexico for personal jurisdiction and, like the state engineers, appear to have had nothing to do with the underlying traffic accident forming the basis of the complaint. All the time, effort, and expense incurred by Lange defendants so far in this case appears to have been justified given the successful results. Plaintiffs' implication that the time, effort, and expense incurred by Lange defendants simply represent "their own tactics" and somehow this renders such "not legal prejudice" is not persuasive. Although extensive preparation for trial may not have occurred, the five motions noted, in addition to the removal from state court itself, involve appropriate expenditure of time, expense, and effort. This Court concludes that this factor weighs slightly in favor of Lange defendants.

   *B. The excessive delay and lack of diligence on the part of the movant*

Plaintiffs contend that there has been no excessive delay or lack of due diligence on their part as the motion to dismiss "is filed within two weeks of this case being removed and plaintiffs receiving the declarations of NMDOT employees, including the contract with FNF Construction, which outlines that the NMDOT Project Manager is involved with FNF Construction and has oversight responsibility." (Doc. 16) at 7.

Lange defendants contend that plaintiffs were not diligent in finding the project manager they now have sued. (Doc. 22) at 14. Plaintiffs argue that they "diligently investigated their claims, filed them against proper defendants, and through the course of litigation, and within the statute of limitations, discovered additional parties." (Doc. 34) at 5. This Court already has concluded that plaintiffs did *not* file their claims against proper defendants with respect to the state engineers. *See supra*, Sections III and IV.

Lange defendants further argue as follows:

> It has been more than 14 months since the crash at issue: plaintiffs have pointed to no efforts to seek the information from NMDOT, no efforts to attempt a FOIA request, not even an effort to name a John Doe placeholder with some legitimate connection to the construction zone described in the original complaint. The Lange defendants were able to find out about the project, the project manager and the project manager's responsibilities by reviewing publicly available documents and were able to include reference to them in the Notice of Removal. Plaintiffs have provided no explanation for how they apparently randomly named Vega and Nicholas without any real evidence that either state employee had any responsibility or involvement in any of the events alleged in the original complaint. If project manager Shirley is a true forum defendant, which is certainly not conceded, plaintiffs' lack of diligence is responsible for not naming him or an appropriate placeholder at the time of the original complaint.

(Doc. 22) at 15.

Plaintiffs argue that Lange defendants' argument amounts to an assertion that in order "to be diligent, plaintiffs must have scoured the Internet, and assumed its accuracy, to find the project manager." (Doc. 34) at 5 (citing (Doc. 22) at 15). This Court finds some persuasiveness in Lange defendants' arguments.

### C.  Any insufficient explanation of the need for a dismissal

Lange defendants also contend that it is inappropriate for them to lose their federal forum because plaintiffs have only "an insufficient explanation of the need for dismissal." (Doc. 22) at 14 (quoting *Philips U.S.A. Inc. v. Allflex U.S.A. Inc.,* 77 F.3d 354, 358 (10th Cir. 1996)). Lange

defendants argue that plaintiffs' explanation "is insufficient and describes wounds that are self-inflicted and self-maintained." *Id.* (citing (Doc. 16) at 8-9).

Plaintiffs contend that not only is their "'stated intention of refiling [] state claims in state court a valid explanation for [the] motion," to dismiss under Rule 41(a)(2), so too is plaintiffs' stated reasons here -- to avoid duplicative litigation. (Doc. 34) at 4 (citing *Williams v. Four Corners Family Dental, LLC,* No. 11-00578 MG/LFG, 2012 WL 13076574, *2 (D.N.M. April 20, 2012) (other citations omitted)). Plaintiffs also argue that "it is reasonable to expect that there will be other NMDOT employees and /or road construction companies involved in the road construction project." (Doc. 34) at 9.

Lange defendants argue that although plaintiffs' assert that they seek dismissal to "avoid duplicate litigation of the same claims" involving the defendants before this Court and the state employees alleged to be forum defendants, plaintiffs have themselves brought on the duplicate litigation scenario." *Id.* Lange defendants argue that any state employees alleged to bear liability can be joined in this case. *Id.* (footnote omitted).

