IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILLIAN HURTADO, et al.,

    Plaintiffs

v.                                                                                                                 No. 1:22-cv-00599-KG-JFR

FNF CONSTRUCTION INC., et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant FNF Construction Inc.'s motions to exclude Plaintiffs' proposed expert witnesses under Federal Rule of Evidence 702.  Docs. 229, 242, 236, 240.  For the reasons below, the Court denies FNF's motion to exclude Janet McHard, Doc. 229, and grants in part and denies in part FNF's motions to exclude Doctor Brian Pfeifer, Doc. 242, Catherine Witt, Doc. 236, and Lieutenant Shane Bennett, Doc. 240.

*I.*     *Background*

      Plaintiffs allege that FNF's mismanagement of traffic during a highway construction project caused a fatal crash on Interstate 40 ("I-40") in McKinley County, New Mexico in June 2021.  Doc. 122 at 16–17.  FNF contracted with the New Mexico Department of Transportation to repair sections of I-40 and control traffic in the area.  Doc. 122 at 10.  While approaching the construction zone, a tractor-trailer driver allegedly failed to notice slowed traffic and struck another vehicle from behind, causing a five-car pileup that killed three people and injured several others (the Plaintiffs here).  Doc. 122 at 2, 12–14.

      Plaintiffs allege that FNF was negligent for failing to, for example, implement a Traffic Management Plan ("TMP"), deploy personnel to direct traffic, provide drivers with adequate signage that warned of traffic, and reduce the zone's speed limit.  Doc. 122 at 16–17, 27, 36.

1

A pretrial conference is scheduled for November 20, 2025, and trial is set for December 8, 2025.  *See* Doc. 293 at 1–2.

II.     *Standard of Review*

Rule 702 requires that expert testimony be both "reliable" and "relevant" to be admissible. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 589 (1993).  The Court's role is limited to that of a gatekeeper.  *Id.*  Once that threshold is met, "[t]he bases and sources of an expert's opinion…go to the weight to be assigned to that opinion—rather than admissibility—and are for the trier of fact to determine."  *Coronado v. Flowers Foods*, 2021 WL 4477910, at *1 (D.N.M.).  The proponent of the expert testimony bears the burden to satisfy Rule 702 by a preponderance of the evidence.  *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

First, expert testimony must have a "reliable basis in the knowledge and experience" of the expert's "discipline."  *Bitler v. A.O. Smith*, 400 F.3d 1227, 1233 (10th Cir. 2005).  Experts must "employ[] in the courtroom the same level of intellectual rigor...of an expert in the relevant field."  *Kumho Tire v. Carmichael*, 526 U.S. 137, 152 (1999).

Second, expert testimony must be "relevant" for the factfinder.  *Norris v. Baxter Healthcare*, 397 F.3d 878, 884, 884 n.2 (10th Cir. 2005).  An expert may not opine on issues that a "jury is capable of assessing for itself."  *Thompson v. State Farm Fire & Cas.*, 34 F.3d 932, 941 (10th Cir. 1994).  "Testimony on ultimate questions of law is not favored" because it usurps the jury's role to decide the facts and the judge's role to instruct on the law.  *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988); *see also United States v. Schneider*, 704 F.3d 1287, 1293 (10th Cir. 2013) (holding that while "[t]he rules of evidence allow an expert to opine on an ultimate issue," an expert "may not simply tell the jury" to "reach a particular verdict").

III.     *Analysis*

FNF challenges opinions by four of the plaintiffs' proposed experts.  The Court addresses each challenge in turn.

    A.     *The motion to exclude Ms. McHard is denied.*

FNF first challenges the testimony of Ms. McHard, a Certified Public Accountant, that FNF had funds in its project budget to allocate additional resources to public safety.  Doc. 234 at 10; Doc. 234-1 at 2.  Over her 25 years of experience, Ms. McHard has been qualified as a financial expert 12 times in cases involving corporate investigations and white-collar fraud.  Doc. 234 at 8; Doc. 229-1 at 2.  In this case, she analyzed FNF's 2021 balance sheet, project contracts, and billing invoices.  Doc. 234 at 6–7, 10–11; Doc. 234-3 at 7.

Ms. McHard's testimony satisfies Rule 702 and is therefore admissible.  Ms. McHard is qualified by her skill and experience in accounting: her background investigating corporate financial practices is relevant to the question of whether FNF adequately accounted for safety measures in the time frame surrounding the crash.  Doc. 234 at 8; Doc. 229-1 at 2.  Additionally, Ms. McHard based her opinions on a reliable, well-detailed methodology: she identified contract line items associated with safety measures and compared them with the project's budget and adequately explained her reasoning for doing so.  *See* Doc. 234-3 at 4–6.

FNF argues that Ms. McHard should be excluded because she has never "opin[ed] on a construction company's spending on safety."  Doc. 229 at 13.  The Court disagrees.  An expert's qualifications need not "precisely match[] to the questions at issue."  Weinstein's Fed. Evid. § 702.04[2] (2010).  To the extent there are limits to Ms. McHard's knowledge, those concerns go the weight of her testimony, not its admissibility.  *Id.*

The Court similarly rejects FNF's argument that exclusion is warranted because Ms. McHard fails to cite "any industry standard or governmental rule."  Doc. 229 at 15.  An expert may

testify without relying on a codified standard, and opposing counsel may challenge that choice through cross-examination. *See, e.g.*, *Kumho Tire*, 526 U.S. at 152 (experts may testify from "personal knowledge or experience").

