IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILLIAN HURTADO, et al.,

    Plaintiffs,

v.                                                           No. 1:22-cv-00599-KG-JFR

FNF CONSTRUCTION INC., et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' and Defendant's motions in limine. For the reasons below, the Court grants the motions filed at Docs. 275–77, 282, and 290–92. The Court denies the motions filed at Docs. 268–69, 279, and 280–81. The Court reserves ruling on the motions filed at Docs. 270–73, 278, 283–84, 286, and 288. Defendant FNF Construction, Inc.'s "omnibus" motion is denied at this stage and the Court will address any specific issues, if necessary, after the evidence develops at trial.

*I.*     *Background*

Plaintiffs allege that FNF's mismanagement of areas surrounding a highway construction project caused a fatal crash on Interstate 40 ("I-40") in McKinley County, New Mexico, in June 2021. Doc. 122 at 16–17. FNF contracted with the New Mexico Department of Transportation ("NMDOT") to repair sections of I-40 and control traffic in the area. Doc. 122 at 10. While approaching the construction zone, a commercial truck driver Larie Aparicio allegedly failed to notice slowed traffic and struck another vehicle from behind, causing a five-car pileup that killed three people and injured several others (the Plaintiffs here). Doc. 122 at 2, 12–14. Plaintiffs allege that FNF was negligent for failing to, for example, implement a Traffic

Management Plan, deploy personnel to direct traffic, provide drivers with adequate warning signs, and reduce the zone's speed limit. Doc. 122 at 16–17, 27, 36.

A pretrial conference is scheduled for November 20, 2025, and trial is set for December 8, 2025. See Doc. 293 at 1–2.

## II.     Standard of Review

Motions in limine are left to the discretion of the trial court. *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1249 (10th Cir. 2013). The movant must "identify the particular evidence at issue and articulate with specificity the arguments supporting the position that the particular evidence is inadmissible on any relevant ground." *United States v. Begay*, 497 F. Supp. 3d 1025, 1082 (D.N.M. 2020). If a movant fails to identify evidence with particularity or argue with specificity, the court has discretion to deny the motion. *Id.* The purpose of a motion in limine is not to re-iterate matters "set forth elsewhere in the Rules of Civil Procedure or the [Federal] Rules of Evidence, but rather to identify *specific* issues which are likely to arise at trial." *Maggette v. BL Dev.*, 2011 WL 2134578, at *4 (N.D. Miss). A court is almost always better situated to rule on objections during trial, especially when admissibility depends on other facts that may or may not be developed at trial. *See United States v. Cline*, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002).

## III.    Analysis

The Court will address both Plaintiffs' and FNF's motions in limine below.

### A.     Plaintiffs' Motions

The Court addresses Plaintiffs' 11 opposed motions in limine and three unopposed motions in limine below.

***Doc. 275.*** Plaintiffs seek to exclude references to the relationship history of Lillian

Hurtado and Daniel Vaught under Evidence Rule 401, 402, and 403. Plaintiffs contend that this history is irrelevant, and even if it is relevant, its prejudicial effect substantially outweighs its probative value. FNF filed a response. The Court agrees and grants the motion. This relationship history is irrelevant to the question of FNF's negligence, and even if it is relevant, it risks confusing the jury with a minitrial on alleged domestic abuse under Rule 403.

*Doc. 276.* Plaintiffs seek to exclude references to Daniel Vaught's criminal record under Evidence Rule 609, which states that criminal convictions more than 10 years old are inadmissible unless their probative value substantially outweighs their prejudicial effect. Defendant intends to raise Mr. Vaught's false imprisonment and domestic violence arrests, which are more than ten years old. Doc. 297 at 5. FNF filed a response. The Court agrees that this evidence is irrelevant to the claims and defenses in this case and that, under Rule 609, its probative value does not substantially outweigh its prejudicial effect. The motion is therefore granted.

*Doc. 277.* Plaintiffs seek to exclude any accident reports under New Mexico evidentiary rules, which generally render such reports inadmissible. *See* N.M. Stat. Ann. § 66-7-213(B). FNF filed a response. Because this rule has been applied to federal diversity proceedings, the Court agrees and grants this motion: Accident reports are inadmissible in this case for the truth of the matters asserted therein. *See, e.g.*, *Griego v. State Farm Mut. Auto. Ins. Co.*, 839 Fed. Appx 258, 262 (10th Cir. 2020).

*Doc. 278.* Plaintiffs seek to exclude deposition testimony referencing former Defendant Larie Aparicio's alleged inattentiveness immediately before the accident under Evidence Rule 403. FNF filed a response. The Court reserves ruling on this motion and will evaluate the testimony's admissibility, if necessary, at trial.

3

*Doc. 279.* Plaintiffs seek to exclude arguments by FNF that the dangers before the fatal crash were open and obvious, which FNF asserts would cut off its duty to warn. The Court denies the motion. FNF filed a response. As explained in the Court's order denying FNF's summary judgment motion, the open and obvious doctrine does not apply in this case, but FNF is allowed to adduce evidence that the dangers were open and obvious as a general matter.

*Doc. 280.* Plaintiffs seek to exclude arguments by FNF that NMDOT did not find FNF responsible for the crash under Evidence Rule 403. FNF filed a response. The Court disagrees that references to Defendant's past and future contracts with the State of New Mexico would substantially prejudice Plaintiff. The motion is denied.

