IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILLIAN HURTADO, et al.,

    Plaintiffs,

v.                                                                                                         No. 1:22-cv-00599-KG-JFR

FNF CONSTRUCTION INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The Court addressed FNF Construction Inc.'s motions in limine to exclude evidence of other traffic backups and accidents, Doc. 271, and adverse personnel actions against Delbert Shirley, Doc. 270, at the pretrial conference on November 20, 2025. *See* Doc. 313 (reserving ruling on these motions until the pretrial conference). For the reasons stated at the pretrial conference and below, the Court grants in part and denies in part both motions.

The Federal Rules of Evidence "contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence." *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009). Relevant evidence—evidence that has a tendency to make the existence of any fact of consequence more or less probable—is admissible. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Even if evidence is relevant, it may be excluded if, on balance, its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

FNF's motion to exclude evidence of other traffic backups and accidents (Doc. 271) is granted in part and denied in part. The Court grants the motion in part and excludes the June 26,

1

2021, diary written after the crash at issue as irrelevant and prejudicial under Rule 403. The Court also excludes any other traffic diary that does not specifically reference traffic congestion, traffic accidents, and vehicle backups, as those diaries are also irrelevant and prejudicial under Rule 403. The motion is denied in all other respects.

The Court likewise grants in part and denies in part FNF's motion to exclude adverse personnel actions taken against Delbert Shirley. Doc. 270. The Court grants the motion in part and excludes evidence concerning (1) Mr. Shirley's alleged misuse of a company gas card and (2) adverse employment actions against Mr. Shirley that occurred after the crash at issue, as such evidence is irrelevant and prejudicial under Rule 403. The motion is denied in all other respects.

IT IS SO ORDERED.

/s/Kenneth J.Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.