This Court agrees with plaintiffs that in general, dismissing a federal case so that a plaintiff can filed in state court is a valid reason to seek voluntary dismissal, and further agrees with plaintiffs that avoiding duplicate litigation also is an appropriate rationale supporting a motion for voluntary dismissal. However, this Court also agrees with Lange defendants that plaintiffs' explanation regarding duplicate litigation is insufficient in this context as it is plaintiffs who have filed the duplicate litigation and they have not explained adequately why they did not attempt to bring the one additional claim and one new defendant into this matter, as this Court has jurisdiction already over this matter. Although plaintiffs purportedly were under the presumption that the state engineers were joined properly and there was no fraudulent

joinder, and perhaps also under the false presumption that their Motion for Remand would be granted, this Court already has concluded the state engineers were fraudulent joined and this case remains in federal court with this Court having jurisdiction.  Hence, if plaintiffs seek to avoid duplicate litigation, the most efficient way to do so arguably is to add the one new party to this current case and plaintiffs have offered insufficient explanation as to why they seek to minimize duplicate litigation by filing another case when, as noted by plaintiffs, all "defendants in this case in federal court are parties to the new state court lawsuit." (Doc. 16) at 5.  This Court also considers the fact that this case at bar properly was removed to federal court from state court based on fraudulent joinder.

For the reasons stated, this Court concludes that plaintiffs have not provided sufficient explanation of the need for dismissal.  This factor weighs in favor of Lange defendants.

### D.  The present stage of litigation

Lange defendants concede that the present stage of litigation is early.  (Doc. 22) at 15. This Court agrees that this factor weighs in favor of plaintiffs.

### E.  Other considerations

#### 1.  Loss of federal forum

Lange defendants contend that they "will suffer the legal prejudice of denial of [the] right to a federal forum in a case in which there was complete diversity at the time of removal (merely because of the 'forum defendant rule' relating to two NMDOT employees who were fraudulently joined)." (Doc. 22) at 11 (citing 28 U.S.C. § 1441(a)).  Lange defendants argue that they are out-of-state defendants and the statute is designed to protect such defendants from potential prejudices in state court.  *Id.* at 11-12 (citations omitted).  Lange defendants contend that it is

"simply unfair and unjust to the Lange defendants to lose this federal law and forum merely because plaintiffs want to forum shop to the prejudice of the Lange defendants." *Id.* at 12.

Plaintiffs argue that Lange defendants' argument regarding prejudice at the loss of the federal forum "is insufficient to defeat a Rule 41(a)(2) motion to dismiss." (Doc. 34) at 2- 3. Plaintiffs argue that the Tenth Circuit has rejected Lange defendants' argument. *Id.* at 2-3 (quoting *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.3d 1441, 1412-13 (10th Cir 1991)) ("Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect the removed action") (other citations omitted).   Indeed, the Tenth Circuit addressed this issue squarely and concluded that the "possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Am. Nat'l Bank & Trust Co. of Sapulpa*, 931 F.3d at 1412 (citing *Davis v. USX Corp.,* 819 F.2d 1270, 1275 (4th Cir. 1987)).   The court concluded that "there is no legal prejudice to defendant even if a trial is held in state court." *Id.* (citation omitted).   This Court concludes that this argument of defendant regarding the loss of a federal court and forum does not weigh in Lange defendants' favor. *See id.*

### 2.   Multiple state court actions

Lange defendants contend that they will "suffer the legal prejudice of facing not just a state court action, but having faced one state court action it is now required to face a second state court action." (Doc. 22) at 12- 13.  Lange defendants contend that the second state court action "is a blatant attempt to forum shop and avoid this court's jurisdiction." *Id.* at 13.  Plaintiffs reply that "the Tenth Circuit followed its long-standing rule that having to face a second state court lawsuit is not legal prejudice." (Doc. 34) at 3 (citing *Frank v. Crawley Petro Corp.*, 992 F.3d 987, 1001-1002 (10th Cir. 2021)) (other citations omitted).  However, the cases cited by

plaintiffs simply stand for the proposition already discussed, that is, it is not legal prejudice for

defendants in federal court to have the case dismissed only to have the same case filed in state

court.  In the cases cited by plaintiffs, there was not the danger of two different state court

actions.  Nevertheless, this Court concludes that as it is not legal prejudice for Lange defendants

to be forced to face a state court action, it hardly can be substantial legal prejudice to be forced to

face two of them.  This this Court concludes that this argument of Lange defendants is not

persuasive.