   B. *The motion to exclude Dr. Pfeifer is granted in part and denied in part.*

Next, Dr. Pfeifer, a roadway safety engineer with over 27 years of experience, opines that FNF's negligence caused the fatal crash. Doc. 242-3 at 1, 4. Dr. Pfeifer has investigated thousands of cases involving roadway safety, holds more than 30 patents, and has published in his field extensively. Doc. 242-3 at 1, 4. In this case, he reviewed scene photographs, inspected the vehicles involved in the crash, and created a scale diagram. Doc. 242-3 at 4.

The Court grants in part and denies in part FNF's motion to exclude Dr. Pfeifer's testimony. The Court excludes his opinions to the extent that they offer legal conclusions, as such conclusions risk usurping the jury's role. *See* Wright & Miller, Fed. Prac. & Proc. § 6255 (2025) ("Wright & Miller") ("[O]pinion [on the ultimate conclusion of law] may distract jurors from their task of drawing an independent conclusion as to an ultimate issue in the case."); *see, e.g.*, *United States v. Dental Dreams*, 2018 WL 1577944, at *2 (D.N.M.) (excluding legal conclusions); *Ysasi v. Brown*, 2014 WL 936326, at *10 (D.N.M.) (same). Dr. Pfeifer is prohibited from opining, for example, that an FNF employee "willfully neglected his responsibility and duty to the…public," as the statement goes to the ultimate issue of FNF's alleged negligence. Doc. 242 at 23.

The remainder of Dr. Pfeifer's testimony satisfies Rule 702 and is therefore admissible. Dr. Pfeifer is qualified, with over 27 years of experience in roadway safety consulting and thousands of investigations. *See* Doc. 242-3 at 1. Dr. Pfeifer's methodology is also sound—he determined the vehicles' speeds and the sequence of events after reviewing design plans, photographs, and traffic data. Doc. 242-3 at 4.

FNF argues that Dr. Pfeifer's opinion that more signage may have prevented the crash is unfounded and speculative. Doc. 242 at 15, 18. The Court disagrees. The credibility and persuasiveness of Dr. Pfeifer's opinion are matters for the jury, and FNF's remedy therefore lies in cross-examination.

  C. *The motion to exclude Ms. Witt is granted in part and denied in part.*

Next, Ms. Witt, a traffic safety expert, opines that FNF's failure to follow its TMP contributed to the fatal crash. Doc. 239 at 7–8, 15. Over her 30 years of experience, Ms. Witt has been qualified as an expert twice and assisted in dozens of accident investigations. Doc. 293-3 at 1–3. Ms. Witt reviewed dashboard recordings and deposition transcripts to assess FNF's compliance with the Manual on Uniform Traffic Control Devices ("MUTCD"), the federal guidelines governing traffic control practices. Doc. 239-1 at 1–2.

The Court grants in part and denies in part FNF's motion to exclude Ms. Witt's testimony. For the same reasons discussed above, Ms. Witt is prohibited from offering legal conclusions. She may not opine, for example, that "FNF Construction was negligent"; "FNF Construction's failure to exercise ordinary care…amounts to negligence"; and "[e]ach of [FNF's] acts and omissions" was a "proximate cause of the crash." Doc. 236-1 at 15.

The remainder of Ms. Witt's testimony is admissible. Given her experience, she is qualified, and her methodology satisfies Rule 702. Doc. 236-2 at 4; Doc. 239-3 at 1–3. She grounded her opinions in a close analysis of the MUTCD and adequately explained her approach. Doc. 236-2 at 5.

FNF's challenges—which largely repeat those raised against Ms. McHard and Dr. Pfeifer—again go to the weight, not admissibility, of Ms. Witt's opinions. FNF's objections are best addressed through cross-examination rather than exclusion.

  D. *The motion to exclude Lt. Bennett is granted in part and denied in part.*

Last, Lt. Bennett, who helped manage traffic near the site, opines that the traffic on I-40 was FNF's fault because it "was within the construction zone" and none of FNF's vehicles was "at the site or within the zone." Doc. 240-1 at 4.

FNF moves to exclude Lt. Bennett's testimony under Rule 702, Doc. 240, but Plaintiffs make clear that they intend to call Lt. Bennett only as a lay witness, Doc. 247 at 3. The Court therefore rejects FNF's Rule 702 analysis.

The Court agrees with FNF, however, that Lt. Bennett should be prohibited from offering legal conclusions about whether the traffic buildup on I-40 was FNF's "fault," even as a lay witness. Doc. 255 at 2; *see* Wright & Miller § 6255 ("[T]he costs of lay opinion increase and the benefits diminish the closer the opinion approaches the crucial issue.").

IV.  *Conclusion*

The Court denies FNF's motion to exclude Ms. McHard as an expert, Doc. 229, and grants in part and denies in part FNF's motions to exclude the testimony of Dr. Pfeifer, Doc. 242, Ms. Witt, Doc. 236, and Lt. Bennett, Doc. 240.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.