*Doc. 281.* Citing Evidence Rules 402 and 403, Plaintiffs seek to exclude references by FNF that Plaintiffs have not designated an accident reconstruction expert in this case. FNF filed a response. The motion is denied. The Court disagrees that the prejudice of whether Plaintiff hired an accident reconstructionist substantially outweighs its probative value. The motion is denied.

*Doc. 282.* Plaintiffs seek to limit potential testimony of New Mexico State Police Sergeant Davin Barela to facts that he observed during his investigation, precluding him from offering legal conclusions. FNF filed a response. The Court agrees that testimony by a lay witness should be limited to personal observations and that legal conclusions are inadmissible. The motion is granted.

*Doc. 283.* Citing Evidence Rule 403, Plaintiffs seek to bar FNF from eliciting testimony from Plaintiffs' expert Dr. Harold Linde that a court in another case partially struck his testimony. The Court reserves ruling on this motion until the pretrial conference. The parties may present additional information at that time.

***Doc. 284.*** Plaintiffs seek to bar FNF from referencing Plaintiffs' medical bills or lost wages arising from the crash under Evidence Rule 403. Plaintiffs state that they do not plan to raise medical bills or lost wages at trial. The Court reserves ruling on this motion and will address it, if necessary, after the evidence develops at trial.

***Doc. 286.*** Citing Evidence Rule 403, Plaintiffs seek to bar questioning related to Mr. Aparicio, his settlement, allegations against him, or the facts immediately before the crash, including the signage that Mr. Aparicio might have seen. FNF filed a response. The Court reserves ruling on the motion and will address it, if necessary, after the evidence develops at trial.

***Doc. 290.*** Plaintiffs' unopposed motion seeks to bar FNF from referencing Plaintiffs' settlements with prior case Defendants and any reference to insurance coverage. The unopposed motion is granted.

***Doc. 291.*** Plaintiffs' unopposed motion seeks to bar references to prior injuries that Plaintiff Lillian Hurtado suffered from a car accident in the early 2000s. The unopposed motion is granted.

***Doc. 292.*** Plaintiffs' unopposed motion seeks to bar FNF from referencing decedent Victoria Vaught's potential infertility. The unopposed motion is granted.

**B.    *Defendant's Motions***

The Court addresses FNF's five motions in limine and their omnibus motion below.

***Doc. 268.*** FNF seeks to bar Plaintiffs from questioning Sgt. Barela on his witness fees under Evidence Rule 403. Plaintiffs filed a response. The Court disagrees that questions about a witness fee would prejudice FNF substantially enough that it would outweigh any probative value for, for example, assertions of bias. The motion is denied.

*Doc. 269.* FNF seeks to exclude any references to compensation that it received for road construction projects under Evidence Rule 403. Plaintiffs filed a response. The Court disagrees that the probative value of specific contract amounts is substantially outweighed by their potential prejudice. The motion is denied.

*Doc. 270.* Citing Evidence Rule 403, FNF seeks to exclude references to Mr. Delbert Shirley's prior discipline and work history with FNF, including a 2011 incident involving a company fuel card. Plaintiffs filed a response. The Court reserves ruling on this motion until the pretrial conference. The parties may present additional information at that time.

*Doc. 271.* FNF seeks to exclude evidence of other traffic backups or accidents under Evidence Rule 403, arguing that evidence of prior accidents that are not substantially similar to the crash at issue would be highly prejudicial. Plaintiffs filed a response. The Court reserves ruling on this motion until the pretrial conference. The parties may present additional information at that time.

*Doc. 272.* FNF seeks to exclude testimony by Larie Aparicio about whether better signage at the construction site would have impacted his actions that night as impermissibly speculative under Evidence Rule 602. Plaintiffs filed a response. The Court reserves ruling on the motion and will address it, if necessary, after the evidence develops at trial.

*Doc. 273.* This motion duplicates Doc. 271. Plaintiffs filed a response. The Court reserves ruling on this motion (and Doc. 271) and will address it, if necessary, after the evidence develops at trial.

*Doc. 288.* FNF seeks to exclude testimony by Sgt. Barela regarding FNF's compliance with the Traffic Control Plan as speculative under Evidence Rule 602. Plaintiffs filed a response. The Court reserves ruling on this motion and will address it, if necessary, after the

evidence develops at trial.

   ***Doc. 289.*** FNF's omnibus motion "improperly joins objections and requests in one pleading," which "is prohibited." *Kimbrell v. Chaves Cty. Clerk*, 2013 WL 12147633 at *3 (D.N.M.). Many of FNF's requests, moreover, simply recite the Federal Rules of Evidence or are premature. Plaintiffs filed a response. The Court denies the motion at this stage and will address specific issues, if necessary, after the evidence develops at trial.

### IV.  Conclusion

   For the reasons above, the Court grants the motions filed at Docs. 275–77, 282, and 290–92. The Court denies the motions filed at Docs. 268–69, 279, and 280–81. The Court reserves ruling on the motions filed at Docs. 270–73, 278, 283–84, 286, and 288. Defendant FNF Construction, Inc.'s "omnibus" motion is denied at this stage and the Court will address any specific issues, if necessary, after the evidence develops at trial.

                /s/Kenneth J. Gonzales  
                CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.