### 3.  Plaintiffs' improper behavior

Lange defendants contend that because of a favorable dismissal in very similar

circumstances achieved by Lange defendants' council from this Court, "plaintiffs here have an

impliedly strong motive to forum shop."  (Doc. 22) at 19.  Lange defendants contend that the

"second filed action is an improper vehicle to defeat removal and plaintiffs' further utilization of

it should be prohibited.  *Id.* at 22.  This Court does not make any finding of improper behavior.

### 4.  Efficiency for the Court

Lange defendants argue that the "greatest efficiency in terms of resources of the judicial

system and the litigants will be found in retaining the case before this court and addressing any

proposed amendments and additions to parties in this forum."  (Doc. 22) at 14.  Although

relevant in some circumstances, when considering a voluntary motion to dismiss, it is prejudice

to the parties that is paramount.  This Court would be abusing its discretion if it were to deny "a

motion to dismiss under Rule 41(a)(2) based on its convenience."  *Id.* (citing *Clark*, 13 F.3d at 141).

This Court concludes that this factor does not weigh in favor of either party.

### F.  New Mexico state rule regarding filing complaints

Similarly, Lange defendants complain regarding the alleged failure by plaintiffs to follow

a New Mexico rule regarding when a second case can be filed involving the same claims and

parties. (Doc. 22) at 14. However, efficiency for the New Mexico court cannot take precedence over legal prejudice to the parties. *Cf. Ohlander*, 114 F.3d at 1537 ("when considering a motion to dismiss, a court must remember the important factors in determining legal prejudice are those involving the parties, not the court's time or effort spent on the case") (citing *Clark*, 13 F.3d at 1411). This Court finds that this factor does not favor either party.

Based on the factors discussed above, this Court finds that the Lange defendants would suffer legal prejudice if this Court were to grant plaintiffs' Rule 41(a)(2) Motion to Dismiss voluntarily. Therefore, this Court denies plaintiffs' Motion to Dismiss (Doc. 16).

### G. *Lange defendants' additional arguments*

Lange defendants cite *Colorado River* abstention factors in support of their argument that this Court should deny plaintiffs' motion to dismiss. (Doc. 22) at 16-17 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-19 (1976)). In reply, plaintiffs argue that the judicial abstention "doctrine is separate and apart from Rule 41(a) and applies when a federal court is faced with parallel proceedings." (Doc. 34) at 5-6 (citing *Colorado River Water Conservation District*, 424 U.S. 800)). Indeed, after concluding that the case before it fell "within none of the abstention categories," the Supreme Court commented regarding other factors, noting that generally, "as between state and federal courts, the rule is that the 'pendency of an action in the state court is no bar to proceeding concerning the same matter in the federal court having jurisdiction…" *Colorado River Water Conservation District*, 424 U.S. at 817 (citing *McClellan v. Carland*, 217 U.S. 268, 282 (1910)) (other citation omitted). Nevertheless, the Court affirmed the district court's dismissal of the case before it. *Id*. at 821. This Court is not applying the abstention doctrine.

Lange defendants also provide additional arguments as to why this Court should exercise jurisdiction; however, this Court already has concluded that Lange defendants would suffer legal

prejudice if this Court granted plaintiffs' motion to dismiss this case voluntarily under Rule 41(a)(2). *See, e.g.*, (Doc. 22) at 20-24. Therefore, the additional arguments by the Lange defendants will not be discussed herein. However, this Court notes briefly its agreement with plaintiffs that "to the extent the Lange defendants are asking the Court to enjoin the proceedings in the second state court action, they have not made a proper motion, and… [it] appears [] that the Lange defendants are merely complaining that the second lawsuit is an attempt to make an end-run around the removal statute." (Doc. 34) at 8.

VI.   *Conclusion*

For the reasons discussed, this Court concludes that:

1)  The state engineers Niclas and Vega were fraudulently joined; and hence,

2)  Plaintiffs' Motion to Remand (Doc. 29) is denied.

3)  In addition, Lange defendants would suffer legal prejudice if plaintiffs were allowed to voluntarily dismiss under Rule 41(a)(2); and, hence,

4)  Plaintiffs' Rule 41(a)(2) Motion to Dismiss (Doc. 16) is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE